MATTHEW C. LOVELL (SBN: 189728)
mlovell@nicolaidesllp.com
LAURA H. SMITH (SBN: 136117)
lsmith@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 745-3770
Facsimile: (415) 745-3771

DANIEL I. GRAHAM, JR. (Appearance *Pro Hac Vice*)
dgraham@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
10 S. Wacker, 21st Floor
Chicago, IL 60606
Telephone: (312) 585-1400
Facsimile: (312) 585-1401

Attorneys for Defendant NATIONAL UNION
FIRE INSURANCE COMPANY OF
PITTSBURGH, PA, a Pennsylvania Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| YAHOO! INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br>Defendant. | Case No. 5:17-CV-00489-EJD<br><br>**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S SEPARATE STATEMENT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>**<u>Accompanying Documents</u>**:<br>Notice of Motion and Motion; Memorandum; Request for Judicial Notice; Declaration of Matthew C. Lovell<br><br>Date: Thursday, March 15, 2018<br>Time: 9:00 a.m.<br>Dept.: 4<br>Judge: Hon. Edward J. Davila |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Per Rule 56(c) of the Federal Rules of Civil Procedure and Section IV.B of the Standing Order for Civil Cases of the Honorable Edward J. Davila, defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") submits this Separate Statement in support of its motion for summary judgment, filed concurrently.

| **Claim/Defense** | **Moving Party's Undisputed Facts Supporting Evidence** | **Opposing Party's Response/Evidence** |
|---|---|---|
| **Facts Common to All Issues:** | | |
| | 1. National Union issued four consecutive commercial general liability insurance policies: No. 7219084 (the "2008 Policy"); No. 0912484 (the "2009 Policy"); No. 2264725 (the "2010 Policy"); and No. 3481861 (the "2011 Policy") (collectively, the "Policies").<br><br>Compl., ECF 1, ¶ 17; National Union's Certified Policies, attached as Exs. 1-4 to the Declaration of Matthew C. Lovell, filed concurrently ("Lovell Decl.").[1] | |
| | 2. The Policies have limits of liability of $1 million per occurrence and contain the following language regarding National Union's agreement to provide Yahoo a defense against potentially covered lawsuits:<br><br>Coverage B Personal and Advertising Injury Liability<br><br>1. Insuring Agreement<br><br>a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this | |

[1] Unless specified otherwise, all Exhibits are attached to the Declaration of Matthew C. Lovell.

| Claim/Defense | Moving Party's Undisputed Facts Supporting Evidence | Opposing Party's Response/Evidence |
|---|---|---|
| | insurance does not apply.<br><br>Exs. 1-4 at NUFIC_POL_0013; 0089; 0182; and 0272[2] Section 1, Coverage B, 1. Insuring Agreement. | |
| | 3. The Payment Agreement between Yahoo and National Union provides as follows:<br><br>"You [Yahoo] have agreed to the following:<br><br>• "to pay [National Union] all Your Payment Obligation and to perform all Your other obligations according to this Agreement and Schedule for all entities covered by the Policies";<br><br>• to provide us with collateral according to this Agreement and Schedule;"<br><br>Payment Agreement for Insurance and Risk Management Services between National Union and Yahoo, effective May 31, 2008 (Payment Agreement), Ex. 5, at NUFIC_1059. | |
| | 4. The Payment Agreement defines "Your Payment Obligation" as follows:<br><br>"Your Payment Obligation" means the amounts that you must pay us for the insurance and services in accordance with the terms of the Policies, this Agreement, and any similar primary casualty insurance policies and agreements with us incurred before the inception date hereof. Such amounts shall include, but are not limited to, any of the following, including any portions thereof not yet due and payable:<br><br>• the premiums and premium surcharges;<br><br>• Deductible Loss Reimbursements;<br><br>• any amount that we may have paid on Your behalf because of any occurrence, accident, offense, claim or suit with | |

[2] All citations to the National Union Policies in Exhibits 1-4 have the Bates prefix "NUFIC_POL_000 …". In the interest of brevity, in this Statement, we omit the citation of the full Bates prefix from the policy citations.

