KILPATRICK TOWNSEND & STOCKTON LLP
WILLIAM T. UM (State Bar No. 166536)
WUm@kilpatricktownsend.com
HEATHER W. HABES (State Bar No. 281542)
HHabes@kilpatricktownsend.com
9720 Wilshire Blvd PH
Beverly Hills, CA  90212-2018
Telephone:    310-248-3830
Facsimile:      310-860-0363

Attorneys for Plaintiff
YAHOO! INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YAHOO! INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>Defendant. | CASE NO.:  5:17-cv-00489-EJD<br>Hon. Edward J. Davila, Courtroom 4<br><br>**YAHOO! INC.'S SEPARATE STATEMENT IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Date:     Thursday, March 15, 2018<br>Time:    9:00 a.m.<br>Dept.:    4<br>Judge:   Hon. Edward J. Davila<br><br>Date Complaint Filed:  1/31/2017 |

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure and Section IV.B of the Standing Order for Civil Cases of the Honorable Edward J. Davila, Plaintiff Yahoo! Inc. ("Yahoo") submits this Separate Statement of Material Facts in support of its concurrently filed cross-motion for summary judgment.

| Claim/Defense | Moving Party's Undisputed Facts Supporting Evidence | Opposing Party's Response/Evidence |
|---|---|---|
| **Facts Common to All Issues:** | | |
| | 1. The standard form "COVERAGE B PERSONAL AND ADVERTISING INJURY" is subject to several exclusions, including the following:<br><br>• 2(a) "Knowing Violation of Rights of Another";<br><br>• 2(c) "Material Published Prior to Policy Period";<br><br>• 2(d) "Criminal Acts";<br><br>• 2(j) "Insureds In Media And Internet Type Businesses";<br><br>• 2(k) "Electronic Chatrooms Or Bulletin Boards."<br><br>Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union")'s Certified Policies, attached as Exs. 1-4 to the Declaration of Matthew C. Lovell in support of National Union's Motion for Summary Judgment (Dkt. 45-1) ("Lovell Decl."), Ex. 1 at NUFIC_POL_0017-18, Ex. 2 at NUFIC_POL_0093-94, Ex. 3 at NUFIC_POL_0186-87, Ex. 4 at NUFIC_POL_0276-77. | |
| | 2. The Personal Injury Endorsement removes and does not replace Exclusions 2(j) "Insureds In Media And Internet Type Businesses" or Exclusion 2(p) for "Distribution of Material in Violation of Statutes."<br><br>National Union's Certified Policies, Lovell Decl., Ex. 1 at NUFIC_POL_0018 & 0074, Ex. 2 at NUFIC_POL_0094 & 0148; Ex. 3 at NUFIC_POL_0187 & 0250; Ex. 4 at NUFIC_POL_0277 & 0370. | |
| **There Is No Genuine Issue to Be Tried as to Yahoo's First Cause of Action – "Breach of** | | |

| Claim/Defense | Moving Party's Undisputed Facts Supporting Evidence | Opposing Party's Response/Evidence |
|---|---|---|
| **Contract (Duty to Defend)."** | | |
| **1. The *Sutton* and *Penkava* Complaints alleged claims that were potentially covered by the Policies.** | Yahoo incorporates the following facts from National Union's Separate Statement of Material Facts: National Union Material Fact ("NUMF") ##1-2, 5-14. | |
| | 3.  *Sutton & Williams v. Yahoo! Inc.*, Super. Ct. Cal., Marin County, Case No. CIV1202973 ("*Sutton*") filed on June 29, 2012, and *Penkava v. Yahoo! Inc.,* United States District Court for the Northern District of California, Case No. 12-cv-03414 ("*Penkava*") filed on June 28, 2012 were filed by the same counsel.<br><br>*Sutton* complaint, Ex. 1 to National Union's Request for Judicial Notice (Dkt. 46-1) ("NURJN") and *Penkava* complaint, NURJN, Ex. 2. | |
| | 4.   *Sutton* was filed in state court and *Penkava* was filed in federal court, but given the identical representation, and similar claims, Yahoo understood these lawsuits to be effectively the same claim.<br><br>Declaration of Daniel C. Tepstein in support of Yahoo's Opposition/Cross-Motion for Summary Judgment ("Tepstein Decl.") at ¶ 2. | |
| | 5.   *Sutton* and *Penkava* specifically alleged that Yahoo "wiretapped or, in the alternative, eavesdropped upon and/or recorded the e-mails of Plaintiff and the Class … without the consent of all parties to the confidential e-mail communication."<br><br>*Sutton* complaint, NURJN, Ex. 1 at ¶ 33; *Penkava* complaint, NURJN, Ex. 2 at ¶ 35. | |
| | 6.  *Penkava* alleged that "Yahoo profited as a result of its repeated and pervasive violation of CIPA [California's Violation of Privacy Act]." | |

