ASIM K. DESAI (SBN: 175402)
adesai@grsm.com
STEVEN R. INOUYE (SBN: 245024)
sinouye@grsm.com
GORDON & REES, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

MATTHEW C. LOVELL (SBN: 189728)
mlovell@nicolaidesllp.com
RICHARD H. NICOLAIDES, JR. (Appearance *Pro Hac Vice*)
rnicolaides@nicolaidesllp.com
DANIEL I. GRAHAM, JR. (Appearance *Pro Hac Vice*)
dgraham@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 745-3770
Facsimile: (415) 745-3771

Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
a Pennsylvania Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| YAHOO! INC., a Delaware corporation,<br><br>Plaintiff<br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>Defendant. | Case No. 5:17-CV-00489-EJD<br><br>**NATIONAL UNION'S MOTION TO BIFURCATE THE ISSUE OF PUNITIVE DAMAGES FROM THE TRIAL ON LIABILITY AND DAMAGES**<br><br>Pretrial Conference: January 24, 2019<br>Time: 1:30 p.m.<br>Trial Date: February 5, 2019 |

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") moves this Court to bifurcate the issue of the amount of punitive damages from the trial on liability and compensatory damages, thus allowing any trial on the issue of the amount of punitive damages to proceed only if and after the jury has made a finding that National Union has committed bad faith with fraud, oppression, or malice  In support thereof, National Union submits the following:

## I. INTRODUCTION

Plaintiff Yahoo! Inc. ("Yahoo") has sued National Union alleging breach of contract and breach of the implied covenant of good faith and fair dealing in relation to three lawsuits (collectively, the "Email Scanning Lawsuits"): *Sutton, et al. v. Yahoo! Inc*., No. CIV 120s2973 (Marin Cty. Super. Ct.) ("*Sutton*"); *Penkava v. Yahoo! Inc*., No. 12-cv-03414 (U.S.D.C., N.D. Cal.) ("Penkava"); and *Holland v. Yahoo! Inc*., No. 13-cv-4980 (U.S.D.C., N.D. Cal.), consolidated into *In re Yahoo Mail Litigation*. Each of the Email Scanning Lawsuits emanated from Yahoo's alleged surreptitious scanning of non-customer emails. The issue presented here as framed by the Court's October 12, 2018 summary judgment ruling is whether National Union's claims handling with respect to the E-mail Scanning Lawsuits constitutes bad faith. Dkt. No. 78 (Order re Mot. S.J., Oct. 12, 2018) at 24. Yahoo also seeks punitive damages.

A plaintiff may ask the jury to award punitive damages only after the jury finds, by clear and convincing evidence, that the defendant's conduct constituted fraud, malice, or oppression. Cal. Civ. Code § 3294. The parties agree that the Court should bifurcate the trial on National Union's alleged liability for punitive damages from the amount of any such damages. Thus, the trial would be phased so the jury will first determine whether National Union is liable for bad faith (potentially resulting in an award of *Brandt* fees), and engaged in conduct constituting bad faith with fraud, oppression, or malice, and then second (if at all), the amount, if any, of punitive damages to be awarded.

Bifurcation ensures that the jury does not hear financial condition evidence, such as National Union's profit history, that bears on the amount of punitive damages prior to

determining liability in the first instance. Such evidence of financial condition is not only irrelevant to liability (see CACI 417), but highly prejudicial. Further, no evidence of financial condition will be necessary if the jury finds that Yahoo fails to meet its burden of proving by clear and convincing evidence that National Union acted with fraud, malice, or oppression or the Court determines not to send the punitive damages claim to the jury at all. Bifurcation would thus promote judicial economy and efficiency, while neutralizing the prejudice and confusion caused by injecting financial information into the case where such evidence has no relevance to the liability issues.

