ASIM K. DESAI (SBN: 175402)
adesai@grsm.com
STEVEN R. INOUYE (SBN: 245024)
sinouye@grsm.com
GORDON & REES, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

MATTHEW C. LOVELL (SBN: 189728)
mlovell@nicolaidesllp.com
RICHARD H. NICOLAIDES, JR. (Appearance *Pro Hac Vice*)
rnicolaides@nicolaidesllp.com
DANIEL I. GRAHAM, JR. (Appearance *Pro Hac Vice*)
dgraham@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 745-3770
Facsimile: (415) 745-3771

Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
a Pennsylvania Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| YAHOO! INC., a Delaware corporation,<br><br>Plaintiff<br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>Defendant. | Case No. 5:17-CV-00489-EJD<br><br>**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S MOTION IN LIMINE NO. 1 TO BAR REFERENCE TO THE AIG BAILOUT**<br><br>Pretrial Conference: January 24, 2019<br>Time: 1:30 p.m.<br>Trial Date: February 5, 2019 |

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") moves this Court to bar evidence or reference to any financial difficulties experienced or caused by National Union's parent company, American International Group, Inc. ("AIG") during the 2008-2009 recession, including any reference to the "bailout" or government involvement in AIG's finances. In support thereof, National Union submits the following:

## I. INTRODUCTION

Plaintiff Yahoo! Inc. ("Yahoo") has sued National Union, alleging breach of contract and breach of the implied covenant of good faith and fair dealing with respect to three lawsuits concerning Yahoo's alleged surreptitious scanning of non-customer emails (collectively, the "E-mail Scanning Lawsuits"[1]). In the aftermath of this Court's Order Granting in Part and Denying in Part Motions for Summary Judgment (Dkt. No. 78, Oct. 12, 2018), this case is proceeding to trial or resolution through motion by this Court on the issues of: (1) what damages may Yahoo recover for National Union's breach of its contractual duties to defend and indemnify; (2) whether National Union breached the implied covenant of good faith and fair dealing in relation to the Email Scanning Lawsuits (i.e., acted in "bad faith"); and (3) what damages may Yahoo recover if National Union acted in bad faith.

This case involves four consecutive commercial general liability ("CGL") insurance policies that National Union issued to Yahoo for the consecutive policy periods from May 31, 2008 to May 31, 2012 (the "2008 Policy"; the "2009 Policy"; the "2010 Policy"; and the "2011 Policy").[2] AIG, National Union's parent company, is not a party to this suit. National Union brings this motion to exclude reference to or evidence of any financial difficulties experienced or caused by AIG during the recession including any reference to the "bailout" or government involvement in AIG's finances.

---

[1] The E-mail Scanning Lawsuits are, collectively, *Sutton, et al. v. Yahoo! Inc.*, No. CIV 120s2973 (Marin Cty. Super. Ct.) ("*Sutton*"); *Penkava v. Yahoo! Inc.*, No. 12-cv-03414 (U.S.D.C., N.D. Cal.) ("*Penkava*"); and *Holland v. Yahoo! Inc.*, No. 13-cv-4980 (U.S.D.C., N.D. Cal.), consolidated into *In re Yahoo Mail Litigation*.

[2] The 2008, 2009, 2010, and 2011 Policies are at issue for purposes of *Sutton/Penkava*. The 2011 Policy is at issue for purposes of *Holland/ In re Yahoo Mail Litigation*.

## II. AIG's FINANCIAL DIFFICULTIES DURING THE RECESSION ARE NOT RELEVANT AND WOULD RESULT IN UNFAIR PREJUDICE AND CONFUSION OF THE ISSUES IN THIS CASE.

To be admissible at trial, evidence must be relevant. Fed. R. Evid. 402. Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. The financial difficulties experienced by AIG at any time, including what has been referred to in the media as a "bailout" by the government (even though it has since been fully repaid), are unrelated to any fact at issue in this case, which involves National Union's claims-handling decisions with respect to the E-mail Scanning Lawsuits brought against Yahoo in 2012 and 2013. In addition, even if the claim for punitive damages remains in the case and AIG's financial condition were relevant to that issue, evidence of *past* financial difficulties is of no consequence to determining this action. *See Kelly v. Haag*, 145 Cal. App. 4th 910, 915 (2006) ("A punitive damages award is based on the defendant's financial condition at the time of trial."). The evidence, therefore, is not relevant and should be excluded.

Even if relevant, evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." FRE 403. Therefore, even if this Court believes evidence of AIG's long-ago financial troubles is probative of any issue presented in this case (which it is not), a passing reference to a term such as "bailout" or "government handout" or "corporate welfare," a reference to "too big to fail," or other such derogatory remarks, would be highly prejudicial and far outweigh any probative value. Allowing reference to AIG's financial condition during the recession would confuse the issues in this case involving the claims-handling regarding the E-mail Scanning Lawsuits and inflame the passions and prejudice of the jury. For this additional reason, such references or remarks should be excluded.

\\\

\\\

\\\

\\\

## III. CONCLUSION

National Union therefore respectfully requests that this motion be granted and all references to AIG's past financial problems during the recession and the use of the term "bailout" or other similar derogatory terms be precluded and prohibited at trial.

Dated: January 10, 2019

GORDON & REES LLP

By: */s/ Asim K. Desai*
Asim K. Desai
Steven R. Inouye
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation

Dated: January 10, 2019

NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP

By: */s/ Matthew C. Lovell*
Richard H. Nicolaides, Jr.
Daniel I. Graham, Jr.
Matthew C. Lovell
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation