ASIM K. DESAI (SBN: 175402)
adesai@grsm.com
STEVEN R. INOUYE (SBN: 245024)
sinouye@grsm.com
GORDON & REES, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

MATTHEW C. LOVELL (SBN: 189728)
mlovell@nicolaidesllp.com
RICHARD H. NICOLAIDES, JR. (Appearance *Pro Hac Vice*)
rnicolaides@nicolaidesllp.com
DANIEL I. GRAHAM, JR. (Appearance *Pro Hac Vice*)
dgraham@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 745-3770
Facsimile: (415) 745-3771

Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
a Pennsylvania Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| YAHOO! INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>Defendant. | Case No. 5:17-CV-00489-EJD<br><br>**NATIONAL UNION'S MOTION IN LIMINE NO. 2 RE: PRECLUDING EVIDENCE OR ARGUMENT ABOUT THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR SUMMARY JUDGMENT**<br><br>Pretrial Conference: January 24, 2019<br>Time: 1:30 p.m.<br>Trial Date: February 5, 2019 |

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") moves this Court for an Order excluding any evidence, references to evidence, testimony or argument relating to this Court's Order of October 12, 2018 (Dkt. No. 78) on the parties' Cross-Motions for Summary Judgment (the "Order") for the purpose of suggesting to the jury that the Court's statements and conclusions in the Order support a conclusion that National Union acted in bad faith. In support thereof, National Union submits the following:

## I. INTRODUCTION

This dispute emanates from National Union's handling of three lawsuits alleging that Yahoo! Inc. ("Yahoo") surreptitiously scanned the emails of non-customers (collectively, the "Email Scanning Lawsuits").[1] This case is proceeding to trial or resolution through motion by this Court on the issues of: (1) what damages Yahoo may recover for National Union's breach of its contractual duties to defend and indemnify Yahoo in connection with the Email Scanning Lawsuits; (2) whether National Union breached its implied covenant of good faith and fair dealing (i.e., acted in "bad faith"); and (3) what damages Yahoo may recover if National Union acted in bad faith.

On October 12, 2018, the Court issued the Order. In that Order, the Court:

- Granted Yahoo's motion for summary judgment that National Union breached the duty to defend the E-mail Scanning Lawsuits;
- Granted National Union's motion for summary judgment that it did not breach the duty to indemnify with respect to the *Sutton* and *Penkava* lawsuits;
- Granted Yahoo's motion for summary judgment that National Union breached its duty to indemnify with respect to the attorney's fees awarded to the plaintiffs in *In re Yahoo Mail Litigation*;
- Granted National Union's motion for summary judgment that it did not breach its duty to indemnify the service awards to class representatives in *In re Yahoo Mail Litigation*; and
- Denied both parties' motions for summary judgment on the issue of whether National Union acted in breach of the implied covenant of good faith and fair dealing ("bad faith").

---

[1] *Sutton, et al. v. Yahoo! Inc.*, No. CIV 120s2973 (Marin Cty. Super. Ct.) ("*Sutton*"); *Penkava v. Yahoo! Inc.*, No. 12-cv-03414 (U.S.D.C., N.D. Cal.) ("*Penkava*"); and *Holland v. Yahoo! Inc.*, No. 13-cv-4980 (U.S.D.C., N.D. Cal.), consolidated into *In re Yahoo Mail Litigation*.

In the portion of the Order regarding the bad faith claims, this Court noted that a "mere denial of benefits ... does not demonstrate bad faith." Order, Dkt. No. 78 at 23:8-9 (citation omitted). Moreover, "where there is a genuine issue as to the insurer's coverage obligation, bad faith liability cannot be imposed for an insurer 'advancing its side of that dispute.'" *Id.* at 23:10-12 (citation omitted).

## II. BECAUSE EVIDENCE OF THIS COURT'S OCTOBER 12, 2018 ORDER CREATES A SUBSTANTIAL RISK OF UNDUE PREJUDICE TO NATIONAL UNION AND WOULD MISLEAD THE JURY, IT SHOULD BE EXCLUDED

The Court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, ... misleading the jury ...." Fed. R. Evid. 403.

While the jury will need to be instructed, *by the Court* at the appropriate time, about the legal conclusions it reached in its Order concerning National Union's duties to defend and indemnify, National Union is concerned that Yahoo's counsel may rely on this Court's Order regarding the breach of a duty to defend or indemnify as a "fact" the jury should consider as a basis for inferring that National Union's coverage position was unreasonable. Counsel could argue along the following lines: "even the Court agrees that National Union breached its contract with Yahoo by failing to provide it with a defense in the *Sutton* and *Penkava* lawsuits."

National Union would be substantially prejudiced if Yahoo is entitled to rely on the Court's statements or conclusions in the Order to ask the jury to infer that National Union must have breached the duty to defend unreasonably—the precise issue the Court has reserved for the jury. References to the ruling could encourage the jury to abdicate its role as the fact-finder, knowing this Court has determined National Union erred in its coverage determination. At a minimum, the ruling could be afforded great weight and unduly influence the jury. *See Park W. Radiology v. CareCore Nat. LLC,* 675 F. Supp. 2d 314, 323–24 (S.D.N.Y. 2009) (motion in limine to preclude evidence of court's prior ruling was allowed; "even if Defendants show that the Preliminary Injunction Ruling is relevant, any references to the ... Ruling are likely to unduly influence the jury. Considering the risk of undue influence on the jury pursuant to FRE

403, references to the making of the motion, as opposed to the ... Ruling itself, will also not be permitted without prior ruling by the Court sought at sidebar or in the jury's absence."); *United States v. Pac. Gas & Elec. Co.,* 178 F. Supp. 3d 927, 948 (N.D. Cal. 2016) ("there is a substantial risk that the jury would 'punish' PG&E on the basis of the NTSB's [National Transportation Safety Board] conclusion that PG&E's program was a probable cause of the explosion, which is precisely the sort of improper basis that renders evidence unfairly prejudicial").

## III. CONCLUSION

For these reasons, National Union seeks an Order from this Court excluding any evidence, references to evidence, testimony or argument relating to this Court's Order of October 12, 2018, offered to show that National Union acted in bad faith.

Dated: January 10, 2019

GORDON & REES LLP

By: */s/ Asim K. Desai*
Asim K. Desai
Steven R. Inouye
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation

Dated: January 10, 2019

NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP

By: */s/ Matthew C. Lovell*
Richard H. Nicolaides, Jr.
Daniel I. Graham, Jr.
Matthew C. Lovell
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation