ASIM K. DESAI (SBN: 175402)
adesai@grsm.com
STEVEN R. INOUYE (SBN: 245024)
sinouye@grsm.com
GORDON & REES, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

MATTHEW C. LOVELL (SBN: 189728)
mlovell@nicolaidesllp.com
RICHARD H. NICOLAIDES, JR. (Appearance *Pro Hac Vice*)
rnicolaides@nicolaidesllp.com
DANIEL I. GRAHAM, JR. (Appearance *Pro Hac Vice*)
dgraham@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 745-3770
Facsimile: (415) 745-3771

Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
a Pennsylvania Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| YAHOO! INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>Defendant. | Case No. 5:17-CV-00489-EJD<br><br>**NATIONAL UNION'S MOTION IN LIMINE NO. 3 TO BAR LAY OPINION TESTIMONY THAT NATIONAL UNION'S CLAIMS-HANDLING WAS UNREASONABLE**<br><br>Pretrial Conference: January 24, 2019<br>Time: 1:30 p.m.<br>Trial Date: February 5, 2019 |

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") moves this Court for an order to bar lay opinion testimony that National Union's claims handling was unreasonable. In support thereof, National Union submits the following:

## I. INTRODUCTION

Plaintiff Yahoo! Inc. ("Yahoo") has sued National Union alleging breach of contract and breach of the implied covenant of good faith and fair dealing in relation to three lawsuits (collectively, the "Email Scanning Lawsuits"): *Sutton, et al. v. Yahoo! Inc.*, No. CIV 120s2973 (Marin Cty. Super. Ct.); *Penkava v. Yahoo! Inc.*, No. 12-cv-03414 (U.S.D.C., N.D. Cal.); and *Holland v. Yahoo*! Inc., No. 13-cv-4980 (U.S.D.C., N.D. Cal.), consolidated into *In re Yahoo Mail Litigation*. Each of the Email Scanning Lawsuits concerns Yahoo's alleged surreptitious scanning of non-customer emails. Among the issues to be presented at trial is whether National Union's claims handling with respect to the Email Scanning Lawsuits was unreasonable, subjecting National Union to liability for breach of the implied covenant of good faith and fair dealing ("bad faith"). *See* Dkt. No. 78 (Order re Mot. S.J., Oct. 12, 2018) at 24. The Court should exclude any lay opinion testimony on the issue of whether National Union's claims handling was unreasonable on the grounds that such specialized opinion testimony goes beyond the personal knowledge of any witness who may testify at trial.

## II. LAY OPINION TESTIMONY ON REASONABLENESS IS UNHELPFUL AS IT TELLS THE JURY HOW TO DECIDE THE ULTIMATE ISSUES IN THIS CASE

The admissibility of lay opinion testimony under Federal Rule of Evidence 701 is committed to the sound discretion of the trial judge. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008). Lay opinion testimony is limited to testimony that is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Lay opinion testimony that simply tells the jury how to decide the ultimate issue in a case is not helpful to a clear

understanding of a fact in issue and thus not sufficiently helpful to the trier of fact to be admissible. *Nationwide*. 523 F.3d at 1059-60.

This case is proceeding to trial on Yahoo's claim that National Union breached its implied covenant of good faith and fair dealing with Yahoo in connection with National Union's denial of coverage for the Email Scanning Lawsuits (i.e., acted in "bad faith"). Yahoo has not designated an expert in the area of insurance coverage or claims handling. To make up for this potentially fatal failure of proof, National Union anticipates that Yahoo may ask certain witnesses – for example, Daniel Tepstein, Yahoo's corporate counsel, or Sally Bracho and Calvin Kwan, employees of Yahoo's insurance broker, ABD Insurance and Financial Services – to testify concerning whether National Union's claims handling conduct met industry standards or was unreasonable. Such opinion testimony would be improper because none of these witnesses was designated as an expert and each lacks the qualifications and specialized expertise to testify regarding such matters. *California Shoppers v. Royal Globe Ins. Co*., 175 Cal.App.3d 1, 66 (1985) (holding that a lawyer with experience in handling insurance matters was not qualified to testify regarding insurance policy and practices). Fact witnesses such as Mr. Tepstein, Ms. Bracho, and Mr. Kwan may testify concerning facts that are within their knowledge. However, permitting these witnesses, or any other lay witnesses, to give an opinion concerning insurance industry practices, standard of care, or the reasonableness of the decisions made in this case should not be permitted.

Allowing lay opinion testimony on whether National Union's claims handling was reasonable would simply tell the jury how to decide this case and thus is not sufficiently helpful to the jury to be admissible at trial.

\\\

\\\

\\\

\\\

\\\

\\\

## III. CONCLUSION

National Union therefore respectfully requests that this motion be granted, and Yahoo be precluded from eliciting lay opinion testimony from its witnesses at trial that National Union's coverage decisions and/or claims handling was unreasonable or inconsistent with industry standards or practices.

Dated: January 10, 2019

GORDON & REES LLP

By: */s/ Asim K. Desai*
Asim K. Desai
Steven R. Inouye
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation

Dated: January 10, 2019

NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP

By: */s/ Matthew C. Lovell*
Richard H. Nicolaides, Jr.
Daniel I. Graham, Jr.
Matthew C. Lovell
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation