ASIM K. DESAI (SBN: 175402)
adesai@grsm.com
STEVEN R. INOUYE (SBN: 245024)
sinouye@grsm.com
GORDON & REES, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

MATTHEW C. LOVELL (SBN: 189728)
mlovell@nicolaidesllp.com
RICHARD H. NICOLAIDES, JR. (Appearance *Pro Hac Vice*)
rnicolaides@nicolaidesllp.com
DANIEL I. GRAHAM, JR. (Appearance *Pro Hac Vice*)
dgraham@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 745-3770
Facsimile: (415) 745-3771

Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
a Pennsylvania Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| YAHOO! INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., a Pennsylvania corporation,<br><br>Defendant. | Case No. 5:17-CV-00489-EJD<br><br>**NATIONAL UNION'S MOTION IN LIMINE NO. 4 TO BAR EVIDENCE/ ARGUMENT REGARDING SPECULATIVE DEFENSE COUNSEL RATES**<br><br>Pretrial Conference: January 24, 2019<br>Time: 1:30 p.m.<br>Trial Date: February 5, 2019 |

National Union Fire Insurance Company of Pittsburgh, Pa ("National Union") moves this Court for an Order excluding any evidence, references to evidence, testimony or argument regarding speculative defense counsel rates which Yahoo may offer to support its computation of damages for the purported breach of the duty to defend the lawsuit captioned *Holland v. Yahoo! Inc.,* No. 13-cv-4980 (U.S.D.C., N.D. Cal.), consolidated into *In re Yahoo Mail Litigation*. In support thereof, National Union submits the following:

## I. INTRODUCTION

This dispute emanates from National Union's handling of three claims involving lawsuits alleging that Yahoo! Inc. ("Yahoo") surreptitiously scanned the emails of non-customers (collectively, the "Email Scanning Lawsuits").[1] As respects *Holland/In re Yahoo Mail Litigation*, Yahoo seeks in this lawsuit defense and indemnity under a single insurance policy that National Union issued for the policy period May 31, 2011 to May 31, 2012 (the "2011 Policy"). (The 2011 Policy, and all other evidence referenced in this motion, is attached as Exhibit 2 to the Declaration of M. Lovell, filed concurrently.) The 2011 Policy contains a Deductible Coverage Endorsement, which this Court has found is applicable and enforceable. Under that endorsement, Yahoo is obligated to reimburse National Union 100% of its Allocated Loss Adjustment Expenses ("ALAE"), which is inclusive of fees, costs, or expenses reasonably chargeable to the defense of a claim or suit against the insured, as well as any amounts National Union pays as damages, up to the "personal injury" deductible limits of $1 million each person or organization. Indeed, the Deductible Coverage Endorsement is the essential feature that makes the 2011 Policy a "fronting" policy. The 2011 Policy is further subject to a separate, negotiated "Payment Agreement," by which Yahoo agreed to reimburse National Union for all payments made under the policy within 30 days of being invoiced by National Union. *See* Lovell Decl., ¶ 3, Ex. 3.

\\\

[1] *Sutton, et al. v. Yahoo! Inc.*, No. CIV 120s2973 (Marin Cty. Super. Ct.) ("*Sutton*"); *Penkava v. Yahoo! Inc.*, No. 12-cv-03414 (U.S.D.C., N.D. Cal.) ("*Penkava*"); and *Holland v. Yahoo! Inc.*, No. 13-cv-4980 (U.S.D.C., N.D. Cal.), consolidated into *In re Yahoo Mail Litigation*.

In light of this Court's order that the Deductible Coverage Endorsement is applicable and enforceable, Yahoo has indicated that it plans to argue at trial that if National Union had initially agreed to defend *In re Yahoo Mail Litigation* pursuant to California Civil Code § 2860(b), Yahoo would have selected independent counsel willing to work for panel counsel rates in the range of $190-$250 per hour, or Yahoo might have agreed to waive a potential conflict of interest and allow National Union to appoint panel counsel at those rates.

Yahoo has not provided any evidence of defense counsel's rates or its willingness to accept appointed defense counsel in discovery or as part of its disclosures under Rule 26(a) of the Federal Rules of Civil Procedure. For this reason alone, any claim of damages based on such a theory should be excluded.

Moreover, any such theory of damages would be based on pure speculation and would be therefore inadmissible and improper. *See* California Civil Jury Instruction ("CACI") 350 (Introduction to Contract Damages) ("[y]ou must not speculate or guess in awarding damages.").

## II. THIS COURT SHOULD BAR UNDISCLOSED, SPECULATIVE EVIDENCE AND ARGUMENT ON DEFENSE COUNSEL RATES.

Rule 26 (a)(1)(A)(iii) of the Federal Rules of Civil Procedure requires all parties to provide to the other parties "a computation of each category of damages claimed by the disclosing party," without awaiting a discovery request. If a party fails to make such disclosure, "the party is not allowed to use that information … to supply evidence … at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Yahoo has never disclosed any damages theory, produced any documents, or identified any witnesses to support an argument that Yahoo would have been able to negotiate a lower hourly rate with its defense counsel, or would have accepted appointed defense counsel at lower rates, in its disclosures pursuant to Rule 26 or in its responses to written discovery. Because Yahoo has not disclosed any information or computation at any time, it may not do so for the first time at trial.

Even if Yahoo could survive its flagrant discovery violation on this damages issue, any evidence on rates that "might have been" is pure speculation and inadmissible on this additional ground. Yahoo's premise appears to rest on unfounded conjecture that, had National Union promptly agreed to defend the Email Scanning cases under a reservation of rights, either: (1) Yahoo would have retained Morrison & Foerster and Zwillgen, but those firms would have agreed to accept payment at the rates National Union would have paid pursuant to California Civil Code section 2860(b); or (2) Yahoo would have agreed to waive the potential conflict of interest created by National Union's reservation of rights and accept panel counsel of National Union's choosing at a much lower rate than those Yahoo paid its preferred lawyers.

Both of these theories are wholly speculative and contrary to logic and common sense.

First, Yahoo has no evidence or coherent argument that Morrison & Foerster and ZwillGen would have accepted a $500 per hour discount on their fees, especially knowing that at the end of the day, Yahoo and not National Union would be responsible for the fees.

Second, there is no evidence Yahoo would have selected or accepted different, less expensive counsel. Yahoo contends that if National Union had defended under a reservation of rights and had agreed to pay for independent counsel under Civil Code section 2860(b), Yahoo would have sought and hired independent counsel willing to work for panel counsel rates. But that simply proves that Yahoo *could* have hired counsel willing to work for panel counsel rates if it had wanted to, and just did not want to—it preferred to hire Morrison & Foerster and ZwillGen, even at a premium. That decision was Yahoo's alone and cannot be attributed to any act of National Union.

Indeed, Yahoo retained Morrison & Foerster to defend the *Holland* action, and so presumably agreed to pay its rates, *before* National Union even responded to Yahoo's tender of the defense. Yahoo's decision to pay its longtime lawyers at Morrison & Foerster and ZwillGen $750 per hour had nothing to do with National Union. Had National Union agreed to defend at the outset, Yahoo would simply have ended up reimbursing National Union for the portion of Morrison & Foerster's rates that National Union would have paid under Civil Code section 2860(b) ($250/hour), and Yahoo would have paid the balance ($500/hour) directly to the law firm.

Damages that are speculative, remote, imaginary, contingent, or merely possible cannot serve as a legal basis for recovery. *Washington v. Dep't of Trans.*, 8 F.3d 296, 300 (5th Cir. 1993) ("Under the Federal Rules of Evidence, speculative opinion testimony by lay witnesses -- i.e., testimony not based upon the witness's perception -- is generally inadmissible"); *United States v. Rea*, 958 F.2d 1206, 1216 (2d Cir. 1992) ("When a witness has not identified the objective bases for his opinion, the proffered opinion obviously fails completely to meet the requirements of Rule 701, first because there is no way for the court to assess whether it is rationally based on the witness's perceptions, and second because the opinion does not help the jury but only tells it in conclusory fashion what it should find"); *Piscitelli v. Friedenberg*, 87 Cal. App. 4th 953, 989 (2001) (uncertain, hypothetical and speculative damages cannot be recovered); *Sargon Enter., Inc. v. University of S. Cal.*, 55 Cal. 4th 747, 770 (2012) (opinion based on speculation or conjecture is inadmissible).

Any attempt by Yahoo to speculate that its defense counsel would have accepted a $500 per hour rate cut, or that Yahoo would have accepted panel counsel is inherently speculative and inadmissible as a matter of law. Such testimony and/or argument creates a substantial risk of undue prejudice to National Union as it would be impossible to rebut a backwards-focused hypothetical untethered to any actual evidence in this case. Such testimony would mislead the jury and thus should be disallowed for these additional reasons under Federal Rules of Evidence 403. Fed. R. Evid. 403 (Court may exclude even relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice or because it would mislead the jury).

\\\

\\\

\\\

\\\

\\\

\\\

\\\

## III. CONCLUSION

For these reasons, National Union seeks an Order from this Court excluding any evidence, references to evidence, testimony or argument relating to speculative hourly rates Yahoo might have obtained from its chosen defense counsel or from panel counsel.

Dated: January 10, 2019

GORDON & REES LLP

By: */s/ Asim K. Desai*
Asim K. Desai
Steven R. Inouye
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation

Dated: January 10, 2019

NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP

By: */s/ Matthew C. Lovell*
Richard H. Nicolaides, Jr.
Daniel I. Graham, Jr.
Matthew C. Lovell
Attorneys for defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania corporation