ASIM K. DESAI (SBN: 175402)
adesai@grsm.com
STEVEN R. INOUYE (SBN: 245024)
sinouye@grsm.com
GORDON & REES, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

MATTHEW C. LOVELL (SBN: 189728)
mlovell@nicolaidesllp.com
RICHARD H. NICOLAIDES, JR. (Appearance *Pro Hac Vice*)
rnicolaides@nicolaidesllp.com
DANIEL I. GRAHAM, JR. (Appearance *Pro Hac Vice*)
dgraham@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 745-3770
Facsimile: (415) 745-3771

Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
a Pennsylvania Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| YAHOO! INC., a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>Defendant. | Case No. 5:17-CV-00489-EJD<br><br>**NATIONAL UNION'S MOTION IN LIMINE NO. 5 RE: THE SCOPE OF ANY COMPENSATORY DAMAGES FOR THE SUTTON/PENKAVA LAWSUITS**<br><br>Pretrial Conference: January 24, 2019<br>Time: 1:30 p.m.<br>Trial Date: February 5, 2019 |

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") moves this Court to limit the evidence and argument Plaintiff Yahoo! Inc. ("Yahoo") can present on the scope of compensatory damages Yahoo can recover for National Union's breach of its duty to defend the lawsuits styled as *Sutton, et al. v. Yahoo! Inc.*, No. CIV 120s2973 (Marin Cty. Super. Ct.) ("*Sutton*") and *Penkava v. Yahoo! Inc.*, No. 12-cv-03414 (U.S.D.C., N.D. Cal.) ("*Penkava*"). In support thereof, National Union submits the following:

## I. INTRODUCTION

In this lawsuit, Yahoo seeks defense and indemnity in connection with three lawsuits concerning Yahoo's alleged surreptitious scanning of non-customer emails (collectively, the "Email Scanning Lawsuits"). In two of these lawsuits, *Sutton/Penkava*, Yahoo allegedly engaged in the wrongful conduct during the consecutive policy periods of four commercial general liability ("CGL") insurance policies that National Union issued to Yahoo effective from May 31, 2008 to May 31, 2012 (the "2008 Policy"; the "2009 Policy"; the "2010 Policy"; and the "2011 Policy"). (The 2008 and 2011 Policies, as exemplars, are attached as Exhibits 1 and 2 to the Declaration of M. Lovell, filed concurrently.) This Court has already ruled that National Union owed a duty to defend, but no duty to indemnify, Yahoo in the *Sutton/Penkava* lawsuits.[1]

Because Yahoo allegedly engaged in the wrongful conduct at issue in *Sutton/Penkava* during the policy periods of the 2008, 2009, 2010, and 2011 Policies, and because Yahoo sought a defense of *Sutton/Penkava* under each of those insurance policies, any compensatory damages for breach of National Union's defense obligation for *Sutton/Penkava* must be allocated equally over the four policy periods. *Scottsdale Ins. Co. v. Century Surety Co.*, 182 Cal. App. 4th 1023, 1032 (2010) ("In choosing the appropriate method of allocating defense costs among multiple liability insurance carriers, each insuring the same insured, a trial court must determine which method of allocation will most equitably distribute the obligation among

[1] National Union disputes that it owed a defense obligation to Yahoo for *Sutton/Penkava* and intends to pursue its appellate rights and does not waive any arguments on this issue. This motion simply reflects the Court's rulings to date and the issues to be tried before the jury.

the insurers 'pro rata in proportion to their respective coverage of the risk,' as 'a matter of distributive justice and equity.'").

Three of the four CGL policies are subject to a Deductible Coverage Endorsement, which this Court has found to be applicable and enforceable. (Only the 2008 Policy does not include a Deductible Coverage Endorsement. Lovell Decl. ¶ 1, Ex. 1.). Under the endorsement, Yahoo is obligated to reimburse National Union 100% of all "Allocated Loss Adjustment Expense," which is inclusive of fees, costs, or expenses reasonably chargeable to the defense of a claim or suit against the insured. Indeed, as this Court recognized in its order regarding the Parties' cross-motions for summary judgment, the endorsement is the essential feature that makes these policies "fronting" policies. These policies are further subject to a separate, negotiated "Payment Agreement," by which Yahoo agreed to reimburse National Union for all payments made under the policies within 30 days of being invoiced by National Union. *See* Lovell Decl, ¶ 3, Ex. 3 (Payment Agreement).

Notwithstanding the Court's order that the Deductible Coverage Endorsement is applicable and enforceable, Yahoo might contend it is entitled to recover as damages for breach of contract the full cost to defend *Sutton/Penkava*. National Union makes this motion to preclude such an effort, and to clarify the scope of recoverable damages for any breach of a contractual duty to defend with respect to *Sutton/Penkava*.

## II. THIS COURT SHOULD LIMIT YAHOO'S EVIDENCE AND ARGUMENT ON COMPENSATORY DAMAGES TO THE APPLICABLE INTEREST THAT WOULD HAVE ACCRUED ON ANY AMOUNTS YAHOO PAID TOWARDS DEFENSE FOR *SUTTON/PENKAVA*

To calculate Yahoo's compensatory damages for National Union's purported breach of its duty to defend Yahoo in *Sutton* and *Penkava*, Yahoo should first be required to allocate the $272,133.47 in total defense costs for those lawsuits equally over the four policy periods of the 2008, 2009, 2010, and 2011 Policies. This would result in $68,033 to each policy period (272,133.47 ÷ 4). Thus, Yahoo could seek $68,033 under the 2008 Policy. With respect to the defense costs allocable to the 2009, 2010, and 2011 Policies, however, under which Yahoo is

required to reimburse National Union within 30 days for any amounts due under those policies pursuant to the terms of the Deductible Coverage Endorsement and Payment Agreement, Yahoo's available damages are thus limited to the time value of the money for 30 days. *Greg Opinski Constr., Inc. v. City of Oakdale*, 199 Cal. App. 4th 1107, 1118 (2011) (interest compensates the injured party for the time value of money). Put another way, had National Union paid Yahoo's defense costs when initially sought by Yahoo under the 2009, 2010, and 2011 Policies, National Union would have merely fronted these amounts until Yahoo re-paid them 30 days later. Because National Union did not front these payments, Yahoo used its own funds to make the payments 30 days earlier than if National Union had accepted the defense. Consequently, the measure of Yahoo's compensatory damages under these three policies is the interest Yahoo would have earned for 30 days on the amounts allocable to these policy periods, because Yahoo would have had to pay these amounts to National Union at the end of the 30 days had National Union fronted the money.

## III. CONCLUSION

For all these reasons, National Union seeks an order from this Court limiting Yahoo's evidence and argument on compensatory damages to 30 days of interest that would have accrued on any amounts paid towards the defense of *Sutton* and *Penkava* and allocable to the three policy periods to which the Deductible Coverage Endorsement and Payment Agreement apply.

Dated: January 10, 2019

GORDON & REES LLP

By: */s/ Asim K. Desai*
Asim K. Desai
Steven R. Inouye
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation

Dated: January 10, 2019

NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP

By: */s/ Matthew C. Lovell*
Richard H. Nicolaides, Jr.
Daniel I. Graham, Jr.
Matthew C. Lovell
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation