ASIM K. DESAI (SBN: 175402)
adesai@grsm.com
STEVEN R. INOUYE (SBN: 245024)
sinouye@grsm.com
GORDON & REES, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

MATTHEW C. LOVELL (SBN: 189728)
mlovell@nicolaidesllp.com
RICHARD H. NICOLAIDES, JR. (Appearance *Pro Hac Vice*)
rnicolaides@nicolaidesllp.com
DANIEL I. GRAHAM, JR. (Appearance *Pro Hac Vice*)
dgraham@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 745-3770
Facsimile: (415) 745-3771

Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
a Pennsylvania Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| YAHOO! INC., a Delaware corporation,<br><br>Plaintiff<br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., a Pennsylvania corporation,<br><br>Defendant. | Case No. 5:17-CV-00489-EJD<br><br>**NATIONAL UNION'S MOTION IN LIMINE NO. 6 RE: THE SCOPE OF ANY COMPENSATORY DAMAGES FOR THE HOLLAND/IN RE YAHOO MAIL LAWSUITS**<br><br>Pretrial Conference: January 24, 2019<br>Time: 1:30 p.m.<br>Trial Date: February 5, 2019 |

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") moves this Court to limit the evidence and argument Plaintiff Yahoo! Inc. ("Yahoo") can present on the scope of compensatory damages Yahoo can recover for National Union's breach of its duties to defend and indemnify the lawsuit styled as *Holland v. Yahoo! Inc*., No. 13-cv-4980 (U.S.D.C., N.D. Cal.), consolidated into *In re Yahoo Mail Litigation*. In support thereof, National Union submits the following:

## I. INTRODUCTION

This dispute emanates from National Union's handling of three lawsuits alleging that Yahoo! Inc. ("Yahoo") surreptitiously scanned the emails of non-customers (collectively, the "Email Scanning Lawsuits").[1] As respects *Holland/In re Yahoo Mail Litigation*, Yahoo sought defense and indemnity under a single insurance policy that National Union issued for the period May 31, 2011 to May 31, 2012 (the "2011 Policy"). (The 2011 Policy, and all other evidence referenced in this motion, is attached as Exhibit 2 to the Decl. of M. Lovell, filed concurrently.)

The 2011 Policy contains a Deductible Coverage Endorsement, which this Court has found is applicable and enforceable. *Id.* at ¶ 2, Ex. 2 at NUFIC_POL_0347. Under the endorsement, Yahoo is obligated to reimburse National Union 100% of its Allocated Loss Adjustment Expenses ("ALAE"), which is inclusive of fees, costs, or expenses reasonably chargeable to the defense of a claim or suit against the insured, as well as any amounts National Union pays as damages, up to the "personal injury" deductible limits of $1 million each person or organization. *Id.* at ¶ 2, Ex. 2 at NUFIC_POL_0349. Indeed, the endorsement is the essential feature that makes the 2011 Policy a "fronting" policy. The 2011 Policy is further subject to a separate, negotiated "Payment Agreement," by which Yahoo agreed to reimburse National Union for all payments made under the policy within 30 days of being invoiced by National Union. *Id.*, ¶ 3, Ex. 3 (Payment Agreement for Insurance and Risk Management Services between National Union and Yahoo, effective May 31, 2008) at NUFIC_1059.

---

[1] *Sutton, et al. v. Yahoo! Inc*., No. CIV 120s2973 (Marin Cty. Super. Ct.) ("*Sutton*"); *Penkava v. Yahoo! Inc*., No. 12-cv-03414 (U.S.D.C., N.D. Cal.) ("*Penkava*"); and *Holland v. Yahoo! Inc*., No. 13-cv-4980 (U.S.D.C., N.D. Cal.), consolidated into *In re Yahoo Mail Litigation*.

Notwithstanding the Court's order that the Deductible Coverage Endorsement is applicable and enforceable, Yahoo might contend it is entitled to recover as damages for breach of contract the full cost to defend and indemnify *Holland/In re Yahoo Mail Litigation*. National Union makes this motion to preclude such an effort, and to clarify the scope of recoverable damages for breach of contract with respect to *Holland/In re Yahoo Mail Litigation*.

## II. THIS COURT SHOULD LIMIT YAHOO'S EVIDENCE AND ARGUMENT ON COMPENSATORY DAMAGES TO THE APPLICABLE INTEREST THAT WOULD HAVE ACCRUED ON ANY AMOUNTS YAHOO PAID TOWARDS DEFENSE OR INDEMNITY FOR *HOLLAND/IN RE YAHOO MAIL LITIGATION*

Because Yahoo had a contractual obligation to reimburse National Union within 30 days of National Union's payment of any defense or indemnity expenses under the 2011 Policy, Yahoo's damages for any breach of National Union's defense or indemnity obligations under the 2011 Policy for *Holland/In re Yahoo Mail Litigation* are limited to the time value of the money for 30 days.[2] *Greg Opinski Constr., Inc. v. City of Oakdale*, 199 Cal. App. 4th 1107, 1118 (2011) (interest compensates the injured party for the time value of money). Put another way, had National Union paid Yahoo's defense and indemnity exposure when initially sought by Yahoo under the 2011 Policy, National Union would have merely fronted these amounts until Yahoo re-paid them 30 days later. Because National Union did not front these payments, Yahoo used its own funds to make these payments 30 days earlier than if National Union had advanced the payments. The measure of Yahoo's compensatory damages under the 2011 Policy is the interest Yahoo could have earned for those 30 days.

\\\

\\\

\\\

\\\

\\\

[2] National Union disputes that it owed any indemnity obligation to Yahoo for *Holland/In re Yahoo Mail Litigation*, intends to pursue its appellate rights and does not waive its position on these points. This motion simply reflects the Court's rulings to date in this case and the issues to be tried before the jury.

## III. CONCLUSION

For all these reasons, National Union seeks an order from this Court limiting Yahoo's evidence and argument on compensatory damages to the applicable interest that would have accrued on any amounts it paid towards defense or indemnity for *Holland/In re Yahoo Mail Litigation* up to, but not in excess of, 30 days following each such payment.

Dated: January 10, 2019

GORDON & REES LLP

By: */s/ Asim K. Desai*
Asim K. Desai
Steven R. Inouye
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation

Dated: January 10, 2019

NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP

By: */s/ Matthew C. Lovell*
Richard H. Nicolaides, Jr.
Daniel I. Graham, Jr.
Matthew C. Lovell
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation