ASIM K. DESAI (SBN: 175402)
adesai@grsm.com
STEVEN R. INOUYE (SBN: 245024)
sinouye@grsm.com
GORDON & REES, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

MATTHEW C. LOVELL (SBN: 189728)
mlovell@nicolaidesllp.com
RICHARD H. NICOLAIDES, JR. (Appearance *Pro Hac Vice*)
rnicolaides@nicolaidesllp.com
DANIEL I. GRAHAM, JR. (Appearance *Pro Hac Vice*)
dgraham@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 745-3770
Facsimile: (415) 745-3771

Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
a Pennsylvania Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| YAHOO! INC., a Delaware corporation,<br><br>Plaintiff<br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>Defendant. | Case No. 5:17-CV-00489-EJD<br><br>**NATIONAL UNION'S MOTION IN LIMINE NO. 7 RE: LIFE, HEALTH, AUTO, HOMEOWNER INSURANCE POLICIES**<br><br>Pretrial Conference: January 24, 2019<br>Time: 1:30 p.m.<br>Trial Date: February 5, 2019 |

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") moves this Court for an Order excluding any evidence, references to evidence, testimony or argument relating to life, health, auto or homeowner policies that would suggest to the members of the jury that they might have personal knowledge of the relevant claim handling standards applicable as between Plaintiff Yahoo! Inc. ("Yahoo") and its commercial general liability ("CGL") insurer, National Union. In support thereof, National Union submits the following:

## I. INTRODUCTION

Any evidence, references to evidence, testimony or argument relating to life, health, auto, or homeowner policies that would suggest to the jurors they have personal knowledge of the relevant claim handling standards applicable in this instance is irrelevant, creates a risk of substantial, undue prejudice to National Union, and is misleading. Life, health, auto and homeowner policies are in no way similar to the fronting program that Yahoo chose to purchase in this instance. Because any such evidence is "substantially outweighed by a danger of one or more of the following: unfair prejudice, ... misleading the jury[,]" this Court may exclude it. Fed. R. Evid. 401 and Fed. R. Evid. 403.

## II. EFFORTS TO ANALOGIZE YAHOO'S INSURANCE PROGRAM TO A JUROR'S LIFE, HEALTH, AUTO OR HOMEOWNER INSURANCE IS PREJUDICIAL

This case is proceeding to trial on Yahoo's claim that National Union breached its implied covenant of good faith and fair dealing ("bad faith") with Yahoo in connection with three lawsuits concerning Yahoo's alleged surreptitious scanning of non-customer emails (collectively, the "Email Scanning Lawsuits").[1] Yahoo's counsel might attempt to ask questions of witnesses, drawing analogies to life, health, auto and homeowner policies – insurance policies that jurors may have purchased and with which they have some personal knowledge as to claims handling. This kind of evidence is highly prejudicial to National Union because, unlike standard "consumer-insurance" products such as life, health, auto and

---

[1] The Email Scanning Lawsuits consist of the following: *Sutton, et al. v. Yahoo! Inc.*, No. CIV 120s2973 (Marin Cty. Super. Ct.) ("*Sutton*"); *Penkava v. Yahoo! Inc.*, No. 12-cv-03414 (U.S.D.C., N.D. Cal.) ("*Penkava*"); and *Holland v. Yahoo! Inc.*, No. 13-cv-4980 (U.S.D.C., N.D. Cal.), consolidated into *In re Yahoo Mail Litigation*.

homeowner policies, this case involves a highly sophisticated insured and insurance contracts with non-standard terms negotiated by the parties.

Specifically, Yahoo negotiated and obtained from National Union four CGL insurance policies issued for the consecutive policy periods from May 31, 2008 to May 31, 2012 (the "2008 Policy"; the "2009 Policy"; the "2010 Policy"; and the "2011 Policy").[2] *See* Decl. of M. Lovell filed concurrently, ¶ 2 and Ex. 2 (the 2011 Policy). Each policy has a "personal and advertising injury" limit of liability of $1 million any one person or organization, subject to a $2 million general aggregate limit. *Id.* at ¶ 2, Ex. 2 at NUFIC_POL_268. Policies issued after the 2008 Policy include a Deductible Coverage Endorsement, by which Yahoo agreed to reimburse National Union for "Allocated Loss Adjustment Expense," which is inclusive of fees, costs, or expenses reasonably chargeable to the defense of a claim or suit against the insured. *Id.* at ¶ 2, Ex. 2 at NUFIC_POL_0347-0349. These policies are further subject to a separate, negotiated "Payment Agreement," by which Yahoo agreed to reimburse National Union for all payments made under the policies. *Id.* at ¶ 3, Ex. 3 (Payment Agreement for Insurance and Risk Management Services between National Union and Yahoo, effective May 31, 2008) at NUFIC_1059. All the policies include a manuscript endorsement, "Coverage B – Personal Injury," which replaces the "Personal and Advertising Injury" insuring agreement in the CGL Form. *Id.*, ¶ 2; Ex. 2 at NUFIC_POL_0369. In short, the National Union CGL policies were designed to meet the liability needs of a highly sophisticated insured, with specifically-negotiated policy provisions and obligations that are very different from the provisions and obligations typically found in standard life, health, auto and homeowner policies.

The jury in this case will ultimately be asked to determine whether National Union's denial of coverage was reasonable based on the "totality of the circumstances" presented at trial. *See Wilson v. 21st Century Ins. Co*., 42 Cal. 4th 713, 723 (2007) ("An insurer's good or bad faith must be evaluated in light of the totality of the circumstances surrounding its actions"). Therefore, it would be highly improper for counsel to refer to a juror's personal experience

[2] The 2008, 2009, 2010, and 2011 Policies are at issue for purposes of *Sutton/Penkava*. The 2011 Policy is at issue for purposes of *Holland/ In re Yahoo Mail Litigation*.

associated with consumer insurance products, thereby injecting facts that are irrelevant to the issues to be presented at trial.

National Union understands that a juror comes to a case with life experiences. But counsel should not be allowed to improperly suggest to a juror that his or her particular experience with a life, health, auto or homeowner insurer is relevant and determinative in evaluating National Union's claims handling. Instead, the juror must judge the reasonableness of National Union's coverage determinations based on the facts presented at trial—the "totality of the circumstances," and instructions from this Court.

## III. CONCLUSION

For these reasons, National Union seeks an Order excluding any evidence, references to evidence, testimony or argument at trial relating to life, health, auto or homeowner insurance policies that would suggest to the jury they have personal knowledge of the relevant claim handling standards applicable as between a sophisticated insured like Yahoo, and its CGL insurer, National Union.

Dated: January 10, 2019

GORDON & REES LLP

By: *\/s/ Asim K. Desai*
Asim K. Desai
Steven R. Inouye
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation

Dated: January 10, 2019

NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP

By: */s/ Matthew C. Lovell*
Richard H. Nicolaides, Jr.
Daniel I. Graham, Jr.
Matthew C. Lovell
Attorneys for defendant National Union Fire Insurance Company of Pittsburgh, Pa.