ASIM K. DESAI (SBN: 175402)
adesai@grsm.com
STEVEN R. INOUYE (SBN: 245024)
sinouye@grsm.com
GORDON & REES, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

MATTHEW C. LOVELL (SBN: 189728)
mlovell@nicolaidesllp.com
RICHARD H. NICOLAIDES, JR. (Appearance *Pro Hac Vice*)
rnicolaides@nicolaidesllp.com
DANIEL I. GRAHAM, JR. (Appearance *Pro Hac Vice*)
dgraham@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 745-3770
Facsimile: (415) 745-3771

Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
a Pennsylvania Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| YAHOO! INC., a Delaware corporation,<br><br>Plaintiff<br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>Defendant. | Case No. 5:17-CV-00489-EJD<br><br>**NATIONAL UNION'S MOTION IN LIMINE NO. 8 RE: NO RECOVERABLE CONSEQUENTIAL DAMAGES FOR COSTS INCURRED IN SETTLEMENT OF HOLLAND LAWSUIT/ IN RE YAHOO MAIL LITIGATION**<br><br>Pretrial Conference: January 24, 2019<br>Time: 1:30 p.m.<br>Trial Date: February 5, 2019 |

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") moves this Court for an Order to exclude any evidence or argument that the amounts Plaintiff Yahoo! Inc. ("Yahoo") incurred in settlement of the lawsuit styled as *Holland v. Yahoo! Inc*., No. 13-cv-4980 (U.S.D.C., N.D. Cal.), consolidated into *In re Yahoo Mail Litigation*, in excess of applicable policy limits, are recoverable consequential damages for National Union's alleged bad faith failure to defend. In support thereof, National Union submits the following:

## I. INTRODUCTION

Yahoo paid a total of $4,020,000 to settle the *In re Yahoo Mail Litigation*, in satisfaction of the underlying plaintiffs' attorney fee award and class representative service fees. While National Union respectfully disagrees, this Court found that National Union breached the duty to defend Yahoo in the *Holland* lawsuit, and the duty to indemnify Yahoo for its settlement of the *In re Yahoo Mail Litigation* under the 2011 Policy.[1] October 12, 2018 Order on Cross-Motions for Summary Judgment, Dkt. No. 78. (the "MSJ Order") The 2011 Policy has a limit of liability of $2 million in the aggregate, and is a "fronting policy," subject to the policy's Deductible Coverage Endorsement, which this Court held is enforceable and applicable with respect to the *In re Yahoo Mail Litigation*. *Id.*, at 18:2-8. As a result, based on this Court's rulings, National Union is obligated to indemnify Yahoo up to $2 million in settlement of the *In re Yahoo Mail Litigation* action, for which Yahoo must reimburse National Union pursuant to the Deductible Coverage Endorsement, and the parties' separate "Payment Agreement."

Yahoo advises, however, it will argue at trial that it is entitled to an additional $2 million from National Union—representing the amount it paid to settle the *In re Yahoo Mail Litigation* in excess of the $2 million policy limit—as a consequence of National Union's bad faith failure to defend the *In re Yahoo Mail Litigation* action. Yahoo's claim is meritless.

Whether a policyholder is suing in contract or tort, it is entitled to recover only those damages that were *proximately caused* by the insurer's breach of duty. There is no causation where "the same harm would have occurred without that conduct." (CACI 430.)

---

[1] The "2011 Policy" refers to National Union Policy No. GL 348-18-61, policy period May 31, 2011 to May 31, 2012 issued to Yahoo.

The record here shows that: (a) in light of National Union's coverage defenses, Yahoo was entitled to independent counsel to represent its interests in the *In re Yahoo Mail Litigation*; (b) Yahoo selected and was defended by two top-tier law firms it had worked with for years, which Yahoo chose for their expertise defending class actions and breach of privacy claims; (c) Yahoo does not dispute the reasonableness of its decision, guided by its counsel, to settle the *In re Yahoo Mail Litigation* or the settlement amount; (d) the 2011 Policy had limits of $1 million any one person or organization up to a $2 million general aggregate; and (e) Yahoo was obligated to reimburse National Union in the amount of $1 million each person or organization up to the policy's $2 million aggregate limit of liability pursuant to the Deductible Coverage Endorsement in the 2011 Policy, and the parties' separate Payment Agreement.

Thus, even if National Union acted in bad faith (which it denies) in failing to front defense costs for the *In re Yahoo Mail Litigation*, there is simply no causal connection between that alleged wrongdoing and Yahoo's decision to settle that action for $4 million. As this Court has recognized, "Yahoo cannot credibly claim its 'objectively reasonable expectations' were derailed because National Union did not oversee the details of its defense." MSJ Order, Dkt. 78, at 17:26-18:1. Yahoo should therefore be precluded from arguing it is entitled to recover some or all of that $4 million as damages in this case, which would be a windfall in that it would effectively give Yahoo insurance coverage it never purchased. This result is mandated by the Deductible Coverage Endorsement and the policy limits.

## II. Yahoo's Settlement Costs Were Not Proximately Caused by National Union's Alleged Bad Faith Failure to Defend

### A. Yahoo was defended in the *In re Yahoo Mail Litigation* and controlled the settlement of that case just as it would have if National Union had accepted tender of the defense.

In November 2013, Yahoo tendered its defense of the *Holland* lawsuit to National Union. Decl. of M. Lovell, ¶ 4, Ex. 4 (all citations to evidence are Lovell Declaration, filed concurrently). National Union declined Yahoo's tender in January 2014, advising Yahoo that "as soon as possible," it should send National Union any information or documents that might

cause National Union to review its coverage position. *Id.*, ¶ 5, Ex. 5 at p.5. Nearly two years passed until Yahoo communicated again with National Union.

In the meantime, *Holland* was consolidated with the *In re Yahoo Mail Litigation* class action. On November 20, 2015, Yahoo asked National Union to reconsider its denial of coverage for *Holland* and referenced, for the first time, *In re Yahoo Mail Litigation*, filed 21 months earlier in February 2014. *Id.*, ¶ 6, Ex. 6; see also *id.*, ¶ 11, Ex. 11 (Depo. of Yahoo Rule 30(b)(6) witness D. Tepstein) at 93:1-94-3.

Thereafter, Yahoo participated in two mediations with the *In re Yahoo Mail Litigation* plaintiffs, and "reached an agreement in principle to settle the action on a class-wide basis" on December 4, 2015. Lovell Decl., ¶ 10, Ex. 10 at 1 (Stip. and Proposed Order re SJ Hearing). On January 27, 2016, Yahoo first advised National Union that it had reached a preliminary settlement of the *In re Yahoo Mail Litigation* and the parties sought Court approval of the settlement. *Id.*, ¶ 8, Ex. 8 at 3; ¶11, Ex. 11 (Tepstein Depo.) at 95:1-16.

On February 16, 2016, National Union advised Yahoo it reconsidered its coverage position and would defend Yahoo subject to a reservation of rights. Lovell Decl., ¶ 7, Ex. 7. In its reservation, National Union cited Yahoo's repayment obligations under the Deductible Coverage Endorsement, requested information about *In re Yahoo Mail Litigation*, and advised Yahoo it had a right to independent counsel to defend its interests. *Id.*, Ex. 7, at pp. 2, 4, and 7. Yahoo elected not to pursue National Union's offer of a defense and independent counsel because at that point, the case was "nearly concluded." *Id.*, ¶ 11, Ex. 11 (Tepstein Depo.) at 114:14. Yahoo settled *In re Yahoo Mail Litigation* by agreeing to pay the Plaintiffs' class attorney fee award and class representative service fees of $4,020,000.

*Before Yahoo had even tendered the* Holland *lawsuit to National Union,* Yahoo hired Morrison & Foerster to defend its interests. *Id.* at 40:12-16. Yahoo had a "long-standing relationship" with Morrison & Foerster, which Yahoo retained for its experience defending class action lawsuits. *Id*. at 41:4-16, 67:2-16. At some point, Yahoo also retained ZwillGen to represent it in the *In re Yahoo Mail Litigation*. Yahoo had worked with ZwillGen's founder for

over a decade, relying on ZwillGen's expertise on breach of privacy claims. *Id*. at 41:17-42:2, 67:17-18. Both firms had previously represented Yahoo in the *Sutton* and *Penkava* lawsuits.

**B. There is No Causal Connection Between the settlement and any breach of duty by National Union**

The California Supreme Court mandates that, where an insurer acts in bad faith, it may be liable for damages that are the "proximate result of that breach." *Brandt v. Superior Court*, 37 Cal. 3d 813, 817 (1985). In *Brandt*, the insured's consequential damages were attorney fees the insured incurred to obtain coverage under a policy. To illustrate causation to support the attorney fee award, the Court in *Brandt* explained: "When a pedestrian is struck by a car, he goes to a physician for treatment of his injuries, and the motorist, if liable in tort, must pay the pedestrian's medical fees. Similarly, in the present case, an insurance company's refusal to pay benefits has required the insured to seek the services of an attorney to obtain those benefits, and the insurer, because its conduct was tortious, should pay the insured's legal fees." *Id.* at 817 (citation omitted).

California courts have found proximate cause to support an excess-policy-limits award where a default judgment was entered against the insured because the insured could not afford counsel to defend the lawsuit. *Amato v. Mercury Cas. Co.*, 53 Cal. App. 4th 825, 829 (1997). The default was a consequence of the insurer's refusal to defend because the insurer "was given ample notice of the action and on two occasions declined settlement proposals" and thus could not have been "surprised that the claim proceeded to a default judgment." *Id.* at 838.

Similarly, insurers may be liable in excess of policy limits for an insurer's bad faith failure to accept a settlement demand within policy limits. *See Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 401 (2000) ("to protect the insured from exposure to liability in excess of coverage as a result of the insurer's gamble—on which only the insured might lose;" an insurer is liable for an excess-of-limits judgment for a bad faith wrongful failure to settle). Since liability beyond policy limits constitutes damages that arise "naturally" from a liability insurer's failure to accept a reasonable settlement offer within policy limits, such damages are foreseeable within the meaning of Civil Code section 3300. That statute allows for a recovery

in such a case because it is foreseeable upon entering into an insurance contract that such a breach of the implied covenant could result in damage beyond the policy limits, and such a situation should have reasonably been contemplated when the insured and the insurer were entering into the contract. *Comunale v. Traders & Gen. Ins. Co.*, 50 Cal. 2d 654, 659-60 (1958). The rationale in this circumstance is that the insurer's excess liability arises from its failure to settle within policy limits, rather than from its failure to defend: "The decisive factor in fixing the extent of [the insurer's] liability is not the refusal to defend, it is the refusal to accept an offer of settlement within policy limits." *Johansen v. Cal. State Auto. Ass'n Inter-Ins. Bur.*, 15 Cal.3d 9, 17 (1975).

In these cases, there is proximate cause -- a logical nexus between -- the insurer's bad faith failure to defend and the entry of a default judgment or wrongful failure to settle within limits, thereby exposing the insured to an excess-of-limits damage award.

Nothing like that occurred here. Yahoo was represented by counsel of its own choosing—as would have occurred regardless of whether National Union accepted tender of the defense; negotiated the settlement it deemed reasonable based on the strength of the underlying claimants' claims—as would have occurred regardless of whether National Union accepted tender of the defense; and was ultimately obligated to pay defense costs and the settlement amount because it purchased a fronting policy that left it bearing all the risk. Accordingly, there is no ground for concluding that Yahoo's settlement of *In re Yahoo Mail Litigation* would have differed in any way even if National Union had accepted the defense. Thus, National Union's alleged bad faith did not proximately cause any damages with respect to the underlying settlement beyond the attorneys' fees paid by Yahoo to establish that the settlement included damages covered by the policy.

Simply put, where, as here, the insurer's only wrongful act is its refusal to defend, and the insured has employed competent counsel to represent it, "there is no ground for concluding that the judgment would have been for a lesser sum had the defense been conducted by insurer's counsel, and therefore it cannot be said that the detriment suffered by the insured as the result of a judgment in excess of the policy limits was proximately caused by the insurer's

refusal to defend." *Comunale*, 50 Cal.2d at 661 (emphasis added). Thus, there is no basis here for Yahoo to claim any part of the underlying settlement as damages.

## III. CONCLUSION

For all these reasons, Yahoo should be precluded at trial from offering any evidence or argument that the amounts Yahoo incurred in settlement of *In re Yahoo Mail Litigation*, in excess of applicable policy limits, are recoverable consequential damages for National Union's alleged bad faith failure to defend.

Dated: January 10, 2019

GORDON & REES LLP

By: */s/ Asim K. Desai*
Asim K. Desai
Steven R. Inouye
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation

Dated: January 10, 2019

NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP

By: */s/ Matthew C. Lovell*
Richard H. Nicolaides, Jr.
Daniel I. Graham, Jr.
Matthew C. Lovell
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation