ASIM K. DESAI (SBN: 175402)
adesai@grsm.com
STEVEN R. INOUYE (SBN: 245024)
sinouye@grsm.com
GORDON & REES, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

MATTHEW C. LOVELL (SBN: 189728)
mlovell@nicolaidesllp.com
RICHARD H. NICOLAIDES, JR. (Appearance *Pro Hac Vice*)
rnicolaides@nicolaidesllp.com
DANIEL I. GRAHAM, JR. (Appearance *Pro Hac Vice*)
dgraham@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 745-3770
Facsimile: (415) 745-3771

Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,
a Pennsylvania Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| YAHOO! INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>Defendant. | Case No. 5:17-CV-00489-EJD<br><br>**NATIONAL UNION'S MOTION IN LIMINE NO. 9 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING *BRANDT* FEES**<br><br>Pretrial Conference: January 24, 2019<br>Time: 1:30 p.m.<br>Trial Date: February 5, 2019 |

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") moves this Court for an order to exclude any evidence or argument regarding attorneys' fees and costs Plaintiff Yahoo! Inc. ("Yahoo") seeks to recover under *Brandt v. Superior Court,* 37 Cal. 3d 813 (1985) for National Union's alleged bad faith failure to defend and indemnify the "Email Scanning Lawsuits."[1] The Court should exclude the evidence due to Yahoo's willful failure to disclose such evidence as required. In support thereof, National Union submits the following:

## I. INTRODUCTION

Under California law, when an insurer's tortious (bad faith) conduct compels the insured to retain an attorney to obtain the benefits due under a policy, the insurer can be liable in a tort action for that expense. "The attorney's fees are an economic loss—damages—proximately caused by the tort." *Id.* at 817. Under *Brandt* and its successors, if a plaintiff proves that the insurer's conduct amounted to bad faith, the plaintiff may recover as damages those reasonable attorneys' fees incurred to obtain policy benefits, but may not recover those attorneys' fees incurred to prove the tort of bad faith itself or any other claim. *Essex Ins. Co. v. Five Star Dye House, Inc*., 38 Cal. 4th 1252, 1258 (2006); *Brandt*, 37 Cal. 3d at 819.

In its Complaint filed nearly two years ago, Yahoo made clear that it seeks to recover its *Brandt* fees as damages for National Union's alleged bad faith. Yahoo also identified *Brandt* fees as an element of its claimed damages in its initial disclosures and discovery responses served thereafter. To present and prove a claim for such damages, Yahoo must fully disclose the evidence to support the claim. Yet, to date, on the eve of trial, Yahoo has done nothing of the sort. It has shirked its obligations and willfully declined to produce any invoices that would prove its *Brandt* fees. Yahoo has tried to justify this refusal on the grounds the invoices are privileged. However, by putting its *Brandt* fees at issue, Yahoo has waived its claim for privilege. *R&R Sails, Inc. v. Ins. Co. of Penn*., 673 F.3d 1240, 1247 (9th Cir. 2012) (Rule 26 required production of attorney billing records in support of *Brandt* fee claim).

[1] The Email Scanning Lawsuits are: *Sutton, et al. v. Yahoo! Inc*., No. CIV 120s2973 (Marin Cty. Super. Ct.); *Penkava v. Yahoo! Inc*., No. 12-cv-03414 (U.S.D.C., N.D. Cal.); and *Holland v. Yahoo*! Inc., No. 13-cv-4980 (U.S.D.C., N.D. Cal.), consolidated into *In re Yahoo Mail Litigation*.

If Yahoo is allowed to present *Brandt* fee evidence at trial after refusing to produce such evidence despite the clear mandate of Rule 26 and the applicable case law, National Union will be severely prejudiced, as it will have been denied the opportunity to investigate whether Yahoo's claimed attorneys' fees were reasonable and were incurred to obtain policy benefits. Because Yahoo has consistently, willfully refused to provide the evidence necessary to support its *Brandt* fees claim -- or to allow National Union to challenge that claim -- the Court should preclude Yahoo from introducing any such evidence at trial, requiring removal of Yahoo's request for *Brandt* fees as an item of damages in this action.

## II. THE NATURE OF *BRANDT* FEES

Under *Brandt*, to recover attorneys' fees, the insured must prove that: 1) it was entitled to policy benefits from the insurer; 2) the insurer withheld such benefits unreasonably, i.e., without proper cause; 3) the insured incurred legal fees and expenses to pursue the contract benefits owed; and 4) the fees and costs were reasonable. *Brandt*, 37 Cal. 3d at 820. The fees may not exceed the amount attributable to the attorney's efforts to obtain the payment due on the insurance contract. The award "must not include attorneys' fees incurred to recover any other portion of the verdict." *Id.* at 819; 820.

Specifically, *Brandt* does *not* authorize the recovery of fees "incurred in prosecuting the tortious breach of covenant [bad faith] claim" (*Burnaby v. Standard Fire Ins. Co*., 40 Cal. App. 4th 787, 792 (1995)), or punitive damages. *Cassim v. Allstate Ins. Co*., 33 Cal.4th 780, 812 (2004). Yahoo – not National Union -- has the burden of proving apportionment of the fees attributable to contract recovery (which are permissible as damages) as opposed to other purposes (which are not recoverable as damages). *Id.* at 813. Furthermore, the trier of fact decides whether and in what amount *Brandt* fees are appropriate. *Brandt*, 37 Cal.3d at 819 ("the determination of the recoverable fees must be made by the trier of fact unless the parties stipulate otherwise.").

\\\

\\\

\\\

## III. YAHOO PUT ITS *BRANDT* FEES AT ISSUE BUT HAS REFUSED TO PRODUCE ANY DOCUMENTS TO SUPPORT ITS CLAIM

In its complaint, Yahoo asserted that "[p]ursuant to … *Brandt* … Yahoo is entitled to recover its reasonable attorneys' fees incurred in its efforts to obtain the benefits of coverage" that National Union withheld in bad faith. Yahoo Cmplt., Dkt. 1, ¶ 60. Yahoo served its initial Rule 26 disclosures on June 15, 2017. Decl. of M. Lovell, ¶ 12, Ex. 12.[2] Under Rule 26(a)(1)(A)(iii) (requiring a "computation of each category of damages claimed"), Yahoo stated that it "seeks all fees and costs to recover against National Union … based on its claim for breach of the implied covenant of good faith and fair dealing." *Id.,* Ex. 12, at 3:26-4:7. Yahoo did not produce any documents with its initial disclosures to support its claim for attorneys' fees and has not supplemented its disclosures or related document production at any time since. Lovell Decl., ¶ 12.

At the May 3, 2018 deposition of Yahoo corporate designee Daniel Tepstein, Yahoo's counsel stated that Yahoo would produce information regarding the invoice amount and the dates of the invoices. Lovell Decl., ¶ 11, Ex. 11 (Tepstein Depo.) at 136:15-18. On May 22, 2018, Yahoo served its responses to National Union's requests for production of documents. In response to requests for all documents that support the claim for damages for National Union's alleged bad faith, including all *Brandt* fee invoices, Yahoo asserted objections for privilege, then stated it "will provide … a spreadsheet setting forth the invoice amounts of its outside counsel … which Yahoo incurred (and continues to incur) as part of its efforts to obtain the benefits of the coverage …." Lovell Decl., ¶ 13, Ex. 13 at 6:14-19. To date, Yahoo has not provided any such spreadsheet. *Id.* Lovell Decl., ¶ 13.

Yahoo has declined to produce the invoices it <u>must</u> produce to recover any damages for *Brandt* fees and avoid the risk of exclusion of such evidence from trial. In a November 29, 2018 e-mail to Yahoo, National Union again requested the invoices. Lovell Decl., ¶ 14, Ex. 14 at 14-7:14-8 (Nicolaides email). That email cited several of the cases and rules analyzed below,

---

[2] All citations to evidence are reflected in or attached to the Lovell Declaration, filed concurrently.

yet, in its email response on November 4, 2018, Yahoo categorically refused to produce the invoices. Lovell Decl., ¶ 14, Ex. 14 at 14-1 (Um email). Apart from mentioning an estimated total amount of fees and costs as of the Tepstein deposition, and providing on December 4, 2018 an updated, un-itemized claim of total attorney fees and costs through July 2018, Yahoo has not provided any information regarding its *Brandt* fees to National Union. Lovell Decl., ¶ 15.

## IV. YAHOO IS REQUIRED TO PRODUCE ITS *BRANDT* FEE INVOICES

### A. Rule 26 Required Yahoo to Disclose and Make Available the Invoices

Yahoo is required to disclose all the evidence it might use to support its damage claims. Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure provides in part that "a party must, without awaiting a discovery request," provide to the other parties a copy (or a description) "of all documents that the disclosing party may use to support its claims … [and]

> (iii) *a computation of each category of damages claimed by the disclosing party* who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material*,* unless privileged or protected from disclosure, on which each computation is based; …

Cases applying Rule 26 in the context of *Brandt* fee claims drive home the point that having claimed such fees as an element of damages, Yahoo had an affirmative duty to include the invoices in its Rule 26(a)(1) disclosures or risk waiver of the claim, regardless of privilege. In *R&R Sails v. Ins. Co. of the State of Pa.*, 673 F.3d 1240, 1246-47 (9th Cir. 2012), the court held the district court did not abuse its discretion in finding that an insured had violated Rule 26 by failing to produce its *Brandt* fees invoices and remanded the case for the trial court to determine whether the failure to disclose was willful. More recently, in this Court, Judge Jon Tigar observed that, after *R&R Sails*, "it is now hornbook law in this circuit—if it wasn't already clear—that Rule 26 requires bad faith plaintiffs … to produce their attorney billing records …" *Nationwide Mut. Ins. Co. v. Ryan*, 2014 WL 12709392, at *2 (N.D. Cal. Apr. 14, 2014). In *Ryan*, the insureds objected to disclosure on grounds of attorney-client privilege and the work product doctrine, and did not produce billing records until after Nationwide had moved *in limine* to exclude them. The court held that under Rule 26, the insureds had a duty to produce attorney billing records with their initial disclosures and to supplement those records as the

litigation progressed. By failing to do so, "the insureds clearly violated their obligations under Rule 26 …" *Id.* The court ordered Ryan's counsel to sit for deposition before trial.

**B. Yahoo Cannot Simultaneously Claim Privilege and Seek Its *Brandt* Fees**

In its communications to National Union, Yahoo has argued that its *Brandt* fee invoices are absolutely privileged from disclosure. Not so. Under California law, even though a claim for attorney-client privilege protection might apply to *Brandt* fee invoices, a party waives the protections afforded to *otherwise* privileged material by putting the contents of the communication at issue, if that disclosure is essential for a fair adjudication of the action. *S. Cal. Gas Co. v. Pub. Util. Com*., 50 Cal. 3d 31, 40 (1990). That has happened here, where Yahoo has put the invoices at issue by seeking them as damages and must ultimately prove the proper apportionment of its fees between those incurred to recover contract benefits versus other matters. *Cassim*, 33 Cal.4th at 813.

In *San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*., 2017 WL 2465026 (S.D. Cal. June 7, 2017), the court cited four other federal district court opinions for the principle that, by seeking to recover *Brandt* fees, the insureds "have waived the privileges that *might have* covered the information." *Id.* at *1 (emphasis added, citations omitted). In *Leeper-Johnson v. Prudential Ins. Co. of Am.*, 2009 WL 1318692, at *25 (Cal. Ct. App. May 28, 2009) (unpublished), the court stated that "by claiming *Brandt* fees as part of her compensatory damages award [the insured] placed the fee agreements at issue and fundamental fairness requires their disclosure." *Accord Steiny & Co., Inc. v. Cal. Elec. Supply Co.* 79 Cal. App. 4th 285, 292 (2000) ("Where privileged information goes to the heart of the claim, fundamental fairness requires that it be disclosed for the litigation to proceed.").

Yahoo has chosen not to produce its *Brandt* fees invoices. It should be held to the consequences of that choice. "A party who asserts a privilege as to evidence essential to some element of [its] case will usually be obliged as a practical matter to forsake that element; [its] decision to do so will have been a necessary part of the decision to assert the privilege." *Xebec Dev. Partners, Ltd. v. National Union Fire Ins. Co.*, 12 Cal. App. 4th 501, 569 (1993), overruled on other grounds by *Essex v. Five Star*, 38 Cal. 4th 1252. In *Xebec*, the court upheld the trial

court's exclusion of defense fee invoices (claimed as an item of damages for breach of the duty to defend) that the insured had withheld as privileged until during trial. The court made clear that "the party cannot have it both ways" by asserting the privilege in discovery and then, having denied the adversary discovery, "waive the privilege and offer the proof at trial without taking or suffering steps appropriate to cure the prejudice to the adversary." *Id.* at 569.[3] Because *Brandt* and its successors make clear that Yahoo can only recover for those fees incurred to prove breach of contract, it would be necessary to allow National Union access to the invoices to allow a fair adjudication of this issue.

By electing to stand on its assertion of privilege in the face of the authority cited above, Yahoo has waived its claim for *Brandt* fees. The Court should not condone Yahoo's decision by allowing it to produce such evidence for the first time, on the eve of – or during – trial.

**C. There Is No Basis to Excuse Yahoo's Non-Compliance with Rule 26.**

A party that fails to provide information as required by Rule 26 may ***not*** use that information at trial unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1)'s preclusionary sanction is 'automatic' absent a determination of either 'substantial justification' or 'harmlessness.'" *AMEX v. Mopex, Inc.* (S.D.N.Y. 2002) 215 F.R.D. 87, 93. "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails*, 673 F.3d at 1246. Yahoo cannot meet its burden to show that its stonewalling in the face of contrary controlling authority is substantially justified or harmless.

This Court has expressly held that an insured's failure to disclose *Brandt* fees is not harmless under Rule 37(c) because such fees "are an essential component of a bad faith claim, and the size of that component[4] is crucial information to the party defending the claim." *Ryan*, 2014 WL 12709392 at *2. Yahoo has deprived National Union of this crucial information.

\\\

[3] In *Xebec*, the court noted that "the fairness problem" had been resolved because the case was remanded for retrial of damages, and the insurer had had the invoices since the first trial. 12 Cal. App. 4th at 569.

[4] Not to mention the ability to analyze and apportion the invoices per *Cassim*, 33 Cal.4th at 813.

The "substantial justification" prong of Rule 37(c) "requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact." *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995). Here, the many cases cited above demonstrate that Yahoo's position – i.e., that its *Brandt* fee invoices are absolutely protected from disclosure until some undefined later date when Yahoo can sweep them into evidence at trial -- has no reasonable basis in law and fact. Yahoo's refusal to produce its *Brandt* invoices is neither harmless nor substantially justified. Accordingly, the Court should exercise its discretion under Rule 37(c) and exclude the evidence of such fees.

## V. CONCLUSION

For all these reasons, Yahoo should be barred from offering evidence or referencing any *Brandt* fee claim at trial.

Dated: January 10, 2019

GORDON & REES LLP

By: */s/ Asim K. Desai*
Asim K. Desai
Steven R. Inouye
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation

Dated: January 10, 2019

NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP

By: */s/ Matthew C. Lovell*
Richard H. Nicolaides, Jr.
Daniel I. Graham, Jr.
Matthew C. Lovell
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation