ASIM K. DESAI (SBN: 175402)
adesai@grsm.com
STEVEN R. INOUYE (SBN: 245024)
sinouye@grsm.com
GORDON & REES, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

MATTHEW C. LOVELL (SBN: 189728)
mlovell@nicolaidesllp.com
RICHARD H. NICOLAIDES, JR. (Appearance *Pro Hac Vice*)
rnicolaides@nicolaidesllp.com
DANIEL I. GRAHAM, JR. (Appearance *Pro Hac Vice*)
dgraham@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 745-3770
Facsimile: (415) 745-3771

Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
a Pennsylvania Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| YAHOO! INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>Defendant | Case No. 5:17-CV-00489-EJD<br><br>**NATIONAL UNION'S MOTION IN LIMINE NO. 10 TO BAR EVIDENCE AND ARGUMENT THAT NATIONAL UNION HAS THE BURDEN OF PROOF ON DAMAGES.**<br><br>Pretrial Conference: January 24, 2019<br>Time: 1:30 p.m.<br>Trial Date: February 5, 2019 |

National Union Fire Insurance Company of Pittsburgh, Pa ("National Union") moves this Court for an Order excluding any evidence, references to evidence, testimony or argument barring Yahoo from offering opinion testimony or arguing that National Union bears the burden of proving Yahoo's damages at trial. In support thereof, National Union submits the following:

## I. INTRODUCTION

This dispute emanates from National Union's handling of three claims involving lawsuits alleging that Yahoo! Inc. ("Yahoo") surreptitiously scanned the emails of non-customers (collectively, the "Email Scanning Lawsuits").[1] As respects *Holland/In re Yahoo Mail Litigation*, Yahoo seekst defense and indemnity under a single insurance policy that National Union issued for the policy period May 31, 2011 to May 31, 2012 (the "2011 Policy"). (The 2011 Policy is attached as Exhibit 2 to the Declaration of M. Lovell, filed concurrently.) The 2011 Policy contains a Deductible Coverage Endorsement, which this Court has found is applicable and enforceable. Under the endorsement, Yahoo is obligated to reimburse National Union 100% of its Allocated Loss Adjustment Expenses ("ALAE"), which includes fees, costs, or expenses reasonably chargeable to the defense of a claim or suit against the insured, as well as any amounts National Union pays as damages, up to the "personal injury" deductible limits of $1 million each person or organization. *See* Lovell Decl., ¶ 2, Ex. 2 at NUFIC_POL_0347-0349. Indeed, the endorsement is the essential feature that makes the 2011 Policy a "fronting" policy. The 2011 Policy is further subject to a separate, negotiated "Payment Agreement," by which Yahoo agreed to reimburse National Union for all payments made under the policy within 30 days of being invoiced by National Union. *Id.*, ¶ 3, Ex. 3.

In light of this Court's order that the Deductible Coverage Endorsement is applicable and enforceable, Yahoo has indicated in its draft pre-trial statement that it plans to argue at trial that because National Union raised the deductible endorsement as an affirmative defense, National Union necessarily has the burden of proof at trial to prove "what amount it would have

---

[1] *Sutton, et al. v. Yahoo! Inc.*, No. CIV 120s2973 (Marin Cty. Super. Ct.) ("*Sutton*"); *Penkava v. Yahoo! Inc.*, No. 12-cv-03414 (U.S.D.C., N.D. Cal.) ("*Penkava*"); and *Holland v. Yahoo! Inc.*, No. 13-cv-4980 (U.S.D.C., N.D. Cal.), consolidated into *In re Yahoo Mail Litigation*.

paid as 'ALAE' and, therefore, what amount it would have been entitled to reimbursement from Yahoo." *See* Joint Pretrial Conf. Stmt. (Jan.10, 2019) at Section 2 ("Relief Sought"). Stated differently, Yahoo asserts that National Union has the burden of proving the amount of coverage Yahoo was owed and thus Yahoo's damages for breach of contract. Yahoo's position is baseless, as Yahoo retains the burden of proving its damages at trial.

## II. THIS COURT SHOULD KEEP THE BURDEN OF PROVING DAMAGES WITH YAHOO AS MANDATED BY CALIFORNIA LAW AND BAR ANY EVIDENCE AND ARGUMENT TO THE CONTRARY.

It is axiomatic that, to prevail on a cause of action for breach of contract, the plaintiff must prove a breach by the defendant and the amount of damages caused by the breach. *Reichert v. General Ins. Co.*, 68 Cal. 2d 822, 830 (1968); *Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008) ("In California, a claim for breach of contract requires a plaintiff to establish: (1) a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damage to plaintiff."). In fact, the insured under a third-party liability policy has the burden of proving a covered act or event was a substantial cause of the injury or property damage for which the insured is liable, and this burden extends to showing the causal act or event was within an exception to a policy exclusion when the insurer has shown the exclusion is applicable. *State of California v. Allstate Ins. Co.*, 45 Cal. 4th 1008, 1036–37 (2009). "[I]n diversity cases the federal courts must follow the law of the State as to burden of proof[.]" *Guarantee Trust Co. of N.Y. v. York*, 326 U.S. 99, 109, 65 S. Ct. 1464, 1470, 89 L. Ed. 2079 (1945) (citation omitted). California law requires that a "party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting." *Sargent Fletcher, Inc. v. Able Corp.*, 110 Cal. App. 4th 1658, 1668 (2003); Cal. Evid. Code, § 500 (same).

An affirmative defense is an assertion raising new facts and arguments that, if true, will defeat plaintiff's claim, even if all allegations in the complaint are true. *Bay Area Roofers Health & Welfare Tr. v. Sun Life Assurance Co. of Canada*, No. 13-cv-4192, 2013 WL 6700017, at *2 (N.D. Cal. Dec. 19, 2013); *Roberge v. Hannah Marine Corp.*, 124 F.3d 199

(Table), 1997 WL 468330, at *3 (6th Cir. Aug. 13, 1997) ("An affirmative defense ... is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claims are proven."). In contrast, where an answer "sets forth facts showing some essential allegation of the complaint is not true, such facts are not 'new matter,' but only a traverse" that does not shift the burden of proof. *Bevill v. Zoura*, 27 Cal. App. 4th 694, 698 (1994). Thus, a defense that points out a defect in the plaintiff's prima facie case is not an affirmative defense. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); *Flav–O–Rich v. Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.").

Here, Yahoo bears the burden of proving the extent of any damages owed under the policy for breach of contract under settled California law. The Deductible Coverage Endorsement is part of the contract, the terms of which Yahoo must prove. The endorsement merely sets the framework for how payments for defense and indemnity expenses under the contract will be made and then reimbursed under the fronting policy. As such, the available damages for breach of contract—as framed by the deductible endorsement—falls squarely within Yahoo's burden of proof at trial.

Recognizing that it has the burden of proof on damages, Yahoo attempts to shift this burden to National Union by asserting that because National Union raised the endorsement in its affirmative defenses to Yahoo's complaint, National Union assumed the burden of proof on the endorsement. Notably, the record shows that National Union stated clearly it was not assuming the burden of proof on the issue in its pleading: "By listing any matter as an affirmative defense, National Union does not assume the burden of proving any matter upon which Yahoo bears the burden of proof under applicable law." National Union Answer, Dkt. No. 13, at 12:12-14.

Additionally, as the case law establishes, National Union did not raise an affirmative defense by relying upon the endorsement because it does not raise new facts or arguments that,

if true, would defeat Yahoo's claim. National Union's reference to the deductible endorsement in its answer merely sets forth facts showing that an essential allegation of Yahoo's complaint—the amount of available damages for breach—is not true. National Union's reliance upon the endorsement points out a defect in the plaintiff's *prima facie* case that it is entitled to damages that exceed the parties' agreement as contained in the endorsement. Reliance upon the endorsement does not raise new facts or a new matter but only a traverse that does not shift the burden of proof under *Bevill, supra.* Because the Deductible Coverage Endorsement does not raise new issues nor act to preclude liability even if all the elements of the plaintiff's claims are proven, it is not an affirmative defense, and thus, the burden does not shift to National Union to prove its impact on Yahoo's alleged contract damages.

**IV. CONCLUSION**

For these reasons, National Union seeks an Order from this Court excluding any evidence, references to evidence, testimony or argument that National Union bears the burden of proof of establishing Yahoo's damages consistent with the policy's Deductible Coverage Endorsement.

Dated: January 10, 2019

GORDON & REES LLP

By: */s/ Asim K. Desai*
Asim K. Desai
Steven R. Inouye
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation

Dated: January 10, 2019

NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP

By: */s/ Matthew C. Lovell*
Richard H. Nicolaides, Jr.
Daniel I. Graham, Jr.
Matthew C. Lovell
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation