JASSY VICK CAROLAN LLP
WILLIAM T. UM (State Bar No. 166536)
wum@jassyvick.com
ELIZABETH CAPEL (State Bar No. 313390)
ecapel@jassyvick.com
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010

Attorneys for Plaintiff YAHOO! INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

YAHOO! INC., a Delaware corporation,

Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,

Defendant.

Case No.: 5:17-cv-00489-EJD
Hon. Edward J. Davila, Courtroom 4

**YAHOO'S OPPOSITION TO NATIONAL UNION'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT ABOUT THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR SUMMARY JUDGMENT**

Date: January 24, 2019
Time: 11:00 a.m.
Courtroom: 4
Judge: The Honorable Edward J. Davila
Trial Date: February 5, 2019

Plaintiff Yahoo! Inc. ("Yahoo") respectfully submits the following opposition to Defendant National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") Motion in Limine No. 2 to exclude evidence or argument about the Court's order granting in part and denying in part motions for summary judgment.

**INTRODUCTION**

Following this Court's order granting summary judgment on several key issues of liability, this case is proceeding to trial on a set of limited questions for the jury. Stated simply, those issues center around what damages Yahoo may recover from National Union based on National Union's breaches of the duty to defend and the duty to indemnify in connection with the underlying cases relevant to this matter; whether National Union breached the implied covenant of good faith and fair dealing it owed to Yahoo; and if National Union breached the implied covenant, what damages Yahoo may recover as a result of that breach. The Court's MSJ Order determining that National Union breached its duty to defend and its duty to indemnify is the reason that the upcoming trial is limited to the issues of the scope of damages and National Union's alleged bad faith conduct. In other words, the Court's MSJ Order is necessarily the starting point and the basis for the jury's role in this case.

National Union's apparent fears about how Yahoo could use the Court's MSJ Order are not based in any reality of what Yahoo and National Union have discussed during the meet and confer process or in Yahoo's plans for trial. Nonetheless, Yahoo opposes the sweeping nature of National Union's Motion in Limine. The simple fact is that the reason the jury is being asked to determine the scope of damages owed to Yahoo is because National Union was found to have breached it duty to defend and its duty to indemnify and, thereby, breached the insurance policy at issue in this trial. National Union cannot hide this fact from the jury and withholding such information would prejudice Yahoo's ability to tell a complete story to support its claim for damages and to support its bad faith cause of action. The jury will have to know that the questions presented to it are limited beyond what the jury would logically expect if there had been no prior rulings on these issues in this case. National Union's sweeping Motion in Limine will confuse the jury regarding National Union's liability by hiding the reason the jury is being asked to look only at a limited set of issues.

## ARGUMENT

The Court's MSJ Order determined that National Union breached its duty to defend all of the underlying Email Scanning Cases and breached its duty to indemnify with respect to the attorneys' fees awarded in the *In re Yahoo Mail Litigation*. The MSJ Order significantly limited the issues for trial and is thus the starting point for the jury's role in this trial and why the jury is only being asked to determine the scope of damages owed by National Union. National Union's arguments reveal a surprising lack of confidence in a jury's ability to follow instructions and in Yahoo's propensity to handle trial in a civil and fair manner. Yahoo has no plans to afford undue or prejudicial weight to the Court's MSJ Order, nor has it ever indicated as such to National Union. But the jury must be able to understand how and why they are being asked to focus on limited issues regarding the scope of damages for National Union's multiple breaches and whether National Union breached the covenant of good faith and fair dealing. Most importantly, there is no legal basis for National Union's argument to exclude any reference whatsoever to the Court's MSJ Order.

### NATIONAL UNION'S ARGUMENT IS UNSUPPORTED BY CASE LAW.

As courts routinely hold, previous orders on summary judgment play an important role at trial. They allow the jury to focus on the remaining issues of fact, and keeping a jury ignorant of a Court's relevant previous orders risks confusion and circumvention of those orders. *See, e.g., Spin Master, Ltd. v. Zobmondo Entm't, Ltd.*, No. CV-06-3459, 2012 WL 8134012, at *15 (C.D. Cal. Apr. 27, 2012) (allowing discussion of court's previous summary judgment order—*even after that order had been reversed by the Ninth Circuit*—with a limiting instruction to the jury, as evidence and explanation for the parties' litigation behavior before the order was reversed); *Gen-Probe, Inc. v. Becton Dickinson & Co.*, No. 09-CV-2319, 2012 WL 9335913, at *12 (S.D. Cal. No. 26, 2012) (denying a motion in limine to exclude reference to the court's prior summary judgment order because "it may be necessary to reference that finding [on summary judgment] to explain the evidence and argument."); *Oyarzo v. Tuolumne Fire Dist.*, No. 1:11-cv-01271, 2013 WL 5718882, at *21 (E.D. Cal., Oct. 8, 2013) (underscoring the importance and relevance of the court's prior partial grant of summary judgment by granting a motion in limine to exclude evidence contradicting the summary judgment order); *Wyatt Tech. Corp. v. Malvern Instruments, Inc.*, No. CV 07-8298,

2010 WL 11505684, at *27 (C.D. Cal. Jan. 25, 2010) (limiting the amount of evidence the parties could present regarding a previous related litigation *but allowing in* the operative complaint and the district court's summary judgment order); *Ohio 6 Ltd. v. Motel 6 Operating L.P.*, No. CV 11-08102, 2013 WL 12125747, at *10 (C.D. Cal., Aug. 7, 2013) (excluding evidence from trial where it "might ultimately result in the jury inappropriately circumventing the court's summary judgment order").

The two cases National Union cites in support of its argument have no weight here. First, *Park West Radiology v. CareCore National LLC*, 675 F. Supp. 2d 314, 323-24 (S.D.N.Y. 2009), besides being out of circuit, is about a preliminary injunction that the non-moving party argued would cause confusion if admitted at trial because it would suggest the party had changed positions since filing the motion for a preliminary injunction. The facts here are not at all similar. The summary judgment order is not inconsistent with either party's positions now. Second, *United States v. Pacific Gas & Electric Co.*, 178 F. Supp. 3d 927, 948 (N.D. Cal. 2016) is about excluding a decision made by the National Transportation Safety Board, a third-party, outside agency. The Court held that permitting evidence of a ruling from another governing body with different evidentiary and legal standards would indeed be confusing, but that scenario is not even remotely present here, and thus National Union's citation to this case is irrelevant.

**CONCLUSION**

For the foregoing reasons, the Court should deny National Union's Motion in Limine regarding Yahoo's ability to discuss this Court's order granting in part and denying in part motions for summary judgment in this case.

Respectfully submitted,

Dated: January 14, 2019

JASSY VICK CAROLAN LLP

*/s/ William T. Um*

WILLIAM T. UM
Counsel for plaintiff Yahoo! Inc.