JASSY VICK CAROLAN LLP
WILLIAM T. UM (State Bar No. 166536)
wum@jassyvick.com
ELIZABETH CAPEL (State Bar No. 313390)
ecapel@jassyvick.com
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010

Attorneys for Plaintiff YAHOO! INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

YAHOO! INC., a Delaware corporation,

Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,

Defendant.

Case No.: 5:17-cv-00489-EJD
Hon. Edward J. Davila, Courtroom 4

**YAHOO'S OPPOSITION TO NATIONAL UNION'S MOTION IN LIMINE NO. 3 TO BAR LAY OPINION TESTIMONY THAT NATIONAL UNION'S CLAIMS-HANDLING WAS UNREASONABLE**

Date: January 24, 2019
Time: 11:00 a.m.
Courtroom: 4
Judge: The Honorable Edward J. Davila
Trial Date: February 5, 2019

Plaintiff Yahoo! Inc. ("Yahoo") respectfully submits the following opposition to Defendant National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") Motion in Limine No. 3 to bar lay opinion testimony that National Union's claims-handling was unreasonable.

**INTRODUCTION**

Following this Court's order granting summary judgment on several key issues of liability, this case is proceeding to trial on a set of limited questions for the jury. Stated simply, those issues center around what damages Yahoo may recover from National Union based on National Union's breaches of the duty to defend and the duty to indemnify in connection with the Email Scanning Cases; whether National Union breached the implied covenant of good faith and fair dealing it owed to Yahoo; and if National Union breached the implied covenant, what damages Yahoo may recover as a result of that breach.

Central to the question of whether National Union breached the implied covenant of good faith and fair dealing it owed to Yahoo is whether National Union acted unreasonably in denying Yahoo's tender of each of the six separate Email Scanning Cases. As National Union points out in its Motion in Limine, neither party has designated expert witnesses in this case. Yahoo does not plan to offer any evidence or testimony at trial that requires an expert opinion and, therefore, Yahoo does not take issue with the general premise that percipient witnesses should not be allowed to provide expert opinions.

However, Yahoo opposes National Union's Motion in Limine No. 3 to the extent that it represents any furtive attempt on National Union's part to foreclose percipient witnesses' ability to discuss their own personal knowledge and experiences, as permitted by the Federal Rules of Evidence. National Union has not identified any prior deposition testimony by either Mr. Tepstein, Mr. Kwan, or Ms. Bracho that it believes constitutes improper expert testimony. And while Yahoo does not oppose an order barring lay testimony on issues requiring an expert opinion, Yahoo contends that such an order must also specify that National Union's witnesses, including Jonathan Kipnis and Erik San Julian, be precluded from testifying that National Union's handling of Yahoo's tender of the Email Scanning Cases was *reasonable* because such testimony would constitute improper expert opinion by a lay witness.

## ARGUMENT

National Union is correct that the Federal Rules of Evidence bars lay witnesses from opining on issues requiring an expert opinion. *See* Fed. R. Evid. 701, 702. Yahoo does not plan on soliciting lay testimony that opines on issues beyond the scope outlined in Federal Rule of Evidence 701, and Yahoo expects that National Union will also fully comply with this limitation. But as the rule states, lay witnesses *may* offer an opinion that is (1) rationally based on the witness's perception; (2) helpful to clearly understanding the witness's testimony or to determining a fact at issue; and (3) not based on scientific, technical, or other specialized knowledge. Fed. R. Evid. 701. To the extent that National Union's Motion in Limine seeks to limit lay witnesses' testimony in this case beyond the scope allowed by Rule 701, Yahoo opposes the Motion in Limine as clearly at odds with the Federal Rules of Evidence.

Insomuch as National Union's Motion in Limine seeks to bar lay witnesses from offering an opinion that requires scientific, technical, or other specialized knowledge, Yahoo does not oppose that argument. But it does respectfully request that the Court clarify that just as Yahoo's witnesses cannot offer an expert opinion that National Union's conduct was unreasonable, neither can National Union's witnesses offer an opinion that its conduct was reasonable.

## CONCLUSION

For the foregoing reasons, the Court should deny National Union's Motion in Limine to bar lay opinion testimony to the extent that it seeks to limit the scope of lay opinion testimony allowed by Federal Rule of Evidence 701. Otherwise, Yahoo does not oppose National Union's Motion, and requests that any order encompass both Yahoo's and National Union's witnesses, as neither side has designated experts in this case.

Respectfully submitted,

Dated: January 14, 2019

JASSY VICK CAROLAN LLP

*/s/ William T. Um*
WILLIAM T. UM
Counsel for Plaintiff Yahoo! Inc.