JASSY VICK CAROLAN LLP
WILLIAM T. UM (State Bar No. 166536)
wum@jassyvick.com
ELIZABETH CAPEL (State Bar No. 313390)
ecapel@jassyvick.com
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010

Attorneys for Plaintiff YAHOO! INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

YAHOO! INC., a Delaware corporation,

Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,

Defendant.

Case No.: 5:17-cv-00489-EJD
Hon. Edward J. Davila, Courtroom 4

**YAHOO'S COMBINED OPPOSITION TO NATIONAL UNION'S MOTIONS IN LIMINE NOS. 4, 6, AND 10 TO BAR SPECULATIVE TESTIMONY ON DEFENSE COUNSEL RATES; ON THE SCOPE OF COMPENSATORY DAMAGES RESULTING FROM *HOLLAND* AND *IN RE YAHOO MAIL*; AND TO BAR YAHOO FROM ARGUING THAT NATIONAL UNION HAS THE BURDEN OF PROOF ON DAMAGES**

Date: January 24, 2019
Time: 11:00 a.m.
Courtroom: 4
Judge: The Honorable Edward J. Davila
Trial Date: February 5, 2019

Plaintiff Yahoo! Inc. ("Yahoo") respectfully submits the following combined opposition to Defendant National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") Motions in Limine Nos. 4, 6, and 10. Motions in Limine Nos. 4, 6 and 10 all revolve around the question of whether National Union or Yahoo is responsible for proving the elements to enforce the ALAE Endorsement as an affirmative defense to reduce Yahoo's claimed damages at trial. Consistent with the Court's MSJ Order and case law placing the burden to prove affirmative defenses on the defendant, National Union should bear the burden of proof regarding the impact, if any, of the ALAE Endorsement to damages for breach of contract.

**INTRODUCTION**

Following this Court's order granting summary judgment on several key issues of liability, this case is proceeding to trial on a set of limited questions for the jury. Stated simply, those issues center around what damages Yahoo may recover from National Union based on National Union's breaches of the duty to defend and the duty to indemnify in connection with the Email Scanning Cases; whether National Union breached the implied covenant of good faith and fair dealing it owed to Yahoo; and if National Union breached the implied covenant, what damages Yahoo may recover as a result of that breach.

In its MSJ Order, the Court—over Yahoo's objection—determined that despite being a breaching carrier, National Union could enforce the limitation provision of the ALAE Endorsement contained in the 2011 Policy.[1] The Court's MSJ Order is consistent with National Union's Third Affirmative Defense wherein National Union asserted that "under the terms of the ALAE Endorsements in the National Union Policies, Yahoo is obligated to reimburse to National Union all Allocated Loss Adjustment Expense ("ALAE"), as defined by the Policies, in addition to the applicable Deductible. National Union is therefore entitled to exercise its right to reimbursement of ALAE, including defense expenses, under the Deductible Endorsement." The clear logic here is that in order to enforce the ALAE Endorsement, National Union has the burden of proof regarding

[1] Yahoo disagrees with the Court's MSJ Order on this issue and has reserved its right to seek appellate relief. But for purposes of the upcoming trial, Yahoo accepts the Court's ruling.

the applicability and the scope of potential reimbursement that it is entitled to receive under the ALAE Endorsement.

**ARGUMENT**

**A. The ALAE Reimbursement Argument is an Affirmative Defense.**

The ALAE Endorsement is a limitation provision of the 2011 Policy that limits the amount that Yahoo is entitled to recover for the defense fees that it incurred to defend the Email Scanning Cases. As such, National Union, as the party responsible for enforcing the ALAE Endorsement, bears the burden of proof on this issue. Indeed, National Union itself recognized its burden to prove the ALAE Endorsement as it asserted the Endorsement as an affirmative defense in this case. In its Answer, National Union lists the ALAE Endorsement as its Third Affirmative Defense and states, "National Union is therefore entitled to exercise its right to reimbursement of ALAE." ECF No. 13 at 13. For purposes of this trial, Yahoo agrees that National Union may exercise its right to apply the ALAE Endorsement but National Union must bear the burden of showing the jury how the reimbursement of ALAE would have worked in practice.

Case law abounds holding that a defendant bears the burden of proving its affirmative defenses. *See, e.g.*, *Tovar v. U.S. Postal Service*, 3 F.3d 1271, 1284 (9th Cir. 1993) ("In every civil case, the defendant bears the burden of proof as to each element of an affirmative defense"); *Doe v. Prudential Ins. Co. of Am.*, 215 F. Supp. 3d 942, 949 (C.D. Cal. 2016) (explaining that "the insurer has the burden of proving that an exclusion applies because an exclusion is an affirmative defense"); *Seltzer v. Barnes*, 182 Cal. App. 4th 953, 969 (2010) (insurance case noting that "a defendant that advances an affirmative defense to the plaintiff's claims bears the burden of proof on the defense"); *Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n*, 136 Cal. App. 4th 464, 478 (2006) ("defendants invoke affirmative defenses which apply to all of plaintiffs' claims. Defendants bear the burden of establishing a probability of prevailing on those claims"); *see also Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991) (ruling that under California law, the issue of waiver in the insurance context is an affirmative defense, and as such, the insured bears the burden of proof).

It is beyond dispute now that National Union breached its duty to defend Yahoo in the Email Scanning Cases. Through its Motions in Limine, National Union improperly tries to shift the burden of that breach onto Yahoo by forcing it to recreate what National Union would have done with the ALAE Endorsement had National Union accepted coverage of the underlying actions upon tender. Only National Union would know what it would have done to enforce the ALAE Endorsement, including what hourly rates it would have paid counsel, and how it would have enforced its billing guidelines to reduce defense invoices before they were accepted as reasonable and necessary and paid. Thus, the burden of proof regarding the enforceability and the scope and amount of reimbursement to which National Union may be entitled under the ALAE Endorsement should squarely fall on National Union.

**B. Evidence in this Case Confirms that National Union Would Not Have Paid 100% of the $3,048,598 Yahoo Incurred Due to National Union's Breach of Contract.**

National Union cannot simply contend—without any evidence—that it would have paid and sought reimbursement of 100% of the amount that Yahoo paid to defend the Email Scanning Cases and continue to promote its "no harm, no foul" defense to Yahoo's damages. Because National Union denied coverage for the Email Scanning Cases, Yahoo defended these cases on its own and incurred defense fees and costs of $3,048,598, an amount that the Parties have agreed as being an Undisputed Fact. As such, Yahoo already has established that the gross consequential damages for National Union's breach of the duty to defend the *In Re Yahoo Mail Litigation* is $3,048,598.

For the upcoming trial, the Court has allowed National Union to enforce the ALAE Endorsement to try to reduce Yahoo's claimed gross consequential damages. Specifically, National Union will have to show, consistent with the terms of the Policy, what amounts that it would have paid as "Supplementary Payments" and thereby, National Union would have been entitled to seek as reimbursement from Yahoo. National Union then would be able to reduce Yahoo's claimed consequential damages and the ***net*** consequential damage payable to Yahoo would be the amount of defense expenses that Yahoo had to pay above that which Yahoo would have paid to reimburse National Union had National Union not breached its policy and defended Yahoo from the outset.

National Union already has explained the conditions by which it would pay defense expenses under the 2011 Policy. As National Union set forth in its February 16, 2016, letter when it tried—albeit belatedly—to defend the *In re Yahoo Mail* Litigation pursuant to a reservation of rights, National Union provided Yahoo with a choice: (1) Yahoo could waive its right to independent counsel under California Civil Code section 2860 and authorize National Union to select defense counsel to represent Yahoo, or (2) Yahoo could retain independent counsel but subject to National Union's hourly billing rate limitation and National Union's determination of what fees and expenses are "reasonable and necessary." *See* February 16, 2016, letter from AIG, Lovell Decl. to NU's Motions in Limine, Ex. 7. This is the choice that Yahoo would have had at the outset if National Union had not wrongfully breached its duty to defend. Most importantly, either of these two options would provide Yahoo with benefits beyond simply the right to wait thirty days before paying its defense fee invoices. In addition, National Union expressly reserved the right to only pay the hourly rates that it pays its panel counsel and only pay time entries that it deems as being "reasonable and necessary."

Thus, National Union will have to show: (1) the billing rates it actually pays to panel counsel retained by it to defend similar actions like the *In re Yahoo Mail* Litigation, and (2) what National Union deems as constituting "reasonable and necessary" defense fees and expenses. It is not enough for National Union to simply state that it would have paid the full $3,049,598 and, therefore, would have sought reimbursement of this amount from Yahoo. Indeed, based on the evidence in this case, National Union already has acknowledged that it would not have paid the full amount of Yahoo's incurred defense fees because it already audited Yahoo's defense counsel invoices for the *In re Yahoo Mail* Litigation and determined that 10.33% of the total amount should not be paid because they did not meet National Union's standard for what constitutes "reasonable and necessary" tasks. *See* August 19, 2016, letter from Alan Gray LLC to AIG, attached as Ex. 1 to the Declaration of William T. Um. National Union has not presented any evidence about the panel counsel rates that it expressly referenced in its February 16, 2016, letter but it will have to do so at trial before it can enforce the ALAE Endorsement.

These pieces of evidence go to the heart of this dispute. National Union argues in its Motions in Limine 6 and 10 that the ALAE Endorsement would have applied in a way that resulted in just over $3 million spent on defenses of the Email Scanning Cases, and thus the entire amount should be reimbursed, but nothing supports this argument. Yahoo, as the non-breaching party in this case, has presented evidence of what it actually paid to defend itself after being abandoned by its insurance carrier. Based on the information presented to date in this case, it is clear that at the very least, National Union would have imposed its hourly rate limitation and audited attorney invoices to reduce them for reasonableness and necessity. The precise way in which this would have played out is National Union's burden to show, as the ALAE reimbursement issue is National Union's affirmative defense.

**C. National Union's References to the Payment Agreement in this Case are Immaterial on the Issues Raised in Motions in Limine 4, 6, and 10**.

National Union brings up the "Payment Agreement" as requiring Yahoo to reimburse National Union for all payments made under the policy within thirty days. But importantly, the Payment Agreement is not part of the policies at issue in this case. It is a separate agreement between National Union and Yahoo regarding a number of different issues that have nothing to do with the policies. By citing to the agreement, National Union is attempting to confuse the issues between its obligations under the Policies and the separate obligations under the Payment Agreement. While Yahoo does not dispute the existence of the Payment Agreement, it is important to note that National Union has not asserted, nor does Yahoo believe that National Union could ever assert, a claim for breach under the Payment Agreement. The Payment Agreement is not relevant to the issue of how the ALAE Endorsement should apply in this case.

**D. Yahoo Agrees that Speculative Testimony on Defense Counsel Rates Should Not Be Permitted, Either by Yahoo or National Union.**

Regarding Motion in Limine No. 4, Yahoo agrees with National Union that speculative testimony is not permitted, because speculative testimony is likely to confuse the jury as per Federal Rule of Evidence 403. As such, Yahoo does not plan to introduce speculative testimony regarding what panel counsel rates National Union would have been paid if it had accepted coverage upon

tender. Only National Union knows what rates it pays panel counsel in similar actions, which is precisely why the burden to enforce the ALAE Endorsement should fall to National Union.

Because the application of the ALAE Endorsement is an issue on which National Union bears the burden of proof, National Union should similarly be precluded from providing any speculative hourly rate information and instead must specifically set forth evidence regarding the actual panel counsel rates it pays in similar actions. Per AIG's February 16, 2016, letter cited above, the best evidence in this case of what National Union would have paid defense counsel is its statement that retained counsel would be subject to National Union's hourly billing rate limitation and National Union's determination of what fees and expenses are "reasonable and necessary." *See* February 16, 2016, letter from AIG, Lovell Decl. to NU's Motions in Limine, Ex. 7.

Thus, it is not enough for National Union to simply say it would have paid the full amount, without objection, of the undisputed amount of $3,048,598 Yahoo incurred, including paying billing rates as high as $750 per hour. The evidence in this case shows that National Union *would not* have paid 100 cents on the dollar for Yahoo's defense costs, illustrated in its internal audit of Yahoo's invoices for the *In re Yahoo Mail* Litigation.

Therefore, while Yahoo does not oppose the idea that speculative testimony should be barred from trial, it respectfully requests that the Court tailor any such order to also preclude National Union from presenting speculative testimony on the invoices it would have accepted and paid in the defense of the Email Scanning Cases.

**CONCLUSION**

For the foregoing reasons, this Court should deny National Union's Motions in Limine 4, 6, and 10, and confirm that National Union has the burden of proof regarding its affirmative defense to enforce the ALAE Endorsement.

Respectfully submitted,

Dated: January 14, 2019

JASSY VICK CAROLAN LLP

*/s/ William T. Um*
WILLIAM T. UM
Counsel for Plaintiff Yahoo! Inc.