JASSY VICK CAROLAN LLP
WILLIAM T. UM (State Bar No. 166536)
wum@jassyvick.com
ELIZABETH CAPEL (State Bar No. 313390)
ecapel@jassyvick.com
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010

Attorneys for Plaintiff YAHOO! INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

YAHOO! INC., a Delaware corporation,

Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,

Defendant.

Case No.: 5:17-cv-00489-EJD
Hon. Edward J. Davila, Courtroom 4

**YAHOO'S OPPOSITION TO NATIONAL UNION'S MOTION IN LIMINE NO. 5 REGARDING THE SCOPE OF COMPENSATORY DAMAGES FOR THE *SUTTON* AND *PENKAVA* LAWSUITS**

Date: January 24, 2019
Time: 11:00 a.m.
Courtroom: 4
Judge: The Honorable Edward J. Davila
Trial Date: February 5, 2019

Plaintiff Yahoo! Inc. ("Yahoo") respectfully submits the following opposition to Defendant National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") Motion in Limine No. 5 to exclude evidence or argument regarding the scope of compensatory damages for the *Sutton* and *Penkava* lawsuits.

**INTRODUCTION**

Following this Court's order granting summary judgment on several key issues of liability, this case is proceeding to trial on a set of limited questions for the jury. Stated simply, those issues center around what damages Yahoo may recover from National Union based on National Union's breaches of the duty to defend and the duty to indemnify in connection with the underlying cases relevant to this matter; whether National Union breached the implied covenant of good faith and fair dealing it owed to Yahoo; and if National Union breached the implied covenant, what damages Yahoo may recover as a result of that breach.

In this Motion in Limine, National Union advances a theory that is plainly wrong as it is directly in conflict with well-established California insurance law. National Union wrongly claims that it is entitled to apportion consequential damages across the four policies applicable to the *Sutton* and *Penkava* lawsuits, but there is no law supporting this type of allocation. Instead, the authority National Union cites deals with apportionment across multiple *carriers*—not multiple policies issued by the same carrier. Case law is clear that where multiple policies are triggered and required to provide a defense, the policyholder can elect which policy to invoke. Here, Yahoo has invoked the 2008 policy, which does not contain the Deductible Coverage Endorsement. Thus, with respect to the *Sutton* and *Penkava* lawsuits, Yahoo is entitled to recover the full amount of its defense costs—the undisputed amount of $272,133, plus prejudgment interest from the time these invoices were paid through trial—with no right of reimbursement by National Union.

**ARGUMENT**

As a preliminary matter, although National Union refused to stipulate with Yahoo, National Union's instant motion in limine concedes, as it should, that its 2008, 2009, and 2010 Policies were triggered and required to defend the *Sutton* and *Penkava* lawsuits. The Court's MSJ Order only discussed National Union's obligation under the 2011 Policy. Because all four National Union

policies contain identical Personal Injury definitions for coverage and because National Union denied coverage for the *Sutton* and *Penkava* lawsuits under all four policies, the Court should first determine, consistent with its MSJ Order, that National Union also breached its duty to defend the *Sutton* and *Penkava* lawsuits under each of the 2008, 2009, and 2010 policies.

Beyond that and with all four National Union policies triggered, National Union is completely wrong on the substantive issue of allocating one-quarter of its defense obligation to the 2008 policy. For the reasons set forth below, the Court should reject National Union's motion in limine, and rule as a matter of law that National Union must pay the undisputed amount of $272,133 (plus prejudgment interest) to Yahoo for its breach of the duty to defend under the 2008 policy.

**A. Insurance Law is Clear that a Policyholder Can Elect to Invoke a Particular Policy if Multiple Policies are Triggered**.

The Court already has determined that National Union breached its duty to defend under the 2011 Policy for the *Sutton* and *Penkava* lawsuits. Because all four policies contain the same coverage language, National Union is in breach of all four policies. Yahoo is entitled to recover the full amount, plus interest, under the 2008 National Union policy as this policy does not contain the ALAE Endorsement, and National Union has no other defenses to Yahoo's coverage demand. National Union's obligation to defend under the 2008 policy extends to the entire action and, therefore, National Union cannot allocate its defense obligation among its four policies and only pay one quarter of the total defense fees Yahoo incurred due to National Union's breach.

In *Aerojet-General Corp. v. Transport Indemnity Co.*, 17 Cal. 4th 38, 71 (1997), the California Supreme Court reversed the lower courts' decision that benefits flowing from a "fronting" policy should be reduced proportionately to the periods of non-coverage within the time period relevant to the claim. As the *Aerojet* court explained, when a claim "may possibly embrace some triggering harm of the specified sort within the policy period caused by an included occurrence, the insurer has a duty to defend. It has contracted to pay the *entire cost of defending a claim of this sort*," even where there are relevant periods that do not have a payment obligation. *Aerojet-General Corp.*, 17 Cal. 4th at 60 (emphasis added; internal brackets and quotations omitted).

Here, National Union contracted to pay the entire cost of defending this type of claim under the 2008 policy and National Union has not asserted any defenses to coverage. As such, National's 2008 policy must respond to the entire action and later policies do not invalidate National Union's obligation under the 2008 policy.

**B. National Union Relies on Authority Dealing with Apportionment Across Multiple Insurers, Which is Not Relevant Here**.

National Union incorrectly relies on equitable contribution disputes between insurance carriers to unilaterally allocate its liability to Yahoo under the relevant policies. *Scottsdale Insurance Co. v. Century Surety Co.*, which National Union cites in its Motion in Limine, is a lawsuit between two insurance companies. The policyholder sought and obtained relief from carrier #1 for the entire claim. Carrier #1 then argued it had paid more than its fair share in paying out the claims, and the appellate court remanded the case to consider whether carrier #1 was entitled to equitable contribution from the carrier #2.

Far from supporting National Union's self-help allocation theory, this case supports Yahoo's position that it can select among the several policies that have a duty to defend, and then let the carriers fight among themselves whether there is a right to apportionment on an equitable basis. Here, National Union issued all four triggered policies, and as discussed above, each one of them contains a contract that *fully* applies to any covered claim. National Union has not identified any support for the idea that the benefits under consecutive insurance policies can be abrogated by later policies that also apply to a covered claim. Yahoo has invoked the 2008 policy to respond with respect to the *Sutton* and *Penkava* lawsuits and it is entitled to recover the full amount of its defense costs under that policy.

## CONCLUSION

For the foregoing reasons, the Court should deny National Union's Motion in Limine regarding the scope of compensatory damages for the *Sutton* and *Penkava* lawsuits. The Court should also order, consistent with its MSJ Order, that National Union breached its duty to defend the *Sutton* and *Penkava* lawsuits under each of its 2008, 2009, and 2010 policies.

Respectfully submitted,

Dated: January 14, 2019

JASSY VICK CAROLAN LLP

*/s/ William T. Um*
WILLIAM T. UM
Counsel for plaintiff Yahoo! Inc.