JASSY VICK CAROLAN LLP
WILLIAM T. UM (State Bar No. 166536)
wum@jassyvick.com
ELIZABETH CAPEL (State Bar No. 313390)
ecapel@jassyvick.com
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010

Attorneys for Plaintiff YAHOO! INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

YAHOO! INC., a Delaware corporation,

Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,

Defendant.

Case No.: 5:17-cv-00489-EJD
Hon. Edward J. Davila, Courtroom 4

**YAHOO'S OPPOSITION TO NATIONAL UNION'S MOTION IN LIMINE NO. 7 RE: LIFE, HEALTH, AUTO, AND HOMEOWNER INSURANCE POLICIES**

Date: January 24, 2019
Time: 11:00 a.m.
Courtroom: 4
Judge: The Honorable Edward J. Davila
Trial Date: February 5, 2019

Plaintiff Yahoo! Inc. ("Yahoo") respectfully submits the following opposition to Defendant National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") Motion in Limine No. 7 excluding evidence or argument relating to life, health, auto, or homeowner insurance policies that would suggest to the jury that they might have knowledge of the relevant claims handling standards applicable in this case.

## INTRODUCTION

Following this Court's order granting summary judgment on several key issues of liability, this case is proceeding to trial on a set of limited questions for the jury. Stated simply, those issues center around what damages Yahoo may recover from National Union based on National Union's breaches of the duty to defend and the duty to indemnify in connection with the underlying cases relevant to this matter; whether National Union breached the implied covenant of good faith and fair dealing it owed to Yahoo; and if National Union breached the implied covenant, what damages Yahoo may recover as a result of that breach.

National Union's Motion in Limine No. 7 is an improper means to try to deprive the jury from using their personal and life experiences to better understand the issues that may be presented to them at trial. The United States Supreme Court has made clear that jurors should be allowed to bring their personal experiences to the jury room. *See Warger v. Shauers*, 135 S. Ct. 521, 525 (2014). The Court should deny National Union's Motion on this basis.

Beyond that, National Union overstates the nature of the policies at issue and unnecessarily presumes that the jury would be confused. The jurors will easily understand that the policies at issue here are contracts of insurance wherein the insurance carrier promised to defend when a claim occurs, just like the third-party liability component of automobile and homeowners' policies.[1] Jurors also understand the consequences and importance of honoring contract obligations, and helping them better understand the issues in this case based on their personal and life experiences should absolutely be allowed.

[1] The Policies at issue here do not provide first-party coverage, so Yahoo would never make that comparison to the first-party coverage offered under life and health insurance and the first-party component of automobile and homeowners' insurance policies.

Yahoo opposes National Union's Motion to the extent that it would seek to bar Yahoo from using illustrations of common types of insurance policies to permit jurors to draw on their own life experiences to better understand the issues in this case.

## ARGUMENT

National Union's Motion in Limine would deprive the jury from using their life experience and knowledge of the way third-party insurance policies work, which would help them better understand the issues in this case. The importance of insuring potential liabilities and honoring contracts are relevant issues in this case, and National Union should not be allowed to preclude jurors from drawing on their own experiences to relate to the issues presented in this case.

Yahoo is confident that National Union's counsel is capable of presenting and arguing that the policies at issue in this case may be different than the juror's personal experiences, just as they have tried to do in this motion. Illustrations of the liability component of common policies such as auto and homeowners' insurance policies that could help the jury process the issues in this case should not be closed off. Jurors are capable of understanding these potential distinctions and National Union will have plenty of opportunity to make its case on that point. It is important to note that National Union agreed with Yahoo that the policies at issue here are not complicated as neither party believed it was necessary to designate expert witnesses to explain the policies at issue in this case.

Additionally, to the extent that National Union's concern is based on the existence of the Deductible Coverage Endorsement, Yahoo notes that the 2008 Policy at issue here is a basic liability policy without a Deductible Coverage Endorsement and requires a duty to defend on the part of National Union, just like the third-party liability component of auto and homeowners' insurance policies with which the jury may be familiar. Yahoo should not be artificially precluded from explaining the issues in this case by referencing easier-to-understand insurance policies. *See Warger v. Shauers*, 135 S. Ct. 521, 525 (2014) (agreeing that "jurors' personal experience do not constitute extraneous information; it is unavoidable they will bring such innate experiences to the jury room").

/ /

**CONCLUSION**

For the foregoing reasons, the Court should deny National Union's Motion in Limine.

Respectfully submitted,

Dated: January 14, 2019

JASSY VICK CAROLAN LLP

*/s/ William T. Um*

WILLIAM T. UM
Counsel for plaintiff Yahoo! Inc.