JASSY VICK CAROLAN LLP
WILLIAM T. UM (State Bar No. 166536)
wum@jassyvick.com
ELIZABETH CAPEL (State Bar No. 313390)
ecapel@jassyvick.com
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010

Attorneys for Plaintiff YAHOO! INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

YAHOO! INC., a Delaware corporation,

Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,

Defendant.

Case No.: 5:17-cv-00489-EJD
Hon. Edward J. Davila, Courtroom 4

**YAHOO'S OPPOSITION TO NATIONAL UNION'S MOTION IN LIMINE NO. 8 REGARDING RECOVERABLE DAMAGES FOR COSTS INCURRED IN THE SETTLEMENT OF THE *IN RE YAHOO MAIL LITIGATION***

Date: January 24, 2019
Time: 11:00 a.m.
Courtroom: 4
Judge: The Honorable Edward J. Davila
Trial Date: February 5, 2019

Plaintiff Yahoo! Inc. ("Yahoo") respectfully submits the following opposition to Defendant National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") Motion in Limine No. 8 to exclude evidence or argument that Yahoo can recover damages based on the costs incurred in settling the *In re Yahoo Mail Litigation*.

**INTRODUCTION**

Following this Court's order granting summary judgment on several key issues of liability, this case is proceeding to trial on a set of limited questions for the jury. Stated simply, those issues center around what damages Yahoo may recover from National Union based on National Union's breaches of the duty to defend and the duty to indemnify in connection with the underlying cases relevant to this matter; whether National Union breached the implied covenant of good faith and fair dealing it owed to Yahoo; and if National Union breached the implied covenant, what damages Yahoo may recover as a result of that breach.

The Court already has determined that National Union owed Yahoo a duty to indemnify and that it breached that duty when it summarily refused to pay any portion of the $4 million that Yahoo paid toward the plaintiffs' counsel's attorneys fees to settle the *In Re Yahoo Mail Litigation*. The Court determined that the $4 million payment was covered "damages" under the 2011 policy. Therefore, the amount of damages owed to Yahoo and payable by National Union will be a critical piece of the upcoming trial and Yahoo plans to seek recovery based on the amount it cost Yahoo to settle the *In re Yahoo Mail* litigation.

In this Motion in Limine, National Union seeks to prematurely shut off this argument rather than allowing the jury to determine whether a causal connection exists between National Union's breach and the amount Yahoo paid in settlement. This non-evidentiary argument is inappropriate at the motion in limine stage, and additionally, it attempts to place on Yahoo the burden of the confusion about what "would have" happened stemming from National Union's breach. The Court should not permit this and deny National Union's motion for what it is: an improper attempt to relitigate the Court's determination that National Union breached its policy by summarily refusing to pay covered "damages" to settle the underlying *In Re Yahoo Mail Litigation*.

**ARGUMENT**

National Union is improperly attempting to use this motion in limine as a substitute motion for summary judgment. The question of whether Yahoo should be able to even present *argument* that there is a causal connection between National Union's breach and the amount Yahoo paid to settle the *Holland/In re Yahoo Mail* litigation is not an evidentiary issue. Instead, National Union is once again trying to wrestle issues away from the jury inappropriately. Motions in limine are not permitted to be used in this way. *See, e.g., Jackson v. Cnty. of San Bernardino*, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016); *Lopes v. Viera*, No. 1:06-cv-01243, 2012 WL 691665, at *10 (E.D. Cal., Mar. 2, 2012) ("Motions in limine address *evidentiary questions* and are inappropriate devices for resolving substantive issues") (emphasis in original); *Carpenter v. Forest Meadows Owners Ass'n*, No. 1:09-cv-01918, 2011 WL 3207778, at *2 (E.D. Cal., July 27, 2011) (noting that motions in limine should not be used a similar manner to a motion for summary judgment because motions in limine lack the procedural safeguards encompassed in a motion for summary judgment).

Yahoo cannot be forced to bear the burden about what "would have" happened if National Union had abided by its contract and accepted coverage from the outset for each of the four lawsuits—*Holland*, *Kevranian*, *Nobles*, and *Zelaya*—that eventually were consolidated as the *In re Yahoo Mail Litigation*. The clearest information Yahoo has on that front is from AIG's February 16, 2016, letter trying, belatedly to accept the defense of *In re Yahoo Mail Litigation* pursuant to a reservation of rights. In that letter, National Union provided Yahoo with a choice: (1) Yahoo could waive its right to independent counsel under California Civil Code section 2860 and authorize National Union to select defense counsel to represent Yahoo, or (2) Yahoo could retain independent counsel but subject to National Union's hourly billing rate limitation and National Union's determination of what fees and expenses are "reasonable and necessary." *See* February 16, 2016, letter from AIG, Lovell Decl. to NU's Motions in Limine, Ex. 7.

This demonstrates that National Union would have been involved in handling the defense, and, therefore, would have affected the ultimate settlement/conclusion of the underlying litigation. If National Union had defended Yahoo, the National Union policy required that it first secure National Union's consent before entering into a settlement. In fact, National Union raises two

affirmative defenses here that impacts the settlement paid by Yahoo: (1) Affirmative Defense #17: "National Union has no obligation to indemnify Yahoo for any settlement of the Email Scanning Cases to the extent the amount of the settlement was unreasonable," and (2) Affirmative Defense #18: the policy provides that Yahoo will not "assume any obligation or incur any expense, other than for first aid, without National Union's consent. To the extent that Yahoo made a voluntary payment that failed to comply with this condition, coverage is barred under the National Union Policies." Had National Union not breached its contract and defended Yahoo, National Union would have had a direct role in the outcome of the *In re Yahoo Mail Litigation*.

Beyond that, Yahoo paid $4 million to settle the case—which it did without any of the benefits of the insurance it contracted for with National Union. Yahoo never got to make the choice outlined in the February 2016 letter. National Union should not now be permitted to benefit from its breach by excluding from trial the argument that there is a causal connection between National Union's breach and the fact that Yahoo incurred $4 million in settling the case without the aid of National Union. National Union will have the opportunity to raise its defenses to Yahoo's damages claims at trial and attempt to prove its affirmative defenses as appropriate. Yahoo is confident that the jury can understand, process, and come to a decision on that question without confusion.

## CONCLUSION

For the foregoing reasons, the Court should deny National Union's Motion in Limine to exclude evidence or argument that Yahoo can recover damages based on the costs incurred in settling the *In re Yahoo Mail Litigation*.

Respectfully submitted,

Dated: January 14, 2019

JASSY VICK CAROLAN LLP

*/s/ William T. Um*
WILLIAM T. UM
Counsel for plaintiff Yahoo! Inc.