JASSY VICK CAROLAN LLP
WILLIAM T. UM (State Bar No. 166536)
wum@jassyvick.com
ELIZABETH CAPEL (State Bar No. 313390)
ecapel@jassyvick.com
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010

Attorneys for Plaintiff YAHOO! INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

YAHOO! INC., a Delaware corporation,

Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,

Defendant.

Case No.: 5:17-cv-00489-EJD
Hon. Edward J. Davila, Courtroom 4

**YAHOO'S OPPOSITION TO NATIONAL UNION'S MOTION IN LIMINE NO. 9 TO EXCLUDE YAHOO'S CLAIM FOR DAMAGES UNDER *BRANDT V. SUPERIOR COURT***

Date: January 24, 2019
Time: 11:00 a.m.
Courtroom: 4
Judge: The Honorable Edward J. Davila
Trial Date: February 5, 2019

Plaintiff Yahoo! Inc. ("Yahoo") respectfully submits the following opposition to Defendant National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") Motion in Limine No. 9 to exclude Yahoo's claim for damages under *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985).

**INTRODUCTION**

Following this Court's order granting summary judgment on several key issues of liability, this case is proceeding to trial on a set of limited questions for the jury. Stated simply, those issues center around what damages Yahoo may recover from National Union based on National Union's breaches of the duty to defend and the duty to indemnify in connection with the underlying Email Scanning Cases; whether National Union breached the implied covenant of good faith and fair dealing it owed to Yahoo; and if National Union breached the implied covenant, what damages Yahoo may recover as a result of that breach.

If the jury finds that National Union breached the implied covenant of good faith and fair dealing (committed bad faith), pursuant to the holding in *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), Yahoo is entitled to recover its reasonable attorneys' fees incurred in its efforts to obtain the benefits of the coverage that National Union wrongfully withheld, including attorneys fees that Yahoo has incurred, and continues to incur, in this litigation. National Union's Motion in Limine No. 9 is simply another attempt by National Union to try to dismiss Yahoo's bad faith claim that National Union was unable to do through its Motion for Summary Judgment. The Court should similarly dismiss National Union's attempt here.

National Union has known all along that Yahoo was not going to produce the attorney invoices during the pendency of this litigation because such invoices are absolutely protected by the attorney client privilege under California law. *See Los Angeles Cnty. Bd. of Supervisors v. Superior Court (ACLU)*, 2 Cal. 5th 282, 288 (2016). Yahoo told National Union in its discovery responses as well as during the deposition of its corporate designee that the attorney invoices are privileged and, therefore the actual invoices would not be produced. *See* Yahoo's Response to NU's Document Request and Tepstein Deposition Excerpts, Lovell Decl., Exs. 11 & 13. Instead, Yahoo agreed to provide National Union with the amount of the invoices (as they continue to accrue) and the dates

covered by those invoices. This Yahoo has done, including as recently as December 4, 2018, when Yahoo advised National Union that Yahoo has incurred $613,761 in fees and $39,316 in costs for a total of $653,077 from November 2015 through July 2018 as potential *Brandt* fees. National Union ***never*** challenged Yahoo's discovery responses and its assertion of privilege and neither sought to compel further document productions nor further testimony from Yahoo. The reason is clear; National Union knows that unless and until a jury returns a finding that National Union committed bad faith, Yahoo's attorney invoices will not become an issue in this case.

National Union's insistence that Yahoo cannot make a *Brandt* fee claim demonstrates a misunderstanding of the difference between the threshold issue of bad faith and Yahoo's *potential* burden of showing the amount and appropriateness of fees and costs. This burden will only arise if a jury in this case makes a finding that National Union breached its duty of good faith and fair dealing to Yahoo. At that point, Yahoo will present its invoices to the Court in the form of a fee petition, or in another form as the Court directs. This is no different than any other type of case where attorneys' fees are at issue, and the Court receives evidence as to the amount and scope of the fees incurred only after there is a finding that the party is entitled to fees in the first instance. National Union has not been prejudiced and it will have an opportunity to challenge Yahoo's claimed fee petition at the appropriate time.

National Union's insistence that Yahoo cannot proceed on its claim for damages because it has not produced legal invoices in this ongoing litigation incorrectly treats the secondary issue of the amount of damages as a threshold issue. On top of that, National Union cites irrelevant case law and misses the case law on point holding that these types of invoices are absolutely privileged at this stage of the litigation. And as discussed in further detail below, Yahoo's position on this issue has been consistent throughout discovery thus far, while National Union has failed to object to Yahoo's assertions of privilege in response to discovery requests.

## ARGUMENT

*Brandt* and its successor cases permit a party in Yahoo's shoes to recover as damages in tort attorneys' fees reasonably incurred to obtain benefits due under an insurance contract—if the party can prove bad faith. The question of whether National Union breached its duty of good faith and

fair dealing to Yahoo is a central remaining issue for the upcoming jury trial. With no valid legal backing, National Union asks this Court to prematurely deny Yahoo the ability to put forth evidence to the Court of its reasonably-incurred attorneys' fees *if and when* the jury in this case makes a finding of bad faith. The Court should not do so.

**A. Yahoo's Invoices are Privileged**

In a diversity action like this one, state law applies in federal court. As relevant here, the California Supreme Court has ruled that invoices for pending and active legal matters are absolutely privileged and need not be prematurely disclosed to the opposing party. *See ACLU*, 2 Cal. 5th at 288. This is because such invoices are "so closely related to attorney-client communications that they implicate the heartland of the privilege." *Id.* Further, as the court in *ACLU* recognized, the privileged status of legal invoices may change once a matter has concluded. *See id.* at 298. Here, Yahoo is not seeking to withhold its invoices indefinitely—but it is not appropriate to provide the privileged attorneys' invoices at this stage of the litigation. Doing so would expose Yahoo's privileged information and records for a purpose that may never come to pass, if the jury does not find bad faith on National Union's part.

Yahoo cannot waive its attorney-client privilege on the issue of its invoices in this ongoing matter. The only cases National Union cites on this point involve bad faith plaintiffs who willfully withheld invoices throughout discovery and, critically, in National Union's key cases the courts did *not* order exclusionary sanctions based on the non-disclosure of invoices.

National Union relies heavily on *R&R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240 (9th Cir. 2012), in which the Ninth Circuit reversed a district court's decision to exclude a *Brandt* fee claim based on the plaintiff's failure to disclose invoices. The court found that because "in practical terms, the sanction amounted to dismissal of a claim," the district court was ordered to reconsider its ruling. Further, unlike the situation here, the plaintiff in *R&R Sails* failed to produce the invoices even after repeated objections and requests from opposing counsel. The second inapposite case National Union relies on is *Nationwide Mutual Insurance Co. v. Ryan*, No. 12-cv-05000, 2014 WL 12709392 (N.D. Cal. Apr. 14, 2014). The court here also decided not to exclude a *Brandt* fee claim for failure to produce invoices—notwithstanding its finding that the party

withholding records acted in bad faith by not disclosing the records, which is not applicable to Yahoo in this case. As discussed below, Yahoo has been transparent about its assertion of privilege throughout the discovery process, and National Union never objected to that assertion.

Other cases National Union cites are opinions ruling on discovery disputes. *See, e.g.*, *San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co.*, No. 15cv1401, 2017 WL 2465026 (S.D. Cal. June 7, 2017). Here, as noted, National Union never objected to or initiated a discovery dispute on Yahoo's assertion of privilege over its ongoing invoices. There is no counter to the binding California Supreme Court law that invoices in pending litigation are absolutely privileged, and Yahoo rests on that privilege here.

**B. Yahoo Made Its Position Clear In Discovery And Consistently Throughout This Litigation, And National Union Has Never Objected Until It Was Too Late To Do So.**

Yahoo's assertion of the attorney-client privilege as an objection to producing its invoices in this litigation is not new to National Union. On May 22, 2018, Yahoo first asserted the privilege in response to National Union's written discovery asking for documents supporting Yahoo's claim for damages based on National Union's alleged breach of the implied covenant of good faith and fair dealing. Yahoo responded that it objects to the request to the extent it seeks documents protected by the attorney-client, work product, or any other relevant privilege, and instead represented to National Union that it would provide a spreadsheet indicating the amount of damages Yahoo had incurred to date. Yahoo did provide information about the amount, time, and scope of bills incurred in this action, and it has continued to update that amount as it remains a moving target with litigation ongoing.

National Union never moved to compel further discovery responses following Yahoo's May 2018 assertion of the attorney-client privilege as to the invoices. And critically, the issue of Yahoo's invoices and its ability to recover *Brandt* fees will only come into play if a jury decides that National Union breached its duty of good faith and fair dealing to Yahoo. Yahoo cannot be forced to waive its attorney-client privilege for a contingency that might not come to pass, depending on the outcome of this trial. If and when the invoices are relevant, Yahoo will present them to the Court for a determination of the amount of damages. Tellingly, National Union itself

acknowledges the importance of keeping certain financial information separate from the issue of whether liability exists at all. In National Union's Motion to Bifurcate the Issue of Punitive Damages from the Trial on Liability and Damages (ECF No. 93), it explains, "Bifurcation ensures the jury does not hear financial . . . evidence . . . prior to determining liability in the first instance." (Mot. at 1-2). National Union cannot ignore the application of the same principle here.

**CONCLUSION**

For the foregoing reasons, the Court should deny National Union's Motion in Limine regarding Yahoo's claim for *Brandt* fees.

Respectfully submitted,

Dated: January 14, 2019

JASSY VICK CAROLAN LLP

*/s/ William T. Um*
WILLIAM T. UM
Counsel for Plaintiff Yahoo! Inc.