ASIM K. DESAI (SBN: 175402)
adesai@grsm.com
STEVEN R. INOUYE (SBN: 245024)
sinouye@grsm.com
GORDON & REES, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

MATTHEW C. LOVELL (SBN: 189728)
mlovell@nicolaidesllp.com
RICHARD H. NICOLAIDES, JR. (Appearance *Pro Hac Vice*)
rnicolaides@nicolaidesllp.com
DANIEL I. GRAHAM, JR. (Appearance *Pro Hac Vice*)
dgraham@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 745-3770
Facsimile: (415) 745-3771

Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,
a Pennsylvania Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| YAHOO! INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>Defendant. | Case No. 5:17-CV-00489-EJD<br><br>**NATIONAL UNION'S REQUEST FOR RULING ON ITS MIL NO. 9 AND FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITIES CONCERNING AN ISSUE RAISED AT THE HEARING ON THE MOTION**<br><br>Pretrial Conference: January 24, 2019<br>Time: 1:30 p.m.<br>Trial Date: March 4, 2019 |

National Union Fire Insurance Company of Pittsburgh, Pa.'s ("National Union") Motion in Limine No. 9 (ECF No. 102) seeks an order excluding Plaintiff Yahoo! Inc.'s ("Yahoo") claim

for attorneys' fees and costs under *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985) based on Yahoo's failure to produce attorney invoices in discovery. At the January 24, 2019, hearing, Yahoo opposed the motion, arguing that its invoices are privileged and that National Union is not entitled to them; rather, the Court can review the invoices and determine the amount of *Brandt* fees if and when the jury returns a bad faith finding. (See 1/24/19 Tr. 102:8—104:20.) The Court deferred ruling on the motion, but indicated it was "inclined to look at this and have the court decide a *Brandt* fee issue." (1/24/19 Tr. 104:24-105:1.)

National Union requests (a) a ruling on its motion and (b) leave to file supplemental authorities on the issue raised at the hearing concerning this Court's authority to decide *Brandt* fees.

National Union requests this Court issue a ruling on its motion because the parties need to know well in advance of the March 4, 2019, trial date whether *Brandt* fees are still at issue in this case.

National Union further requests leave to submit the following points and authorities demonstrating that, if *Brandt* fees are still at issue in this case, National Union has the right to a jury trial on the issue and thus the right to discovery of Yahoo's counsel's invoices before trial, including the opportunity to take the deposition before trial of a witness that Yahoo must designate to testify regarding the details of the *Brandt* fee invoices.

Yahoo asserts that *Brandt* fees are "the equivalent of a fee petition" and thus may be determined by the court. (1/24/19 Tr. 102:5-14.)

Yahoo is incorrect. *Brandt* fees are a category of tort damages. (*Essex Ins. Co. v. Five Star Dye House, Inc*. (2006) 38 Cal.4th 1252, 1255; *see also Lennar Mare Island, LLC v. Steadfast Ins. Co*. (E.D. Cal., Apr. 7, 2015, No. 2:12-CV-2182-KJM-KJN) 2015 WL 1540631, at *5 ("The California Supreme Court developed its rule in *Brandt* on the reasoning that attorneys' fees incurred in litigating the breach of contract portion of a bad faith action are considered as economic damages, rather than as typical attorneys' fees, because such an expense is proximately caused by the insurer's tortious action of purposefully withholding in bad faith the benefits owed to the insured.") (Emphasis added).

National Union has a constitutional right to a jury trial on tort damages, including Brandt fees, unless that right is waived. *See Curtis v. Loether*, 415 U.S. 189, 192–196 (1974) (Seventh Amendment guarantees a right to a jury trial on tort damages); *Malone v. Norwest Financial California, Inc*. (E.D. Cal. 2000) 245 B.R. 389, 399 ("It is established that suits for money damages, including punitive damages, are legal in nature entailing the right to a jury trial"); *see also Monster, LLC v. Superior Court*, 12 Cal. App. 5th 1214, 1229 (2017) ("Numerous . . . cases decided both before and after *Brandt* have . . . recognized that '[a]lthough fee issues are usually addressed to the trial court in the form of a posttrial motion, fees as damages are pleaded and proved by the party claiming them and are decided by the jury unless the parties stipulate to a posttrial procedure.'").

Because National Union has a right to a jury trial on *Brandt* fees, if the Court were to deny National Union's motion to exclude *Brandt* fees, discovery on that issue must proceed immediately so that the parties can prepare for trial. Thus, if the court denies National Union's motion to exclude *Brandt* fees, National Union requests this Court's denial order include an order: (a) confirming that Yahoo's claim for *Brandt* fees will be decided by the jury, (b) directing Yahoo to disclose its attorney invoices immediately, and in no event later than February 18, 2019, so National Union can inspect them before trial, and (c) requiring Yahoo to designate a witness to appear for deposition on behalf of Yahoo on an agreed date (but no later than February 28, 2019) to testify in detail regarding Yahoo's *Brandt* fee invoices. *See Nationwide Mut. Ins. Co. v. Ryan*, 2014 WL 12709392 (N.D. Cal. Apr. 14, 2014) (ordering deposition regarding *Brandt* fees to take place between pretrial conference and beginning of trial).

Dated: February 8, 2019 GORDON & REES LLP

By: */s/ Asim K. Desai*
Asim K. Desai
Steven R. Inouye
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation

Dated: February 8, 2019

NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP

By: */s/ Matthew C. Lovell*

Richard H. Nicolaides, Jr.
Daniel I. Graham, Jr.
Matthew C. Lovell

Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation