JASSY VICK CAROLAN LLP
WILLIAM T. UM (State Bar No. 166536)
wum@jassyvick.com
ELIZABETH H. BALDRIDGE (State Bar No. 313390)
ebaldridge@jassyvick.com
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010

Attorneys for Plaintiff YAHOO! INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

YAHOO! INC., a Delaware corporation,

Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,

Defendant.

Case No.: 5:17-cv-00489-EJD

**YAHOO'S RESPONSE TO NATIONAL UNION'S REQUEST FOR RULING AND FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITIES**

Pretrial Conference: January 24, 2019
Judge: The Honorable Edward J. Davila
Trial Date: March 4, 2019

Plaintiff Yahoo! Inc. ("Yahoo") respectfully submits the following response to Defendant National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") request for ruling on its Motion in Limine No. 9 and for leave to file supplemental authorities.

**INTRODUCTION**

National Union's request for ruling on its Motion in Limine No. 9 and for leave to file supplemental authorities on the issues is another effort to rehash the same arguments introduced during the January 24 conference. During the hearing, although it deferred ruling on National Union's Motion in Limine No. 9, the Court stated its inclination to have the Court decide the amount of *Brandt* fees if there is a finding by the jury of bad faith in this case. Yahoo continues to believe that the Court is in the best position to evaluate the scope and sufficiency of attorney invoices and, therefore, the Court, and not the jury, should decide the quantum question, if the jury decides the threshold question of National Union's bad faith conduct in Yahoo's favor.

National Union's suggested authorities do not support its position that the Court is somehow precluded from being the trier of fact on the quantum of attorneys' fees to award to Yahoo. In fact, in many instances, National Union's cases provide support for Yahoo's position that producing invoices in this ongoing litigation is inappropriate, and any amount of *Brandt* fees should be decided by the Court.

**ARGUMENT**

The ***amount*** of *Brandt* fees—as opposed to the threshold question of ***whether*** *Brandt* fees should be awarded—is an issue most appropriate for the Court in this case to decide. National Union attempts to argue that the tort nature of *Brandt* fees somehow transforms the Court's ability to decide the amount of fees, but its cited authorities do not support this proposition. Moreover, National Union's eleventh-hour attempt to seek additional discovery should not be tolerated.

**A. The Fact that *Brandt* Fees Are Tort Damages Does Not Change the Dynamic that the Court Should Decide the Amount of Fees Yahoo is Entitled to for National Union's Bad Faith Conduct.**

National Union relies on inapposite authorities in making its argument that *Brandt* fees are tort damages and, therefore, that a jury must decide the amount.

First, *Essex Insurance Co. v. Five Star Dye House, Inc.*, 38 Cal. 4th 1252 (2006) is a case where *Brandt* fees were awarded by the appellate court, not a jury—and the court's reference to the tort-based nature of the fees was anecdotal to the mechanism by which they were awarded. The court's ruling clarified the breadth of circumstances in which *Brandt* fees are recoverable, rather than limiting a party's ability to recover *Brandt* fees. The fees in *Essex* were awarded by the Court of Appeal and not a jury, which the California Supreme Court upheld, after the trial court initially denied an award of fees. Additionally, one of the cases discussed in *Essex*, *Xebec Development Partners, Ltd. v. National Union Fire Insurance Co.*, 12 Cal. App. 4th 501 (1993), describes a similar context for awarding *Brandt* fees: "The action was tried to a jury, which returned a general verdict against National Union for more than $7 million, and *the trial court awarded* [Plaintiff] attorney fees under *Brandt*". *Essex*, 38 Cal. 4th at 1262 (emphasis added).[1] In sum, National Union cites *Essex* for its position that only a jury can award *Brandt* fees but a closer look at the case shows that the tort nature of *Brandt* fees does not support the idea that the Court cannot decide the amount of an award under *Brandt*.

Second, National Union's citation to *Lennar Mare Island, LLC v. Steadfast Insurance Co.*, No. 2:12-CV-2182, 2015 WL 1540631, at *5 (E.D. Cal., Apr. 7, 2015), is misleading. Although *Lennar*, like *Essex*, confirms the non-controversial position that *Brandt* fees are tort damages, the court in *Lennar* actually *denied* the motion to compel invoices in support of a *Brandt* award. "[I]t appears that at least some of the material [defendant] seeks to compel, in particular, information concerning [plaintiff]'s legal bills, may relate to [plaintiff]'s litigation strategy. . . . Because of this fact, the court finds that production of such information is inappropriate at this pre-trial juncture."

National Union's case citations provide even less support for its arguments than those presented at the pretrial conference, at which this Court was inclined to rule that the Court was in the best position to decide the amount of *Brandt* fees.

---

[1] The Court of Appeal in *Xebec* ultimately reversed the award of attorneys' fees on other grounds, due to a finding that the plaintiff was a "third party claimant" and "stranger to the policy." *Xebec*, 12 Cal. App. 4th at 572.

**B. There is No Constitutional Right to a Jury Trial on the *Amount* of a *Brandt* Fee Award.**

By focusing on the tort-based nature of *Brandt* fees, National Union contends that it has a constitutional right to a jury trial on the amount of any *Brandt* fees. National Union oversimplifies the issues in its invocation of the Seventh Amendment and citations to certain inapposite cases. For example, *Curtis v. Loether*, 415 U.S. 189, 192-196 (1974) does not address the issue of whether a party has a right to have a jury decide the *amount* of damages. In fact, the case equates a "damages action" with "an action to enforce legal rights," without any focus on the amount of damages. *See id.* at 195. The same is true in *Malone v. Norwest Financial California, Inc.*, 245 B.R. 389, 399 (E.D. Cal. 2000), a bankruptcy case about whether a money damages case seeks a legal or equitable remedy, thus determining whether the jury or court should decide the issue. The case is irrelevant to the question at bar, where a determination of legal rights will unquestionably be decided by a jury, but where a calculation of the precise amount of a *Brandt* fee award should be made by the Court.

Lastly, National Union cites *Monster, LLC v. Superior Court*, 12 Cal. App. 5th 1214, 1229 (2017) out of context when in reality, *Monster* provides incidental support to *Yahoo's* argument. *Monster* is not a *Brandt* fees case, but discusses *Brandt* as an illustration of how courts have handled questions stemming from attorneys' fees sought as damages in breach of contract disputes. Thus, the court's ultimate decision in *Monster* is not applicable to the current insurance dispute. However, the court in *Monster* noted that "a party cannot move for fees, nor can the court fix the amount of those fees, until the breach of contract claim has been resolved." *Id.* at 1230.

In sum, National Union's insistence that only a jury can decide the *amount* of a *Brandt* fee award is unsupported in case law. National Union is entitled to have a jury decide whether National Union acted in bad faith, but that is a separate question from the quantum of the *Brandt* fee award. National Union should not be permitted to confuse the issues here in its continued attempts to force Yahoo to reveal privileged invoices and litigation strategy prematurely.

**C. National Union Missed Its Chance to Conduct Additional Discovery.**

National Union's last-minute request to take additional discovery should be denied. The discovery window in this case has been long closed, and Yahoo's position regarding production of

invoices to support its *Brandt* fee claim has been consistent throughout the litigation. Yahoo consistently has advised National Union that its attorneys fees in this case are privileged and, therefore, the actual invoices would not be produced unless and until there is a finding that National Union committed bad faith, as the privileged nature of such invoices could change at the conclusion of this matter. *See Los Angeles Cnty. Bd. of Supervisors v. Superior Court (ACLU)*, 2 Cal. 5th 282, 288 (2016). National Union never challenged Yahoo's positions throughout the discovery period. The reason is clear; National Union knows that unless and until the jury returns a finding that National Union committed bad faith, Yahoo's attorney invoices in this case will not be an issue.

National Union cites *Nationwide Mutual Insurance Co. v. Ryan*, No. 12-cv-05000, 2014 WL 12709392 (N.D. Cal., Apr. 14, 2014) as an example of a case where a deposition was ordered on *Brandt* fees between the pretrial conference and trial, but the facts in *Ryan* are entirely different from the facts of this case. In *Ryan*, the party seeking *Brandt* fees had never produced any description of its evidence in support of fees, whereas here, Yahoo has provided and continually updated its amounts incurred throughout the litigation. Moreover, the court in *Ryan* determined that the withholding at issue was willful and in bad faith. Here, Yahoo has continuously, transparently, and in good faith rested on its privileges to withhold the actual invoices, all while providing ongoing information about the amount of fees incurred. Unlike the party opposing *Brandt* fees in *Ryan*, National Union has always known Yahoo's position on production of invoices, and it purposely decided to sit on its discovery rights until after the period for taking depositions had closed. National Union's continued effort to gain premature access to Yahoo's litigation invoices or to take depositions on the subject is an attempt to improperly learn Yahoo's litigation strategy. Thus, this Court should deny National Union's request for additional discovery.

**CONCLUSION**

Yahoo joins National Union and respectively requests that the Court issue a ruling on National Union's Motion in Limine No. 9 re *Brandt* fees. The Court should deny National Union's MIL #9, and confirm that the jury will decide the issue of whether Yahoo is entitled to *Brandt* fees. If the jury determines that Yahoo is entitled to *Brandt* fees, the Court should decide the amount of *Brandt* fees to award Yahoo after the parties have an opportunity to submit and brief the issue of

whether the attorney fees are appropriate. Yahoo continues to believe that the Court is in the best position to understand and evaluate the attorney invoices.

For these reasons, the Court should deny National Union's request for leave to file supplemental authorities and deny National Union's request for further discovery in this case.

Respectfully submitted,

Dated: February 12, 2019

JASSY VICK CAROLAN LLP

*/s/ William T. Um*
WILLIAM T. UM
Counsel for Plaintiff Yahoo! Inc.