United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

YAHOO! INC.,

Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

Defendant.

Case No. 5:17-cv-00489-EJD

**ORDER DENYING DEFENDANT'S MOTION IN LIMINE NO. 9**

Re: Dkt. No. 102

Defendant National Union ("Defendant") moves *in limine* for an order excluding any evidence or argument regarding attorneys' fees and costs Plaintiff Yahoo! Inc. ('Yahoo') seeks to recover under *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985) for Defendant's alleged bad faith failure to defend and indemnify the "Email Scanning Lawsuits." Dkt. No. 102 (Defendant's Motion In Limine No. 9 To Exclude Evidence Or Argument Regarding *Brandt* Fees, p. 1). Defendant contends that evidence and argument regarding *Brandt* fees should be excluded because Plaintiff willfully failed to disclose such evidence as required by Rule 26 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion will be denied.

## I. BACKGROUND

In June of 2017, Plaintiff served its initial Rule 26 disclosures which disclosed, among other things, that Plaintiff sought damages arising from Defendant's alleged breach of contract, including the full costs to defend and to settle the Email Scanning Lawsuits. Dkt. No. 104-12, p. 5. Plaintiff did not produce any documents with its initial disclosures to support its claim for fees.

At the May 3, 2018 deposition of Plaintiff's corporate designees, Plaintiff's counsel represented that Plaintiff would produce attorneys' fee invoice amounts and dates. Dkt. No. 104-11, p. 16. Thereafter, on May 22, 2018, Plaintiff served its responses to Defendant's requests for production of documents. Dkt. No. 104-13. In response to requests for all documents that support the claimed damages, including *Brandt* fee invoices, Plaintiff asserted the attorney-client privilege and represented that it would provide a spreadsheet indicating the amount of damages Plaintiff had incurred to date. *Id*., p. 8.

To date, Plaintiff has not provided the spreadsheet or actual invoices (Dkt. No. 102, p. 4) and Defendant has not moved to compel further discovery responses (Dkt. No. 117, p. 3). Nevertheless, Plaintiff provided Defendant with "the amount of the invoices (as they continue to accrue) and the dates covered by those invoices." Dkt. No. 117, pp. 2-3. Further, it is undisputed that as of December 4, 2018, Plaintiff advised Defendant that it has incurred $613,761 in fees and $39,316 in costs for a total of $653,077 from November 2015 through July 2018 as potential *Brandt* fees. *Id*. Plaintiff contends that it is not appropriate to provide the privileged attorneys' invoices at this stage of the litigation because the invoices would expose Plaintiff's privileged information and records for a purpose that may never come to pass if the jury does not find Defendant acted in bad faith. If the jury does find bad faith, Plaintiff intends to produce its invoices to the court in the form of a fee petition or in another form as the court directs. *Id*. at p. 3.

## II. DISCUSSION

Rule 26(a) of the Federal Rules of Civil Procedure requires a party seeking damages to provide a copy or description of documents the party may use to support its claims; to provide a computation of damages; and to make documents supporting its claimed damages available for inspection and copying. Fed. R. Civ. P. 26(a)(1)(A)(ii)-(iii). Here, Plaintiff violated its obligations under Rule 26(a)(1)(A)(iii) by failing to make its invoices available for inspection and copying. *See R&R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012) (finding district court did not abuse its discretion in concluding that party failed to timely make Rule 26(a) disclosures in support of *Brandt* fees demand, but reversing sanctions award for failure to consider

whether failure was willful).

Plaintiff raises a legitimate concern that disclosure of the invoices may disclose its litigation strategy. Nevertheless, under governing Ninth Circuit precedent, Plaintiff is in violation of Rule 26. *RR Sails*, 673 F.3d at 1247; *see also Nationwide Mut. Ins. Co. v. Ryan*, No. 12-5000 JST, 2014 WL 12709392, at *1 (N.D. Cal. April 14, 2014) (holding that party who asserted attorney-client privilege and work product doctrine in its objection to production of documents that support *Brandt* fees claim violated Rule 26 by "failing either to produce a copy of its attorney billing records, produce a description of them, or make the records available").

Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information ... at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails*, 673 F.3d at 1246. "[I]n the ordinary case, violations of Rule 26 may warrant evidence preclusion." *Id*. at 1247. If the sanction of evidence preclusion amounts to dismissal of a claim, however, the court must consider "whether the claimed noncompliance involved willfulness, fault, or bad faith" and the availability of lesser sanctions. *Id*.

Here, Plaintiff raises the attorney-client privilege as a justification for its decision to not produce invoices. This justification has been rejected by at least one court. In *Ryan*, the court observed that "[f]ollowing the *R&R Sails* case, it is now hornbook law in this circuit—if it wasn't already clear—that Rule 26 requires bad faith plaintiffs (or counter-claimants) to produce their attorney billing records or, if the invoices are not produced, to permit defense counsel to request the attorney fee invoices." *Ryan*, 2014 WL 12709392, at *2. This court agrees.

However, the court finds that, under the facts of this case, the harm resulting from Plaintiff's Rule 26 violation does not warrant the harsh sanction of evidence preclusion. Defendant has been on notice since the inception of the case that Plaintiff sought *Brandt* fees. Plaintiff also provided invoice totals to Defendant. As noted previously, on December 4, 2018,

United States District Court
Northern District of California

Plaintiff advised Defendant that it has incurred $613,761 in fees and $39,316 in costs for a total of $653,077 from November 2015 through July 2018 as potential *Brandt* fees. Moreover, any prejudice to Defendant resulting from Plaintiff's failure to produce invoices can be cured by requiring Plaintiff to produce the invoices and make counsel available for deposition. *Ryan*, 2014 WL 12709392, at *2.

III. ORDER

Defendant's motion in limine No. 9 is DENIED. In lieu of preclusion, Plaintiff is ordered to produce the invoices and to make counsel available for deposition. The court will establish a deadline for producing the invoices and for completing the deposition after discussing scheduling with the parties at the trial setting conference scheduled for March 7, 2019 at 11:00 a.m. Whether the court or a jury will decide the amount of *Brandt* fees to be awarded, if any, will be addressed in a separate order.

**IT IS SO ORDERED.**

Dated: February 19, 2019

EDWARD J. DAVILA
United States District Judge