UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YAHOO! INC.,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>    Defendant. | Case No. 5:17-cv-00489-EJD<br><br>**CORRECTED ORDER RE MOTION IN LIMINE NO. 9; DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 126, 127 |

A. National's Union's Motion

National Union requests (1) leave to file supplemental authorities in support of its Motion in Limine No. 9 regarding whether the jury or the court decides the amount of *Brandt* fees if the jury returns a bad faith finding, and (2) a ruling on Motion in Limine No. 9. Dkt. No. 126. National Union's requests are GRANTED.

Having considered the supplemental authorities, the court finds that absent a stipulation by the parties, National Union is entitled to have the jury decide the amount of *Brandt* fees if the jury returns a bad faith finding. *See Monster, LLC v. Superior Court*, 12 Cal. App. 5th 1214, 1229 (2017) ("Numerous . . . cases decided both before and after *Brandt* have . . . recognized that '[a]lthough fee issues are usually addressed to the trial court in the form of a posttrial motion, fees as damages are pleaded and proved by the party claiming them and are decided by the jury unless the parties stipulate to a posttrial procedure.'"). Although not cited by National Union, the Ninth Circuit's holding in *Metropolitan Business Management, Inc. v. Allstate Ins. Co.*, 448 Fed. Appx. 677, 679 (9th Cir. 2011), is consistent with *Monster*. *See also American Color Graphics, Inc. v. Travelers Property Casualty Company of America*, No. 04-3518 SBA, 2007 WL 9728853, at *9

(N.D. Cal. Jan. 18, 2007) (stating that language of *Brandt* "is clear that fees must be determined by the trier of fact absent a stipulation").

B.  Yahoo's Motion

Yahoo moves for reconsideration of the court's order granting National Union's Motion in Limine No. 6, which limited Yahoo's damages to the time value of money for 30 days.  Dkt. No. 127.  Yahoo contends that the time value of money theory is speculative and not based on the parties' obligations under the 2011 Policy.  Yahoo's Motion for Recon., p. 2 (Dkt. No. 127). Yahoo contends that its damages should not be limited to the time value of money for 30 days, and that instead, Yahoo is entitled to recover prejudgment interest on the $3,048,598 Yahoo paid to defend the underlying lawsuits, beginning in October 2013 through entry of judgment in this case.

The court has reviewed the relevant pleadings and evidence and reaffirms its prior ruling that the measure of damages is the time value of money for 30 days because Yahoo was required to reimburse National Union pursuant to the terms of the Deductible Coverage Endorsement. Yahoo's motion for reconsideration is accordingly denied.

**IT IS SO ORDERED.**

Dated:  April 17, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-00489-EJD
ORDER RE MOTION IN LIMINE NO. 9; DENYING MOTION FOR RECONSIDERATION
2