ASIM K. DESAI (SBN: 175402)
adesai@grsm.com
STEVEN R. INOUYE (SBN: 245024)
sinouye@grsm.com
GORDON & REES, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

MATTHEW C. LOVELL (SBN: 189728)
mlovell@nicolaidesllp.com
RICHARD H. NICOLAIDES, JR. (Appearance *Pro Hac Vice*)
rnicolaides@nicolaidesllp.com
DANIEL I. GRAHAM, JR. (Appearance *Pro Hac Vice*)
dgraham@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 745-3770
Facsimile: (415) 745-3771

Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,
a Pennsylvania Corporation

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
DENIED
Judge Edward J. Davila
4/26/2019

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| YAHOO! INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>Defendant. | Case No. 5:17-CV-00489-EJD<br><br>**NATIONAL UNION'S RENEWED MOTION IN LIMINE NO. 9 TO EXCLUDE EVIDENCE OF *BRANDT* FEES**<br><br>Trial Date: April 30, 2019 |

## I. INTRODUCTION

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") hereby renews its Motion in Limine No. 9 (ECF No. 117) to exclude Plaintiff Yahoo! Inc.'s ("Yahoo") claim for attorneys' fees and costs under *Brandt v. Superior Court,* 37 Cal. 3d 813 (1985) given Yahoo's failure to comply with its discovery obligations concerning that claim, as established by this Court's original order on Motion in Limine No. 9.

In connection with Yahoo's original Motion in Limine No. 9, the Court held that Yahoo had violated its Rule 26 obligations to timely disclose the evidence supporting its *Brandt* fee claims (i.e., its attorney invoices). Nonetheless, this Court denied National Union's motion to preclude Yahoo's *Brandt* fee claim because "any prejudice to Defendant resulting from Plaintiff's failure to produce invoices can be cured by requiring Plaintiff to produce the invoices and make counsel available for deposition." (ECF No. 131, at p. 4.) In response to the Court's order, Yahoo produced most of its invoices,[1] but has refused to comply with the additional requirement that it "make counsel available for deposition." (Declaration of Asim Desai ¶¶ 3, 8, exh. A, pp. 3-4.) Because Yahoo has chosen *not* to take all the steps ordered by this Court as necessary to cure the prejudice to National Union from Yahoo's late disclosure of the invoices, this Court should now exclude them and preclude Yahoo from claiming *Brandt* fees. Fed. R. Civ. Proc. 37(b)(2).

## II. PROCEDURAL HISTORY

Throughout the discovery phase of this case, Yahoo maintained that its coverage counsel's invoices were privileged, and Yahoo refused to produce the invoices even though it was relying on them as the evidence of its damages for bad faith. (See ECF No. 102, at p. 3; ECF No. 117.) Yahoo maintained this position until this Court ruled on February 19, 2019, that Yahoo had to produce its invoices and "make counsel available for deposition" if it wanted to proceed with its *Brandt* fee claim at trial. (ECF No. 131, at p. 4.)

---

[1] During oral argument at the Pre-Trial Conference on April 17, 2019, Yahoo advised National Union – for the first time - that it was not seeking *Brandt* fees for the 2019 time period. (See Desai Decl. ¶ 5, citing Desai Decl., exh. A, pp. 7-8 & exh. B, pp. 7, 46.)

Yahoo then produced its first set of invoices on March 7, 2019. (Desai Decl. ¶ 2, exh. A, p. 4.) Yahoo provided invoices for an additional $44,000 on April 12, 2019. (*Ibid.*) Meanwhile, on April 4, 2019, National Union reached out to Yahoo's counsel, William Um, to obtain available deposition dates. (Desai Decl. ¶ 3, exh. A, p. 12.) Mr. Um objected that National Union had waited almost a month to try to schedule the deposition, and objected to offering himself for deposition. (Desai Decl. ¶ 3, exh. A, p. 10.)

On April 16, 2019, Mr. Um offered Daniel Tepstein, Yahoo's former general counsel, for deposition on either the afternoon of April 18 (two days in advance and the day after the final pretrial conference) or the morning of April 20 (a Saturday). (Desai Decl. ¶ 6, exh. A, p. 9.) National Union objected that this notice was too short and, in any event, Mr. Tepstein could not be an appropriate witness on the subject of *Brandt* fees. National Union declined the deposition of Mr. Tepstein and insisted Mr. Um sit for the deposition. (Desai Decl. ¶ 7, exh. A, pp. 6, 8.) Mr. Um then told Mr. Tepstein that he would no longer be needed and could take a vacation. (Desai Decl. ¶ 12, exh. A, p. 5.)

## III. LEGAL ARGUMENT

Under Rule 37(b)(2), when a party fails to comply with its discovery obligations, the Court may make "just" orders including "prohibiting the disobedient party from supporting . . . designated claims . . . or from introducing designated matters in evidence." Hence, for instance, in *Fresno Rock Taco, LLC v. Nat'l Sur. Corp.*, No. 1:11-CV-00845-SKO, 2013 WL 3803911, at *10 (E.D. Cal. July 19, 2013), the court precluded the plaintiffs' *Brandt* fee claim under Rule 37 where plaintiffs failed to timely disclose a witness to authenticate the billing records and establish how the bills were allocated between work performed to obtain policy benefits and other work.

Here, the Court has already ruled that Yahoo violated its Rule 26 obligations by refusing to produce its attorney invoices during discovery. (ECF No. 131, at p. 2.) The Court nonetheless exercised its discretion to give Yahoo an opportunity to cure the prejudice caused by its rules violation rather than face the ultimate sanction of having its *Brandt* fee claim precluded. (*Id.* at p. 4.) Despite its second chance, however, Yahoo has steadfastly refused to

comply with a crucial part of the Court's order by presenting Mr. Um, or any other outside counsel with direct knowledge of the work performed, for deposition. The time for leniency has now passed.

Yahoo may respond that it did offer to produce Mr. Tepstein for deposition to testify about the invoices. (See Desai Decl., exh. A, p. 4.) But Mr. Tepstein did not generate the invoices or decide which fees to claim as damages in this case, and is therefore plainly not the "counsel" referred to in the Court's order. Indeed, this Court cited *Nationwide Mut. Ins. Co. v. Ryan*, No. 12-CV-05000-JST, 2014 WL 12709392, at *2 (N.D. Cal. Apr. 14, 2014), in support of its ruling, and the court in *Ryan* ordered the lawyers who generated the invoices to sit for deposition—not the insured's general counsel, whose only knowledge would be based upon review of the invoices. (See Desai Decl., exh. A, p. 6].)

In *Brandt* fee cases, it is necessary and appropriate for coverage counsel to testify about his fees. *See* Croskey et al., Cal Practice Guide: Insurance Litigation (The Rutter Group 2017) ¶ 13:140 to 13:141 (proof of *Brandt* fees typically includes "*testimony* by plaintiff's counsel as to the nature and amount of the services rendered; i.e., what portion of the services was attributable to efforts to obtain the policy benefits, and the reasonable value thereof," and there is no ethical problem with the attorney having to testify). This Court has expressed concern about requiring Yahoo's lead coverage counsel William Um to testify before the jury. Mr. Um chose to serve as both coverage counsel and trial counsel in the bad faith case. His choice is not a basis to deny National Union its right of cross-examination on the subject to damages. Nonetheless, as an accommodation, National Union requested that "a witness" competent to discuss the invoices in "detail" sit for deposition (ECF No. 126, at p. 3), thus giving Mr. Um flexibility to offer *another attorney from his office* to testify. But it goes without saying that compliance with the order required Mr. Um to offer a witness who would have the foundation necessary to testify on the designated topic—"detail[s]" about the invoices (i.e., the creation of the invoices and how they were allocated between fees incurred to litigate coverage versus other issues), not a witness who will simply answer "I don't know" to all of National Union's

questions, or who will attempt to offer expert testimony he was not designated or qualified to give.[2]

Yahoo may further argue that National Union's request for a deposition was untimely because it was not made until early April, nearly a month after Yahoo produced its attorney invoices in early March. This argument should be rejected. National Union requested a deposition in its motion papers filed on February 8, 2019 (ECF. 126, at p. 3)—a month before Yahoo produced its first set of invoices. Yahoo was therefore on notice of National Union's request for a deposition long before National Union sent its early April request. It was not unreasonable for National Union to spend a few weeks reviewing the invoices before following up with Yahoo to schedule the deposition. Further, Yahoo told National Union at the time that further invoices would be forthcoming, did not produce further invoices until April 12, 2019, (Desai Dec. ¶ 4, exh. A, at pp. 4, 15), and did not communicate to National Union that it would waive its request for any additional fees until April 17, 2019, (Desai Decl. ¶ 5, citing Desai Decl., exh. A, pp. 7-8 & exh. B, pp. 7, 46.) Thus, National Union's early April request came before Yahoo had even finished completing the production of documents that would be the subject of the deposition. National Union would have been justified in waiting until after the production was completed on April 17 to request the deposition. If anything, the fact National Union initiated communications on that subject weeks earlier shows National Union's diligence in trying to get the deposition.

Simply put, Yahoo has persistently thwarted National Union's efforts to conduct timely and meaningful discovery about the *Brandt* fees Yahoo is claiming as damages. National Union will be unfairly prejudiced if Yahoo is allowed to introduce evidence of Mr. Um's invoices and claim the total as damages while shielding their author from cross-examination—after all, it is inherently incredible in this case that over 80 percent of Mr. Um's efforts were related to

---

[2] The prejudice to National Union could have been mitigated if Yahoo had agreed to permit National Union to designate an expert witness to testify about the invoices. But Yahoo objected, and obtained an order form this Court excluding National Union's expert. (Desai Decl., exh. B, pp. 12, 51.)

obtaining the several hundred thousand dollars in policy benefits this Court has awarded, particularly when his complaint and summary judgment motion contained extensive argument rejected by this Court for why National Union could not enforce the Deductible Coverage Endorsement. Given how often the *Brandt* fee discovery issue has arisen between the parties and at pretrial hearings, Yahoo's failures to comply with its obligations to permit National Union to take counsel's deposition can only be described as willful. The only appropriate remedy at this juncture is preclusion of Yahoo's claim for *Brandt* fees.

## IV. CONCLUSION

For the foregoing reasons, this Court should issue an order under Rule 37 holding that Yahoo may not claim *Brandt* fees at trial and excluding the attorney invoices, which are relevant only to that claim.

Dated: April 26, 2019

GORDON & REES LLP

By: */s/ Asim Desai*
Asim K. Desai
Steven R. Inouye
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation

Dated: April 26, 2019

NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP

By: */s/ Richard Nicolaides*
Richard H. Nicolaides, Jr.
Daniel I. Graham, Jr.
Matthew C. Lovell
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania Corporation