UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YAHOO! INC.,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>    Defendant. | Case No. 5:17-cv-00489-EJD<br><br>**ORDER DENYING IN PART AND DEFERRING IN PART DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Re: Dkt. No. 156 |

**I.   INTRODUCTION**

Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") moves for judgment as a matter of law on Plaintiff Yahoo! Inc.'s ("Yahoo") bad faith and punitive damages claims. National Union contends that there is no proof of bad faith, no proof of tort damages under *Brandt v. Superior Court*, 37 Cal.3d 813, 817 (1985), and no proof of punitive damages. For the reasons set forth below, National Union's motion for judgment as a matter of law will be denied in part and deferred in part.

**II.   STANDARDS**

Federal Rule of Civil Procedure 50(a) authorizes the Court to enter judgment for a party as a matter of law:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and

(B) grant a motion for judgment as a matter of law against the party
on a claim or defense that, under the controlling law, can be
maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1).

## III. DISCUSSION

### A. Bad Faith

"To breach the implied obligation of good faith and fair dealing, an insurance company must unreasonably act or fail to act in a manner that deprives the insured of the benefits of the policy. To act unreasonably is not a mere failure to exercise reasonable care. It means that the insurer must act or fail to act without proper cause. However, it is not necessary for the insurer to intend to deprive the insured of the benefits of the policy." CACI No. 2330.

National Union contends that there is no evidence from which a reasonable jury could find that National Union acted in bad faith. According to National Union, no reasonable jury could find that National Union's decisions on the "publication" issue and the "Criminal Acts" exclusion were unreasonable. National Union also contends that Chan's citation to the "media and internet type business" exclusion does not establish bad faith because Chan did not rely upon that exclusion to deny coverage in *Sutton/Penkava*; instead, National Union merely reserved its rights under that exclusion. National Union acknowledges that San Julian relied upon the "media and internet type business" exclusion to initially deny coverage in *Holland*, but argues that the undisputed evidence shows San Julian did not know that an endorsement had removed that exclusion, and in any event, the coverage decision would have been the same. National Union also contends that the denial of coverage for the *Holland* settlement was not unreasonable.

Yahoo counters that there is ample evidence from which a reasonable jury could infer National Union's bad faith. Among other things, Yahoo relies on evidence that:

- National Union's denial letters for the *Sutton* and *Penkava* lawsuits cited to exclusion 2(j)—an exclusion that was not in the 2011 Policy;

- National Union cited the same exclusion 2(j) in its denial of coverage for the

Case No.: 5:17-cv-00489-EJD
ORDER DENYING IN PART AND DEFERRING IN PART DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

2

*Holland* lawsuit;

- National Union used an incomplete copy of the 2011 Policy to determine whether *Holland* was a covered claim;
- National Union "insinuated that Yahoo's inaction in arguing for coverage was a reason it denied coverage for *Holland*";
- National Union focused on the criminal acts alleged in the underlying suits and found no coverage instead of construing the allegations of the underlying suits in a manner that would favor a finding of coverage;
- National Union did not conduct a thorough investigation of the six underlying class actions and closed its claim files without "reaching out" to Yahoo other than to notify Yahoo that there was no duty to defend;
- When Yahoo asked National Union to reconsider its position, National Union continued to deny coverage for all the reasons set for in its original letter, including the exclusion 2(j);
- National Union took a "belts and suspenders" approach to deny coverage; and
- The denial letters prepared by National Union's claims analysts, Jack Chan, Erik San Julian, and Jonathan Kipnis, were approved by their managers before being sent to Yahoo.

Yahoo's Opp'n at 3-4.

Having reviewed the evidence described above, the court concludes that a reasonable jury could find, as National Union argues, that its coverage decisions were not unreasonable. Nevertheless, there is a legally sufficient evidentiary basis for a jury to find that National Union acted or failed to act without proper cause. National Union's motion for judgment as a matter of law is therefore denied as to the bad faith claim. "Judgment as a matter of law is proper when the evidence permits a reasonable jury to reach only one conclusion." *Quiksilver, Inc. v. Kymsta Corp.,* 466 F.3d 749, 755 (9th Cir. 2006) (internal quotation marks omitted).

1     National Union's motion is DENIED as to Yahoo's bad faith claim.

## B. Proof of Bad Faith Damages

National Union raises two challenges to Yahoo's bad faith damages calculation. First, National Union contends that Yahoo may not recover the full defense costs and settlement costs incurred in *Holland* because Yahoo has not presented any evidence that those losses were proximately caused by National Union's breach. According to National Union, the sums Yahoo incurred to defend and settle *Holland* resulted from Yahoo being sued and choosing an insurance program under which it retained the risk of having to defend and settle such suits, and not from anything National Union did. Second, National Union contends that Yahoo has failed to produce a witness to explain to the jury what portion of its attorney fees are properly allocated to obtaining contract benefits, and therefore, Yahoo is not entitled to any fees under *Brandt v. Superior Court*, 37 Cal.3d 813, 817 (1985).

In response, Yahoo points to Mr. Tepstein's trial testimony, which went unchallenged by National Union. Mr. Tepstein confirmed that National Union never hired or paid any attorneys to defend Yahoo or help settle the underlying lawsuits. Yahoo contends that as a result of National Union's bad faith, Yahoo "did not get the peace of mind and the benefit of the security of a defense" and that the damages it seeks "go directly to the harm that Yahoo suffered because of National Union's conduct." Yahoo's Mot. at 5:15-22.

The court finds that Yahoo has presented a legally sufficient evidentiary basis for its claimed damages. When an insurer breaches its duty of good faith and fair dealing, the insured is entitled to recover damages "for all harm that was caused by the insured." California Civil Jury Instruction No. 2350. Here, Yahoo has presented evidence from which a reasonable jury could conclude that Yahoo incurred defense and settlement costs because National Union denied coverage in bad faith. The damages Yahoo seeks were foreseeable are not speculative. Further, the court finds that the Deductible Coverage Endorsement ("Endorsement") does not limit Yahoo's right to seek extra-contractual damages if the jury finds that National Union denied

Case No.: 5:17-cv-00489-EJD
ORDER DENYING IN PART AND DEFERRING IN PART DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

4

coverage in bad faith. This is because National Union did not pay any amounts to Yahoo for defense or settlement, and therefore cannot, as a matter of right or equity, now claim that its right to reimbursement under the Endorsement should limit extra contractual damages.

The court also finds that Yahoo has presented a legally sufficient evidentiary basis for *Brandt* fee allocation: (a) the fee invoices admitted into evidence, which cover periods of time when Yahoo was pursuing policy benefits and have been redacted to exclude work unrelated to Yahoo's pursuit of policy benefits; and (b) Mr. Tepstein's trial testimony.

National Union's motion is DENIED with respect to the issue of bad faith damages.

### C. Proof of Punitive Damages

National Union contends that Yahoo's failure to prove any tort damages precludes any award of punitive damages. National Union also contends that there is no evidence—much less clear and convincing evidence—that any National Union corporate decisionmaker engaged in "despicable" conduct or intended to defraud Yahoo by denying coverage.

National Union's motion is DEFERRED with respect to the issue of punitive damages.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for judgment as a matter of law is DENIED in part and DEFERRED in part.

**IT IS SO ORDERED.**

Dated: May 17, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-00489-EJD
ORDER DENYING IN PART AND DEFERRING IN PART DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW
5