1
2
3
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| YAHOO! INC., a Delaware corporation, | Case No. 5:17-CV-00489-EJD |
| Plaintiff, | **FINAL JURY INSTRUCTIONS** |
| v. | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation, | |
| Defendant. | |

DATED: _____

_____
UNITED STATES DISTRICT JUDGE

**FINAL JURY INSTRUCTION NO. 1**

**DUTY OF JURY**


Members of the Jury: Now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**FINAL JURY INSTRUCTION NO. 2**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all the evidence, regardless of which party presented it.

**FINAL JURY INSTRUCTION NO. 3**

**BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim are true.  This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

# FINAL JURY INSTRUCTION NO. 4

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I have instructed you to accept as proved.

1
2
3

**FINAL JURY INSTRUCTION NO. 5**

**WHAT IS NOT EVIDENCE**

4      In reaching your verdict, you may consider only the testimony and exhibits received into

5 evidence. Certain things are not evidence, and you may not consider them in deciding what the

6 facts are.  I will list them for you:

7      (1)     Arguments and statements by lawyers are not evidence. The lawyers are not

8 witnesses. What they say in their opening statements, closing arguments and at other times is

9 intended to help you interpret the evidence, but it is not evidence. If the facts as you remember

10 them differ from the way the lawyers have stated them, your memory of them controls.

11      (2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to

12 their clients to object when they believe a question is improper under the rules of evidence. You

13 should not be influenced by the objection or by the court's ruling on it.

14      (3)     Testimony that is excluded or stricken, or that you have been instructed to

15 disregard, is not evidence and must not be considered.  In addition some evidence may have been

16 received only for a limited purpose; when I have instructed you to consider certain evidence only

17 for a limited purpose, you must do so and you may not consider that evidence for any other

18 purpose.

19      (4)     Anything you may have seen or heard when the court was not in session is not

20 evidence. You are to decide the case solely on the evidence received at the trial.

21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FINAL JURY INSTRUCTION NO. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FINAL JURY INSTRUCTION NO. 7**

**RULING ON OBJECTIONS**

     There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overruled the objection, the question may be answered or the exhibit received.  Whenever I have sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

     If I have ordered that evidence be stricken from the record and that you disregard or ignore that evidence, when you are deciding the case, you must not consider the stricken evidence for any purpose.

# FINAL JURY INSTRUCTION NO. 8

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**FINAL JURY INSTRUCTION NO. 9**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that I have read to you.  These facts are listed in Exhibit 527.  You must treat these facts as having been proved.

# FINAL JURY INSTRUCTION NO. 10
## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded by transcription and/or by video.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Jack Chan was taken on June 6, 2018 and the deposition of Erik San Julian was taken on June 7, 2018.  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.  In so far as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

**FINAL JURY INSTRUCTION NO. 11**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**FINAL JURY INSTRUCTION NO. 12**

**CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

# FINAL JURY INSTRUCTION NO. 13

## IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING EXPLAINED

In every insurance policy there is an implied obligation of good faith and fair dealing that neither the insurance company nor the insured will do anything to injure the right of the other party to receive the benefits of the agreement.

To fulfill its implied obligation of good faith and fair dealing, an insurance company must give at least as much consideration to the interests of the insured as it gives to its own interests.

To breach the implied obligation of good faith and fair dealing, an insurance company must unreasonably act or fail to act in a manner that deprives the insured of the benefits of the policy.  To act unreasonably is not a mere failure to exercise reasonable care.  It means that the insurer must act or fail to act without proper cause.  However, it is not necessary for the insurer to intend to deprive the insured of the benefits of the policy.

A finding of a breach of the covenant of good faith and fair dealing cannot be based upon an honest mistake or negligence.

The reasonableness of National Union's conduct must be measured at the time of the events as they occurred.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# FINAL JURY INSTRUCTION NO. 14

## BAD FAITH—UNREASONABLE FAILURE TO DEFEND—ESSENTIAL FACTUAL ELEMENTS

Yahoo claims it was harmed by National Union's breach of the obligation of good faith and fair dealing because National Union failed to defend Yahoo in several class action lawsuits that were brought against Yahoo.  To establish this claim, Yahoo must prove all of the following:

1. That Yahoo was insured under an insurance policy with National Union;

2. That these class action lawsuits were brought against Yahoo;

3. That Yahoo gave National Union timely notice that Yahoo had been sued;

4. That National Union, unreasonably, that is, without proper cause, failed to defend Yahoo against these class action lawsuits.

5. That Yahoo was harmed; and

6. That National Union's conduct was a substantial factor in causing Yahoo's harm.

# FINAL JURY INSTRUCTION NO. 15

## SUBSTANTIAL FACTOR DEFINITION

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without the conduct.

## FINAL JURY INSTRUCTION NO. 16

### DAMAGES FOR BAD FAITH

If you decide that Yahoo has proved its claim against National Union, you also must decide how much money will reasonably compensate Yahoo for the harm.  This compensation is called "damages."

The amount of damages must include an award for all harm that was caused by National Union, even if the particular harm could not have been anticipated.

Yahoo must prove the amount of its damages.  However, Yahoo does not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  You must not speculate or guess in awarding damages.  You must not include in your award any damages to punish or make an example of National Union.

The following are the specific items of damages claimed by Yahoo for bad faith:

1.  The amount Yahoo incurred to defend the *In re Yahoo Mail Litigation* (i.e., the consolidated *Holland, Kevranian, Nobles,* and *Zelaya* lawsuits).

2.  The amount Yahoo paid to settle the *In re Yahoo Mail Litigation* (i.e., the consolidated *Holland, Kevranian, Nobles,* and *Zelaya* lawsuits).

3.  The cost of reasonable attorney fees incurred to obtain policy benefits.  To recover attorney fees, Yahoo must prove that because of National Union's breach of the obligation of good faith and fair dealing it was reasonably necessary for it to hire an attorney to recover the policy benefits.

**FINAL JURY INSTRUCTION NO. 17**

**PUNITIVE DAMAGES**

If you decide that National Union's breach of the implied obligation of good faith and fair dealing caused Yahoo harm, you must decide whether that conduct justifies an award of punitive damages.

At this time, you must decide whether Yahoo has proved that National Union engaged in that conduct with malice, oppression, or fraud. To do this, Yahoo must prove one of the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one or more managing agents of National Union who acted on behalf of National Union; or

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more managing agents of National Union; or

3. That one or more managing agents of National Union knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that National Union acted with intent to cause injury or that National Union's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another.

"Oppression" means that National Union's conduct was despicable and subjected Yahoo to cruel and unjust hardship in knowing disregard of its rights.

For purposes of finding either "malice" or "oppression", "despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Fraud" means that National Union intentionally misrepresented or concealed a material fact and did so intending to harm Yahoo.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

**FINAL JURY INSTRUCTION NO. 18**

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**FINAL JURY INSTRUCTION NO. 19**

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or on any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the

accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

# FINAL JURY INSTRUCTION NO. 20

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including the court – how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**FINAL JURY INSTRUCTION NO. 21**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  [Explain verdict form as needed.]  After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.