| Claim/Defense | Moving Party's Undisputed Facts Supporting Evidence | Opposing Party's Response/Evidence |
|---|---|---|
| | respect to which you are a self-insurer,<br>• any other fees, charges, or obligations as shown in the Schedule or as may arise as You and we may agree from time to time.<br><br>Ex. 5 (Payment Agreement), at NUFIC_1060. | |
| | 5. A "Deductible Endorsement" included in the 2009 and later policies states in part:<br><br>I. Payment and Deductible Conditions<br><br>A. We will pay all sums that we become obligated to pay up to our Limit of Insurance under the policy to which this insurance applies. Our Limit of Insurance includes, and shall not apply in addition to, any sum that you must reimburse us for damages … we have paid.<br><br>B. You must reimburse us up to the Deductible Limit(s) shown in the Schedule for any amounts we have paid as damages ….<br><br>C. In addition, you must reimburse us for all "Allocated Loss Adjustment Expense" we pay as Supplementary Payments, according to the election indicated by an "X" below. …<br><br>[ ] i. All "Allocated Loss Adjustment Expense" up to the deductible limit.<br><br>[x] ii. All "Allocated Loss Adjustment Expense."<br><br>[ ] iii. A part of "Allocated Loss Adjustment Expense." …<br><br>[ ] iv. No "Allocated Loss Adjustment Expense."<br><br>Exs. 2-4 at NUFIC_POL_0154; 0255; and 0347. | |

| Claim/Defense | Moving Party's Undisputed Facts Supporting Evidence | Opposing Party's Response/Evidence |
|---|---|---|
| | 6. The Deductible Endorsement in the 2009 and later policies defines "Allocated Loss Adjustment Expense" ("ALAE") as follows:<br><br>all fees for service of process and court costs and court expenses; pre- and post-judgement interest; attorneys' fees; cost of undercover operative and detective services; costs of employing experts; costs for legal transcripts, copies of any public records, and costs of depositions and court-reported or recorded statements; costs and expenses of subrogation; and any similar fee, cost or expense reasonably chargeable to the investigation, negotiation, settlement or defense of a loss or a claim or suit against you, or to the protection and perfection of your or our subrogation rights.<br><br>Exs. 2-4 at NUFIC_POL_0156; 0257; and 0349. | |
| | 7. The Policies' "Supplementary Payments" provisions state as follows:<br><br>"We will pay, with respect to any claim we investigate or settle, or any 'suit' against an insured we defend: a. All expenses we incur…. e. All court costs taxed against the insured in the 'suit'. However these payments do not include attorneys' fees or attorneys' expenses taxed against the insured."<br><br>Exs. 1-4 at NUFIC_POL_0019; 0095; 0188; and 0278. | |
| | 8. The Policies' Commercial General Liability ("CGL") Coverage Form defines "personal and advertising injury" as follows:<br><br>"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:<br><br>a. False arrest, detention or imprisonment; | |

| Claim/Defense | Moving Party's Undisputed Facts Supporting Evidence | Opposing Party's Response/Evidence |
|---|---|---|
| | b. Malicious prosecution;<br>c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;<br>d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;<br>e. Oral or written publication, in any manner, of material that violates a person's right of privacy;<br>f. The use of another's advertising idea in your "advertisement"; or<br>g. Infringing upon another's copyright, trade dress or slogan in your ""advertisement"'.<br><br>Exs. 1-4 at NUFIC_POL_0025; 0101; 0194; and 0284. | |
| | 9. In 2008-2011, Yahoo negotiated and obtained a manuscript "Coverage B – Personal Injury" endorsement (the "Personal Injury Endorsement"), which provides:<br><br>"In Section I, Coverage B Personal and Advertising Injury Liability is hereby deleted in its entirety and replaced with the following:<br>Coverage B Personal Injury Liability<br><br>1. Insuring Agreement<br>a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal injury" | |

| Claim/Defense | Moving Party's Undisputed Facts Supporting Evidence | Opposing Party's Response/Evidence |
|---|---|---|
| | to which this insurance does not apply.<br><br>Exs. 1-4 at NUFIC_POL_0073; 0147; 0249; and 0369. (Personal Injury Endorsement). | |
| | 10. The PI Endorsement's definition of "personal injury" includes the Privacy Offense, as follows:<br><br>III. For the purposes of this endorsement, Section V – Definitions is amended as follows:<br><br>a. The definition of "personal and advertising injury" is deleted in its entirety and replaced by the following:<br><br>"personal injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:<br><br>a. False arrest, detention, or imprisonment<br><br>b. Malicious prosecution;<br><br>c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;<br><br>d. Oral or written publication, in any manner, of materials that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or<br><br>e. Oral or written publication, in any manner, of material that violates a person's right of privacy.<br><br>Exs. 1-4 at NUFIC_POL_0073; 0147; 0249; and 0369 (Personal Injury Endorsement). | |
| | 11. The Personal Injury Endorsement deletes all the exclusions in Coverage B and replaces them with new exclusions that differ in certain respects from those in the CGL Coverage Form. The Personal Injury Endorsement, in particular, retains the substance of Exclusion d in the original CGL Coverage Form ("the Criminal Acts Exclusion") ("This insurance | |

| Claim/Defense | Moving Party's Undisputed Facts Supporting Evidence | Opposing Party's Response/Evidence |
|---|---|---|
| | does not apply to: … d. Criminal Acts, [¶] "Personal injury" arising out of a criminal act committed by or at the direction of the insured.")), but the Personal Injury Endorsement does not include Exclusion j. in the original CGL Coverage Form, which provided in relevant part as follows:<br><br>j. Insureds in Media and Internet Type Businesses<br><br>"Personal and advertising Injury" committed by an insured whose business is:<br><br>(1) Advertising, broadcasting, publishing or telecasting;<br><br>(2) Designing or determining content of websites for others; or<br><br>(3) An Internet search, access, content or service provider.<br><br>Exs. 1-4, at NUFIC_POL_0018, 0074; 0094, 0148; 0187, 0250; and 0277, 0370. | |
| **There Is No Genuine Issue to Be Tried as to Yahoo's First Cause of Action – "Breach of Contract (Duty to Defend)."** | | |
| 1. National Union had no duty to defend the *Sutton* or *Penkava* Lawsuits. | 12. On August 7, 2012, Yahoo provided first notice to National Union of the *Sutton* lawsuit (*Sutton, et al. v. Yahoo! Inc*., Marin County (Cal.) Super. Ct. Case No. CIV 1202973) and the *Penkava* lawsuit (*Penkava v. Yahoo! Inc*., U.S.D.C., N.D. Cal., Case No. 12-cv-03414).<br><br>Aug. 7, 2012 Ltrs. from Wells Fargo Insurance Services on behalf of Yahoo to Chartis Insurance Co. on behalf of National Union, with Not. of Claim, Exs. 6 and 7. | |
| 1. National Union had no duty to defend the *Sutton* or *Penkava* lawsuits. | 13. The *Sutton* lawsuit, filed June 28, 2012, contained the following allegations:<br><br>"**1.** This class action seeks injunctive relief and statutory damages against Yahoo for its unlawful, and wrongful wiretapping or … eavesdropping in violation of California's Invasion of Privacy Act ("CIPA"), Cal. Penal | |

| **Claim/Defense** | **Moving Party's Undisputed Facts Supporting Evidence** | **Opposing Party's Response/Evidence** |
|---|---|---|
| | Code § 630, *et seq*. … **3**. … Yahoo intentionally and as part of a common practice, intercepts e-mails sent by individual non-Yahoo subscribers … before their intended delivery to private individual Yahoo subscribers, through the application of devices and techniques to review those e-mails for their words, content and thought processes. … The invasion of privacy by wiretapping or … eavesdropping, caused by Yahoo's continual and pervasive use of such devices and techniques seriously threatens the free exercise of personal liberties … **30**. The prosecution of this class action is vital … to stop Yahoo's unlawful and repugnant practice of reviewing and reading people's e-mail without their consent and/or knowledge … **32.** Cal. Pen. Code § 631 makes it illegal … to engage in wiretapping of e-mail … . Yahoo has and continues to violate Cal. Pen. Code § 631.<br><br>*Sutton* Compl., Ex. 1 to National Union's Req. for Jud. Not. ("RJN") filed concurrently, at ¶¶ 1, 3, 30, and 32. | |
| 1. National Union had no duty to defend the *Sutton* or *Penkava* lawsuits. | 14. The *Penkava* lawsuit, filed on June 29, 2012, contained the following allegations:<br><br>**1.** This class action seeks injunctive relief and statutory damages against Yahoo for its unlawful, and wrongful wiretapping or … eavesdropping in violation of … CIPA, Cal. Penal Code § 630, *et seq*. … **3.** … Yahoo intentionally and as part of a common practice, intercepts e-mails sent by individual non-Yahoo subscribers … accounts before their intended delivery to private individual Yahoo subscribers, through the application of devices and techniques to review those e-mails for their words, content and thought processes. … The invasion of privacy by wiretapping or … eavesdropping, caused by Yahoo's continual and pervasive use of such devices and techniques seriously threatens the free exercise of personal liberties … **30**. The prosecution of this class action is vital … to stop Yahoo's | |

| **Claim/Defense** | **Moving Party's Undisputed Facts Supporting Evidence** | **Opposing Party's Response/Evidence** |
|---|---|---|
| | unlawful and repugnant practice of reviewing and reading people's e-mail without their consent and/or knowledge … **31**. … Yahoo's activities … are unlawful and constitute criminal activity in California[.]" … **33.** Cal. Pen. Code § 631 makes it illegal … to engage in wiretapping of e-mail … . Yahoo has and continues to violate Cal. Pen. Code § 631.<br><br>*Penkava* Compl., RJN Ex. 2, at ¶¶ 1, 3, 30, 31, and 33. | |
| 1. National Union had no duty to defend the *Sutton* or *Penkava* lawsuits. | 15. National Union declined Yahoo's tenders of *Sutton* and *Penkava* on September 26, 2012 on the grounds, among other things, that:<br><br>"The Underlying Actions do not allege any 'personal injury' or 'personal and advertising injury.' There are no allegations that Yahoo! published or made known to any third party any of the allegedly unlawful material that Yahoo! intercepted from the individual non-Yahoo subscribers. On the contrary, the Underlying Actions allege only that Yahoo! intercepted and reviewed emails for their words, content, and thought processes without the plaintiff non-Yahoo! subscribers' permission. Therefore, the Underlying Actions do not fall within the insuring agreement of the Policies because they do not allege any publication of material that violates a person's right of privacy." National Union also declined on the basis that "the Criminal Acts exclusion bars coverage for [the *Sutton* and *Penkava* lawsuits]."<br><br>Sept. 26, 2012 Ltr. from Chartis Claims Inc. on behalf of National Union to Yahoo, Ex. 8, at pp. 4, 5. | |
| 1. National Union had no duty to defend the *Sutton* or *Penkava* lawsuits. | 16. The underlying plaintiffs dismissed the *Sutton* and *Penkava* lawsuits on January 22, 2013 and November 30, 2012, respectively.<br><br>*Sutton* docket showing dismissal, RJN Ex. 3; *Penkava* Not. of Voluntary Dismissal, RJN Ex. 4; Compl., ECF 1, ¶ 9. | |

| **Claim/Defense** | **Moving Party's Undisputed Facts Supporting Evidence** | **Opposing Party's Response/Evidence** |
|---|---|---|
| 2. National Union did not breach any duty to defend Yahoo in the *Holland* lawsuit or *In Re Yahoo Mail Litigation*, and can enforce its reimbursement rights. | 17. On November 15, 2013, Yahoo tendered to National Union the *Holland* lawsuit (*Holland v. Yahoo! Inc*., U.S.D.C., N.D. Cal., Case No. 13-cv-4980), seeking coverage under the 2011 Policy and a later policy no longer at issue in this lawsuit.<br><br>Nov. 15, 2013 E-mail from ABD Insurance & Financial Services on behalf of Yahoo to National Union, Ex. 9; Order Granting Stip. to Amend Compl., ECF No. 44 (Dec. 20, 2017) (deleting 2012 policy from definition of "National Union Policies"). | |
| 2. National Union did not breach any duty to defend Yahoo in the *Holland* lawsuit or *In Re Yahoo Mail Litigation*, and can enforce its reimbursement rights. | 18. The *Holland* plaintiffs alleged Yahoo violated CIPA and the Electronic Communications Privacy Act as follows:<br><br>"By scanning, analyzing, indexing, reading, learning, storing or otherwise using Plaintiffs' e-mail communications in intentionally and without Plaintiffs' consent, as set forth above, Yahoo has violated and continues to violate California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 630, et seq. Yahoo admits to using the information it unlawfully acquires for marketing purposes, including but not limited to, selling targeted advertising to its subscribers."<br><br>*Holland* Compl., RJN Ex. 5, at ¶ 30. | |
| 2. National Union did not breach any duty to defend Yahoo in the *Holland* lawsuit or *In Re Yahoo Mail Litigation*, and can enforce its reimbursement rights. | 19. National Union declined Yahoo's tender on January 15, 2014, citing, among other matters, the lack of an alleged publication to trigger the Privacy Offense, Exclusion j, and other policy terms and exclusions.<br><br>Jan. 15, 2014 Ltr. from AIG Claims, Inc. on behalf of National Union to Yahoo, Ex. 10, at 4. | |
| 2. National Union did not breach any duty to defend | 20. In its January 15, 2014 letter, National Union invited Yahoo to provide "as soon as possible" any additional information that | |

| **Claim/Defense** | **Moving Party's Undisputed Facts Supporting Evidence** | **Opposing Party's Response/Evidence** |
| --- | --- | --- |
| Yahoo in the *Holland* lawsuit or *In Re Yahoo Mail Litigation*, and can enforce its reimbursement rights. | Yahoo felt would cause National Union to review its coverage position or assist National Union in its investigation:<br><br>"After you have reviewed the letter, if there is additional information you would like me to consider please forward me same. Also, if you have any questions about the letter, please contact me."<br><br>***<br><br>"The Company will withdraw these defenses if further information or the disclosure of additional facts reveal possible inapplicability of these policies' provisions. In this regard, should you have any additional information that you feel would cause us to review our position, or would assist us in our investigation or determination, please advise me as soon as possible."<br><br>Jan. 15, 2014 Ltr. from National Union to Yahoo, Ex. 10, at 1, 5. | |
| 2. National Union did not breach any duty to defend Yahoo in the *Holland* lawsuit or *In Re Yahoo Mail Litigation*, and can enforce its reimbursement rights. | 21. On January 22, 2014, pursuant to stipulation, the *Holland* lawsuit was consolidated with several other lawsuits based on similar allegations into a lawsuit entitled *In Re Yahoo Mail Litigation*. A Consolidated Class Action Complaint was filed on February 12, 2014; an Amended Consolidated Class Action Complaint was filed June 9, 2015.<br><br>Stipulation and Order Consolidating Related Actions (Jan. 22, 2014), RJN Ex. 6 at ¶ 1; *In re Yahoo Mail Litigation* Consol. Class. Action Compl. (Feb. 12, 2014), RJN Ex. 7; Am. Consol. Class Action Compl. (June 9, 2015), RJN Ex. 8. | |
| 2. National Union did not breach any duty to defend Yahoo in the *Holland* lawsuit or *In Re Yahoo Mail Litigation*, | 22. On November 20, 2015, Yahoo provided notice to National Union of *In re Yahoo Mail Litigation* and requested that National Union reconsider its disclaimer of coverage for the *Holland* lawsuit based on allegations in the amended Consolidated Class Action Complaint. Among other things, Yahoo also | |

| Claim/Defense | Moving Party's Undisputed Facts Supporting Evidence | Opposing Party's Response/Evidence |
|---|---|---|
| and can enforce its reimbursement rights. | advised that it believed National Union's coverage denial was erroneous because Yahoo believed the Policies included the Personal Injury Endorsement, which removed Exclusion j. The letter did not attach copies of the pleadings in the *In Re Yahoo Mail Litigation* or the Endorsement referenced in Yahoo's correspondence.<br><br>Nov. 20, 2015 Ltr. from Yahoo's counsel to AIG Claims, Inc. on behalf of National Union, Ex. 11, at 1, 6. | |
| 2. National Union did not breach any duty to defend Yahoo in the *Holland* lawsuit or *In Re Yahoo Mail Litigation*, and can enforce its reimbursement rights. | 23. National Union retracted its previous disclaimer of coverage on February 16, 2016 and agreed to defend Yahoo in *In re Yahoo Mail Litigation* under the 2011 Policy under a reservation of rights, and advised that National Union's reservations created a conflict of interest which entitled Yahoo to designate independent counsel to defend it.<br><br>Feb. 16, 2016. Ltr. from AIG Claims, Inc. on behalf of National Union to Yahoo's counsel, Ex. 12. | |
| **There Is No Genuine Issue to Be Tried as to Yahoo's Second Cause of Action – "Breach of Contract (Duty to Indemnify)."** | | |
| 3. National Union does not owe any duty to indemnify the settlement of *In Re Yahoo Mail Litigation*, which did not involve an award of damages against Yahoo. | 24. Yahoo filed a motion for preliminary approval of a class action settlement in *In re Yahoo Mail Litigation* on January 7, 2016. In that motion, Yahoo acknowledged that "plaintiffs chose to pursue only injunctive and declaratory relief …"<br><br>*In Re Yahoo Mail Litig.* Mot. for Prelim. Approv. of Class Action Settlmt., RJN Ex. 9 at § C, para. 1. | |
| 3. National Union does not owe any duty to indemnify the settlement of *In Re Yahoo Mail Litigation*, which did not involve an | 25. On January 27, 2016, Yahoo advised National Union it had reached a preliminary settlement of the Consolidated Class Action.<br><br>Jan. 27, 2016 E-mail from Yahoo's counsel to AIG Claims, Inc. on behalf of National Union, Ex. 13. | |

| **Claim/Defense** | **Moving Party's Undisputed Facts Supporting Evidence** | **Opposing Party's Response/Evidence** |
|---|---|---|
| award of damages against Yahoo. | | |
| 3. National Union does not owe any duty to indemnify the settlement of *In Re Yahoo Mail Litigation*, which did not involve an award of damages against Yahoo. | 26. On March 10, 2016, National Union declined Yahoo's request to indemnify Yahoo for the settlement of the *In re Yahoo Mail Litigation*. National Union reiterated that the 2011 Policy only provides indemnity for covered damages and, as the motion for preliminary approval revealed, the settlement involved injunctive relief, attorneys' fees, and service awards, which are not damages. National Union reiterated requests for information that Yahoo had not provided, and advised that any payments National Union was required to make in connection with Yahoo's defense costs were subject to reimbursement under the Deductible Endorsement.<br><br>March 10, 2016 Ltr. from National Union's counsel to Yahoo's counsel, Ex. 14 at 3. | |
| 3. National Union does not owe any duty to indemnify the settlement of *In Re Yahoo Mail Litigation*, which did not involve an award of damages against Yahoo. | 27. On March 15, 2016, the court in *In re Yahoo Mail Litigation* issued an Order Granting Motion for Preliminary Approval of Class Action Settlement ("Approval Order").<br><br>The Approval Order stated in part: "[O]nly Plaintiffs' claims under § 2702(a)(1) of the Stored Communications Act ("SCA") and under § 631 of the California Information Privacy Act ("CIPA") survived Yahoo's motion to dismiss."<br><br>The court further stated that the "thrust of Plaintiffs' SCA and CIPA claims is that 'Yahoo intercepts and scans … incoming [and outgoing] emails for content *during transit and before placing the emails into storage*.'"<br><br>The Approval Order also provided that upon completion of the settlement, Yahoo would make "technical changes to its email architecture" and "only analyze emails for content when these emails are no longer in transit and after these emails reach a Yahoo | |

| **Claim/Defense** | **Moving Party's Undisputed Facts Supporting Evidence** | **Opposing Party's Response/Evidence** |
|---|---|---|
| | Mail user's inbox or outbox."<br><br>*In Re Yahoo Mail Litig.* Order Granting Mot. re Prelim. Approv. of Class Action Settlmt. ("Approval Order"), RJN Ex. 10 at ¶ 8, ¶ 6 (emphasis in Approval Order). | |
| 3. National Union does not owe any duty to indemnify the settlement of *In Re Yahoo Mail Litigation*, which did not involve an award of damages against Yahoo. | 28. In the Approval Order, the *In re Yahoo Mail Litigation* court stated:<br><br>"The Court certified [the plaintiff subclasses] under Federal Rule of Civil Procedure 23(b)(2). [Rule] 23(b)(2) provides that class certification is appropriate where 'the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.' Fed. R. Civ. P. 23(b)(2). … Rule 23(b)(2) 'does not authorize class certification when each class member would be entitled to an individualized award of monetary damages.' … Thus, as a general matter, class members cannot recover monetary damages under a Rule 23(b)(2) class."<br><br>*In Re Yahoo Mail Litig.* Approval Order, RJN Ex. 10 at ¶ 9 (citations omitted). | |
| 3. National Union does not owe any duty to indemnify the settlement of *In Re Yahoo Mail Litigation*, which did not involve an award of damages against Yahoo. | 29. The *In re Yahoo Mail Litigation* court granted preliminary approval as follows:<br><br>"The Court bases these preliminary findings on the nature of the claims, which would have only allowed the Class to obtain injunctive relief and not monetary damages; … and the submissions made by the Parties. The court notes that the Settlement Agreement does not release any claims for monetary damages against Yahoo. Class Members may therefore still seek monetary damages against Yahoo, even if this Settlement is approved."<br><br>*In Re Yahoo Mail Litig.* Approval Order, RJN Ex. 10 at ¶ 5. | |

| Claim/Defense | Moving Party's Undisputed Facts Supporting Evidence | Opposing Party's Response/Evidence |
|---|---|---|
| 3. National Union does not owe any duty to indemnify the settlement of *In Re Yahoo Mail Litigation*, which did not involve an award of damages against Yahoo. | 30. Plaintiffs in *In Re Yahoo Mail Litigation* filed a Motion for Attorneys' Fees and Costs and Lead Plaintiff Service Awards on May 31, 2016, seeking approval of a negotiated $4 million award for alleged fees and costs and $5,000 "service awards" for each of the four class representatives for their participation in the case by producing emails, responding to interrogatories, and testifying at depositions. The court granted this motion and judgment was entered on August 25, 2016.<br><br>*In Re Yahoo Mail Litig.*, Plfs.' Mot. for Atty. Fees and Costs., RJN Ex. 11 at ¶ 5; Order Granting Mot. re Final Approv. of Settlm't and Attys' Fees and Class Rep. Service Awards (and directing entry of judgment), RJN Ex. 12, at 21:5-8. | |
| **There Is No Genuine Issue to Be Tried as to Yahoo's Third Cause of Action – "Breach of the Covenant of Good Faith and Fair Dealing."** | | |
| 4. National Union satisfied its duty of good faith and fair dealing, where National Union did not breach any duties owed to Yahoo, and acted reasonably in evaluating Yahoo's claim for coverage | As to the absence of any breach of duties owed to Yahoo and the reasonableness of National Union's evaluation of Yahoo's claims for coverage, National Union incorporates by reference all the facts set forth in SSF 1-30, above.<br><br>As to the reasonableness of National Union's evaluation of Yahoo's claims for coverage, National Union specifically refers the Court to SSF 12, 15, 17, 19, 20, 22, 23, 25, and 26. | |

Dated: January 4, 2018

NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP

By: */s/ Daniel I. Graham, Jr.*
Daniel I. Graham, Jr.
Matthew C. Lovell
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa, a Pennsylvania Corporation