| Claim/Defense | Moving Party's Undisputed Facts Supporting Evidence | Opposing Party's Response/Evidence |
|---|---|---|
| | *Penkava* complaint, NURJN, Ex. 2 at ¶ 14. | |
| | 7. The *Penkava* first amended complaint alleged that Yahoo was obtaining a financial benefit as a result of its alleged disclosures of private information:<br><br>    Yahoo! derives a financial windfall from the reading of, attempts to read, learning of the content or meaning of, eavesdropping upon, and recording of communications Plaintiff sent to Yahoo! Mail users ….<br><br>*Penkava* first amended complaint attached as Ex. 1 to Yahoo's Request for Judicial Notice. | |
| **2. The *Holland* Complaint alleged claims that were potentially covered by the Policies.** | Yahoo incorporates the following facts from National Union's Separate Statement of Material Facts: NUMF ##1-2, 5-11, 17-18. | |
| | 8. Among other things, *Holland* alleged that Yahoo's practices purportedly encroached "on consumers' privacy rights by monitoring and recording confidential communications without making adequate disclosure of its conduct so that consumers are even aware that their rights are being violated."<br><br>*Holland* complaint, NURJN, Ex. 5 at ¶ 1. | |
| | 9. *Holland* also alleged that under Yahoo's Privacy Policy, Yahoo states that it "collects and shares information with its 'trusted partners' in order to 'customize the advertising and content [users] see.'"<br><br>*Holland* complaint, NURJN, Ex. 5 at ¶ 13. | |
| | 10. The *In re Yahoo Mail Litigation* complaint included the same claims from *Holland* that Yahoo allegedly "collects | |

5:17-CV-00489-EJD                                      4
YAHOO'S SEPARATE STATEMENT IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT

| Claim/Defense | Moving Party's Undisputed Facts Supporting Evidence | Opposing Party's Response/Evidence |
|---|---|---|
| | from the emails to create user profiles of the parties to the email that enhance Yahoo's ability to target advertising." And Yahoo "provides some of the information it collects from its users' incoming and outgoing email to unidentified 'trusted partners' and other third parties for advertising purposes."<br><br>*In re Yahoo Mail Litigation* complaint, NURJN, Ex. 7 at ¶ 27. | |
| | 11. National Union admits in its responses to Yahoo's Requests for Admission, Set One, that the original *Holland* complaint was potentially covered by the 2011 policy.<br><br>Yahoo's Request for Admission No. 4 and National Union's Response, Declaration of William Um ("Um Decl."), Exs. 5 & 6, | |
| 3. **National Union failed to defend Yahoo against the claims in *Sutton* and *Penkava*.** | Yahoo incorporates the following facts from National Union's Separate Statement of Material Facts: NUMF ##1-2, 5-11, 15-16. | |
| | 12. In denying coverage for *Sutton* and *Penkava*, National Union explained that even if the claims fell within coverage, there were several exclusions that could preclude coverage including 2(j) "Insureds In Media And Internet Type Businesses" (which National Union misrepresented as "Insureds Engaging In Media And Internet Type Activities") and "Violation of Statutes in Connection with Sending, Transmitting, or Communicating any Material or Information." Both these exclusions, however, were deleted from the Policies by the Personal Injury Endorsement.<br><br>Sept. 26, 2012 Ltr. from Chartis Claims Inc. on behalf of National Union to Yahoo, Lovell Decl., Ex. 8 at p. 4-5; Certified Copies of National Union Policies, Lovell Decl., Ex. 1 at NUFIC_POL_0018 & 0074, | |

| Claim/Defense | Moving Party's Undisputed Facts Supporting Evidence | Opposing Party's Response/Evidence |
|---|---|---|
| | Ex. 2 at NUFIC_POL_0094 & 0148; Ex. 3 at NUFIC_POL_0187 & 0250; Ex. 4 at NUFIC_POL_0277 & 0370. | |
| | 13. Because National Union refused to defend the claims in *Sutton* and *Penkava*, Yahoo engaged and paid defense counsel.<br><br>Tepstein Decl., ¶ 3. | |
| | 14. Following the filing of the *Sutton* and *Penkava* lawsuits, Yahoo's counsel met with plaintiffs' counsel. After that meeting, plaintiffs' counsel dismissed *Penkava* with prejudice as to plaintiffs' individual claims, but without prejudice to any potential claims of absent putative members on November 30, 2012. And plaintiffs dismissed *Sutton* without prejudice on January 22, 2013.<br><br>Tepstein Decl., ¶ 3. | |
| | 15. Just months after *Sutton* and *Penkava* were dismissed, other plaintiffs alleging similar claims in separate litigation pending in the United States District Court for the Northern District of California against Google received a favorable ruling in September 2013. Presumably because of this ruling, in October 2013, Yahoo was named as a defendant in six new lawsuits asserting substantially identical allegations involving Yahoos' email service, including *Eric Holland v. Yahoo! Inc.*, Case No. 13-cv-4980, filed in the United States District Court for the Northern District of California. The other lawsuits were filed by named plaintiffs *Kevranian*, *Zelaya*, *Nobles*, *Pincus*, and *Abrams*.<br><br>Tepstein Decl., ¶¶ 4-5. | |
| | 16. After National Union retracted its coverage denial in *Holland*, Yahoo requested that National Union similarly reconsider its position on *Sutton* and *Penkava* by letter dated April 12, 2016. | |

| Claim/Defense | Moving Party's Undisputed Facts Supporting Evidence | Opposing Party's Response/Evidence |
|---|---|---|
| | April 12, 2016 Ltr. from counsel for Yahoo to counsel for National Union, Um Decl., Ex. 3. | |
| | 17. National Union, however, maintained its denial on *Sutton* and *Penkava* (both the original and first amended complaint) on the grounds that the claims did not seek "damages because of injury arising out of an enumerated offense listed in the Policies' definition of **Personal Injury** or, in some cases, **Personal and Advertising Injury**." <br><br> May 12, 2016 Ltr. from counsel for American Home Assurance Company and National Union to counsel for Yahoo, Um Decl., Ex. 4. | |
| **4. National Union failed to defend Yahoo against the claims in *Holland*.** | Yahoo incorporates the following facts from National Union's Separate Statement of Material Facts: NUMF ##1-2, 5-11, 19-23. | |
| | 18. In denying coverage for *Holland* by letter dated January 15, 2014, National Union concluded that "[t]he Lawsuit does not allege any **personal and advertising injury**. There are no allegations that Yahoo! published or made known to any third party any of the allegedly unlawful material that Yahoo! intercepted from the individual non-Yahoo! subscribers." However, even if *Holland* could be construed as falling within coverage, National Union argued that several exclusions could apply to bar coverage in whole or in part: <br><br> • Exclusion 2(a) "Knowing Violation Of Rights Of Another"; <br><br> • Exclusion 2(c) "Material Published Prior to Policy Period"; <br><br> • Exclusion 2(d) "Criminal Acts"; <br><br> • Exclusion 2(j) "Insureds In Media | |

| Claim/Defense | Moving Party's Undisputed Facts Supporting Evidence | Opposing Party's Response/Evidence |
|---|---|---|
| | And Internet Type Businesses"; <br><br> • Exclusion 2(k) "Electronic Chatrooms or Bulletin Boards"; <br><br> • "Violation of Statutes in Connection with Sending, Transmitting, or Communicating any Material or Information." <br><br> Jan. 15, 2014 Ltr. from AIG Claims, Inc. on behalf of National Union to Yahoo, Lovell Decl., Ex. 10 at p. 3-4. | |
| | 19. National Union again referenced two exclusions in its denial of *Holland* that were deleted from the Policies by the Personal Injury Endorsement, including 2(j) "Insureds In Media And Internet Type Businesses" and "Violation of Statutes in Connection with Sending, Transmitting, or Communicating any Material or Information." <br><br> Jan. 15, 2014 Ltr. from AIG Claims, Inc. on behalf of National Union to Yahoo, Lovell Decl., Ex. 10 at p. 3-4; Certified Copies of National Union Policies, Lovell Decl. Ex. 1 at NUFIC_POL_0018 & 0074, Ex. 2 at NUFIC_POL_0094 & 0148, Ex. 3 at NUFIC_POL_0187 & 0250, and Ex. 4 at NUFIC_POL_0277 & 0370. | |
| | 20. When National Union denied coverage for *Holland* and refused to defend, Yahoo engaged the same defense counsel that had handled *Sutton* and *Penkava*. Yahoo oversaw and paid defense counsel for the two year period prior to preliminary settlement of plaintiffs' claims. <br><br> Tepstein Decl., ¶ 7. | |
| | 21. In total, Yahoo incurred $4 million to defend the litigation collectively, starting with *Penkava* and proceeding through the *In re Yahoo Mail Litigation*. <br><br> Tepstein Decl., ¶ 9. | |

| Claim/Defense | Moving Party's Undisputed Facts Supporting Evidence | Opposing Party's Response/Evidence |
|---|---|---|
| | 22. Yahoo requested that National Union reconsider its denial of coverage in *Holland* based on allegations that were in the original *Holland* complaint by letter dated November 20, 2015. In its letter, Yahoo reiterated that the original *Holland* complaint included claims that fell within National Union's broad obligation to defend lawsuits alleging "[o]ral or written publication, in any manner, of material that violates a person's right of privacy." <br><br> Nov. 20, 2015 Ltr. from Yahoo's counsel to AIG Claims, Inc. on behalf of National Union, Lovell Decl., Ex. 11 at p. 2; *Holland* Complaint, NURJN, Ex. 5 at ¶¶ 1, 13, 17-20, 30. | |
| | 23. National Union agreed to retract its prior denial of coverage and defend Yahoo in *In re Yahoo Mail Litigation* based on allegations that were included in the original *Holland* complaint. National Union stated that it "reconsidered its coverage position [and] ***retracts*** its previous disclaimer of coverage . . . and ***hereby agrees to defend*** Yahoo." <br><br> Feb. 16, 2016. Ltr. from AIG Claims, Inc. on behalf of National Union to Yahoo's counsel, Lovell Decl., Ex. 12 (emphasis added); *Holland* complaint, NURJN, Ex. 5 at ¶¶ 1, 13, 17-20, 30. | |
| | 24. In retracting its denial of coverage, National Union only agreed to defend pursuant to its 2011-12 Policy, even though there was identical language in its 2010 Policy. <br><br> Feb. 16, 2016. Ltr. from AIG Claims, Inc. on behalf of National Union to Yahoo's counsel, Lovell Decl., Ex. 12 (emphasis added); National Union's Certified Policies, Lovell Decl., Ex. 3 at NUFIC_POL_0249-52. | |

| Claim/Defense | Moving Party's Undisputed Facts Supporting Evidence | Opposing Party's Response/Evidence |
|---|---|---|
| | 25. In retracting its denial of coverage over two years after receiving notice of the claims in *Holland*, National Union sought to blame Yahoo for purportedly failing to provide information regarding the Personal Injury Endorsement and the status of *Holland* at an earlier date, even though National Union had unequivocally denied coverage, stating among other things:<br><br> As the insured seeking coverage under the policies, it is Yahoo's burden to provide National Union information supporting Yahoo's claim for coverage. Unlike National Union, Yahoo had this information easily at hand. In short, while National Union appreciates your expression of disappointment, National Union's investigation would have been expedited had Yahoo been more forthcoming with information about the Holland Lawsuit, the Consolidated Class Action, and the current status of these claims.<br><br>Feb. 16, 2016. Ltr. from AIG Claims, Inc. on behalf of National Union to Yahoo's counsel, Lovell Decl., Ex. 12. | |
| | 26. National Union also claimed in retracting its denial of coverage that the Personal Injury Endorsement had been "missing" from its copy of the 2011 Policy:<br><br> Yahoo requested that National Union reconsider its coverage position concerning the Holland Lawsuit in correspondence | |

| Claim/Defense | Moving Party's Undisputed Facts Supporting Evidence | Opposing Party's Response/Evidence |
|---|---|---|
| | dated November 20, 2015, and addressed an endorsement (Endorsement No. 4 to Commercial General Liability Policy No. 348-18-61) *that was missing* from National Union's copy of the policy. We have since confirmed the endorsement's application to the May 31, 2011 to May 31, 2012 policy year.<br><br>Feb. 16, 2016. Ltr. from AIG Claims, Inc. on behalf of National Union to Yahoo's counsel, Ex. 12 (emphasis added). | |
| | 27. National Union was able to confirm that the Personal Injury Endorsement applied to the Commercial General Liability Policy issued to Yahoo for the policy period of May 31, 2011 to May 31, 2012, and to confirm the terms of the Personal Injury Endorsement, even though Yahoo did not provide a copy of the endorsement to National Union in its November 20, 2015 letter.<br><br>Nov. 20, 2015 Ltr. from Yahoo's counsel to AIG Claims, Inc. on behalf of National Union, Lovell Decl., Ex. 11; Feb. 16, 2016. Ltr. from AIG Claims, Inc. on behalf of National Union to Yahoo's counsel, Ex. 12. | |
| **There Is No Genuine Issue to Be Tried as to Yahoo's Second Cause of Action – "Breach of Contract (Duty to Indemnify)."** | | |
| **1. Yahoo settled claims for monetary damages in *Holland* that were covered by the Policies.** | Yahoo incorporates the following facts from National Union's Separate Statement of Material Facts: NUMF ##1-2, 5-11, 24-25, 27-30. | |
| | 28. Pursuant to the terms of the proposed settlement in *In re Yahoo Mail Litigation*, Yahoo agreed to make changes to its | |

5:17-CV-00489-EJD 11
YAHOO'S SEPARATE STATEMENT IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT

| Claim/Defense | Moving Party's Undisputed Facts Supporting Evidence | Opposing Party's Response/Evidence |
|---|---|---|
| | system architecture and website, including the following change to the webpage:<br><br> Also on the Yahoo Mail webpage, add a bullet point that states, 'Yahoo may share keywords, package tracking and product identification numbers with third parties in order to enhance your user experience and provide targeted ads.' This bullet point will follow the bullet point that states, 'This information may also be used for interest-based advertising. To learn more you can visit Yahoo's control tool for interest-based advertising.'<br><br>Notice of Motion and Motion for Preliminary Approval of Class Action Settlement and Memorandum of Points and Authorities in Support, NURJN, Ex. 9 at NUFIC_000312-313. | |
| | 29.  Under the terms of the final settlement agreement approved by the court, Yahoo was required to modify its website to notify users that their information may be shared with third parties to enhance their experience and provide targeted ads.<br><br>Order Granting Motion for Final Approval of Class Action Settlement and Order Granting Motion for Attorney's Fees and Costs and Class Representative Service Awards, NURJN, Ex. 12 at p. 7. | |
| | 30. The Motion for Approval of Settlement and Attorneys' Fees expressly stated that the class representatives were resolving their claims against Yahoo for monetary damages. | |

| Claim/Defense | Moving Party's Undisputed Facts Supporting Evidence | Opposing Party's Response/Evidence |
|---|---|---|
| | *In re Yahoo Mail Litigation*, Plfs.' Mot. for Atty. Fees and Costs., NURJN, Ex. 11 at p. 1 ("[T]the settlement does not release money damage claims for any class member ***other than the four representative plaintiffs***—absent class members are free to pursue such claims without the need to opt out of the settlement.") (emphasis added); at p. 8 ("No member of the CIPA Class, ***with the exception of the Class Representative***s, hereby releases any claim for damages under California Penal Code Section 637.2(a)(1)-(2).") (emphasis added). | |
| | 31. The Class Representatives settled their claims for monetary damages through the settlement of *In re Yahoo Mail Litigation*, and were entitled to $4 million attorneys' fees and service awards approved by the Court:<br><br>    Class Members have significantly benefitted from the Class Representatives' involvement in this action. As noted above, Yahoo has agreed to (1) make changes to its email architecture, (2) publicize its practices, and (3) certify that no Class Member's data was collected and stored during Yahoo's 2013 trial of Google's AdSense program. Moreover, Class Members may continue to pursue claims for monetary damages against Google.<br><br>    Thus, considering the amount of time and effort expended by Class Representatives over this nearly three-year long litigation, and the results | |

| Claim/Defense | Moving Party's Undisputed Facts Supporting Evidence | Opposing Party's Response/Evidence |
|---|---|---|
| | achieved, it is reasonable to award each Class Representative a $5,000.00 service award. Accordingly, Class Counsel's request for a $5,000.00 service award … is GRANTED.<br><br>Order Granting Mot. re Final Approv. Of Settlm't and Attys' Fees and Class Rep. Service Awards (and directing entry of judgment), NURJN Ex. 12 at 21:5-8. | |
| **2. National Union refused to pay any amount of the settlement and denied coverage.** | Yahoo incorporates the following facts from National Union's Separate Statement of Material Facts: NUMF ##1-2, 5-11, 26. | |
| | 32. By letter dated March 21, 2016, Yahoo asked National Union to pay in full the settlement in *In re Yahoo* on the basis that the settlement constituted "damages" covered by the Policies.<br><br>Mar. 21, 2016. Ltr. from Yahoo's counsel to National Union's counsel, Um Decl., Ex. 1. | |
| | 33. National Union responded to Yahoo's March 21, 2016 letter and maintained its denial of coverage for the settlement in *In re Yahoo Mail Litigation* on the basis that the settlement was not for covered "damages" under the Policies.<br><br>Mar. 30, 2016. Ltr. from National Union's counsel to Yahoo's counsel, Um Decl., Ex. 2. | |
| **There Is No Genuine Issue to Be Tried as to Yahoo's Third Cause of Action – "Breach of the Implied Covenant of Good Faith And Fair Dealing."** |||
| 1. National Union denied its duty to defend in the Email Scanning Cases and its duty to indemnify in *In re Yahoo Mail Litigation*. | Yahoo incorporates the following facts from National Union's Separate Statement of Material Facts: NUMF ## 15, 19-23, 26. And Yahoo incorporates the following facts from its above Separate Statement of Material Facts: Yahoo Material Fact ("YMF") ## 41-51. | |

| Claim/Defense | Moving Party's Undisputed Facts Supporting Evidence | Opposing Party's Response/Evidence |
|---|---|---|
| 2. National Union denied its duties under the Policies unreasonably and in bad faith. | As to the unreasonableness and bad faith of National Union's conduct here, Yahoo incorporates by reference the following facts from Yahoo's Separate Statement of Material Facts:<br><br>a. Exhibiting a pattern and practice of relying on deleted exclusions, including the "Insureds Engaging In Media And Internet Type Activities" exclusion, in denying coverage for the underlying claims (YMF ## 12, 19);<br><br>b. Denying coverage for two years without basis when the allegations of the original *Holland* complaint tendered to National Union triggered coverage (YMF ## 8-11, 18-19, 22-27);<br><br>c. Denying any duty to defend on the claims in *Sutton* and *Penkava* that are essentially identical to the claim it agreed to defend in *Holland* without explanation or reasonable basis (YMF ##3-7, 8-11, 12-17, 22-27);<br><br>d. Trying to blame Yahoo for its own failures to investigate and defend covered claims (YMF ## 22-27). | |

I attest that the evidence cited herein fairly and accurately supports or disputes the facts as asserted.

DATED: February 6, 2018            Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By:   /s/William T. Um
      WILLIAM T. UM
      HEATHER W. HABES
      Attorneys for Plaintiff
      Yahoo! Inc.