## II. BIFURCATION IS NECESSARY TO AVOID PREJUDICE TO NATIONAL UNION AND FURTHER THE ENDS OF JUSTICE.

Both federal and state law support that bifurcation is appropriate here. Federal Rule of Civil Procedure 42(b) provides in pertinent part:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

The issue of whether to bifurcate is guided by consideration of several factors: (1) whether separation of issues for trial will expedite disposition of the action; (2) whether such separation will conserve trial time and other judicial resources; (3) whether such separation will avoid prejudice; and (4) whether the issues are essentially independent of each other so that there will be no need to duplicate the presentation of significant areas of the evidence in the separated proceedings. *Green v. Baca*, 226 F.R.D. 624, 633 (C.D. Cal. 2005). To bifurcate a trial into phases, only one of Rule 42(b)'s requirements must be satisfied. *In re Paris Air Crash of March 3, 1974*, 69 F.R.D. 310, 319 (C.D. Cal 1975).

Pursuant to California Civil Code §3295(d), bifurcation is mandatory upon the request by the defendant in any trial where plaintiff claims punitive damages. This provision was enacted to protect against the prejudice which results from the premature disclosure of the defendant's financial condition when punitive damages are sought. *Torres v. Automobile Club*

*of So. Cal.*, 15 Cal. 4th 771, 777 (1997); *Notrica v. State Comp. Ins. Fund,* 70 Cal. App. 4th 911, 939 (1999) ("The purpose behind Civil Code section 3295, which allows bifurcation and preclusion of evidence of a defendant's wealth and profits during the liability phase of trial, is to minimize prejudice prior to the jury's determination of a prima facie case of liability for punitive damages"). The bifurcation of liability and punitive damages phases thus avoids the risk that defendant's financial condition might taint the jury's determination of liability. *Adams v. Murakami*, 54 Cal.3d 105, 121 (1991).

While Rule 42 makes the decision to bifurcate discretionary in this Court rather than mandatory as it would be in state court, this Court should exercise its discretion to bifurcate here. *Romero v. S. Schwab Co.,* 2017 U.S. Dist. LEXIS 188185, *11-*14 (S.D. Cal. Nov. 14, 2017) is on point. In *Romero*, the court granted bifurcation, finding that introduction of the defendant's wealth would be prejudicial and could taint the jury's liability findings. The court reasoned that allowing financial records that are not relevant to the underlying liability trial would be prejudicial and bifurcation would conserve judicial resources. The court found it significant that the California Supreme Court had noted that a defendant's financial condition can taint a jury's decision and weigh in favor of bifurcation. *Id.* (citing *Adams v. Murakami*, 54 Cal. 3d 105, 120 (1991) ("Requiring a defendant to prove his or her own financial condition may improperly taint the jury's decision whether to impose punitive damages in the first instance ..."); *see also Vieste, LLC v. Hill Redwood Development* (N.D. Cal., Nov. 30, 2011, No. C 09-04024 JSW) 2011 WL 13153235, at *1 (granting bifurcation because, "to the extent Plaintiffs would seek to present evidence of Defendants' net worth, there is a risk of undue prejudice and confusion, given Plaintiffs' theory of the case").

Here, both parties agree that bifurcation will expedite the jury's task and promote judicial efficiency because it will avoid the need for financial condition evidence until the unlikely event the jury returns a verdict finding clear and convincing evidence of fraud, oppression, or malice. It will also prevent any jury confusion on the role of such evidence in determining National Union's liability in this case, which involves a financial dispute. And

there is no reason to believe that a second phase of trial, should it be necessary, would be burdensome on the jury, given the trial will already be relatively short and proof of National Union's financial condition is not likely to be complicated.

## III. CONCLUSION

For the foregoing reasons, National Union respectfully requests that the Court bifurcate the damages phase of Yahoo's punitive damage claim and preclude the introduction of any evidence regarding National Union's financial condition unless, in the first phase of the bifurcated trial, Yahoo has established the legal and factual predicates for a punitive damage claim.

Dated: January 10, 2019

GORDON & REES LLP

By: */s/ Asim K. Desai*
Asim K. Desai
Steven R. Inouye
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation

Dated: January 10, 2019

NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP

By: */s/ Matthew C. Lovell*
Richard H. Nicolaides, Jr.
Daniel I. Graham, Jr.
Matthew C. Lovell
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation