1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| YAHOO! INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>    Defendant. | Case No. 5:17-CV-00489-EJD<br><br>**FINAL JUDGMENT** |

The Court hereby enters its final judgment as follows:

On October 12, 2018, the Court granted in part and denied in part the cross-motions for summary judgment of Plaintiff Yahoo! Inc. ("Yahoo") and Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). (ECF 78.)  The Court held as follows:

1. The undisputed factual record shows there was at least the potential for coverage pursuant to the "Personal Injury" coverage ("[o]ral or written publication, in any manner, of material that violates a person's right of privacy") for the following class action lawsuits: *Sutton, et al. v. Yahoo! Inc.*, No. CIV 1202973 (Marin Cty. Super. Ct.) ("*Sutton* lawsuit"); *Penkava v. Yahoo! Inc.*, No. 12-cv- 03414 (N.D. Cal.) ("*Penkava* lawsuit"); and *Holland v. Yahoo! Inc.*, No. 13-cv-4980 (N.D. Cal.) ("*Holland* lawsuit"), which was later consolidated with three other similar class actions as *In re Yahoo Mail Litigation*.

2. National Union breached the duty to defend Yahoo against the *Sutton*, *Penkava*, and *In re Yahoo Mail Litigation.*

3. The *Sutton* and *Penkava* lawsuits were voluntarily dismissed by the plaintiffs in those cases. Accordingly, there can be no breach of the duty to indemnify under the 2011 policy with respect to the *Sutton* and *Penkava* lawsuits because Yahoo never became legally obligated to pay damages for those actions.

4. Yahoo's payment of attorney's fees to the plaintiffs' counsel to settle the *In re Yahoo Mail Litigation* (including the *Holland* lawsuit) constitutes "damages" under National Union's policy.  Thus, National Union breached the duty to indemnify Yahoo for the attorney's fee portion of the settlement of the *In re Yahoo Mail Litigation*.  National Union did not breach the duty to indemnify Yahoo for the service awards paid to class representatives in the *In re Yahoo Mail Litigation*.

5. The Deductible Coverage Endorsement to the 2011 insurance policy is neither unenforceable nor inapplicable under the particular facts of this case.

On January 25, 2019, the Court ruled on National Union's motions in limine concerning the measure of damages for breach of contract.  The Court ruled as follows:

1. Yahoo is entitled to have the total defense costs for the *Sutton* and *Penkava* lawsuits paid under the 2008 policy, which did not have a Deductible Coverage Endorsement. Under that policy, National Union is responsible for Yahoo's defense costs totaling $272,133.47, plus interest.  (ECF 122.)

2. Under the 2011 policy's Deductible Coverage Endorsement and related Payment Agreement, Yahoo's damages for National Union's breaches of the duties to defend and indemnify Yahoo for the defense and settlement of the *In re Yahoo Mail Litigation* are limited to the time value of money for 30 days, plus interest.  (ECF 122.)

On May 22, 2019, the jury rendered its verdict on Yahoo's claims for breach of the implied covenant of good faith and faith dealing and punitive damages.  The jury found as follows:

1. Yahoo has proven by a preponderance of evidence that National Union acted in bad faith when it failed to defend Yahoo in several class action lawsuits that were brought against Yahoo.

2. Yahoo has proven by a preponderance of evidence that National Union's bad faith conduct was a substantial factor in causing Yahoo harm.

3. The jury awarded the following as Yahoo's damages for the harm caused by National Union's bad faith conduct:

   a. $618,380.00 as the costs of the reasonable attorney fees incurred to obtain policy benefits.

   b. No bad faith damages for the costs of defending and settling the *In re Yahoo Mail Litigation* (i.e., the consolidated *Holland*, *Kevranian*, *Nobles*, and *Zelaya* lawsuits).

4. Yahoo failed to prove by clear and convincing evidence that National Union engaged in bad faith conduct with malice, oppression, or fraud.

Based on the foregoing, IT IS HEREBY ADJUDGED AND DECREED:

1. Yahoo is entitled to judgment on its counts for breach of the duty to defend; breach of the duty to indemnify, in part, the *In re Yahoo Mail Litigation* settlement; and

1  breach of the implied covenant of good faith and fair dealing.

2. National Union is entitled to judgment on Yahoo's claim for punitive damages.

3. Yahoo is entitled to recover a total of $1,122,505.58 in damages, calculated as follows:

   a. $272,133.47, plus 10% prejudgment interest pursuant to California Code of Civil Procedure § 3289(b) calculated from the date each invoice was sent to Yahoo by its attorneys in the *Sutton* and *Penkava* actions. The parties agree that the calculation of the amount of damages under this paragraph 3.a., including prejudgment interest, is $448,455.07.

   b. Thirty days' interest on $3,048,598, the amount Yahoo incurred to defend the *In re Yahoo Mail Litigation*, plus 10% prejudgment interest on that interest pursuant to California Code of Civil Procedure § 3289(b) calculated from the date each invoice was sent to Yahoo by its attorneys in that litigation. The parties agree that the calculation of the amount of damages under this paragraph 3.b., including prejudgment interest, is $35,057.26.

   c. Thirty days' interest on $2 million, the covered portion of the amount Yahoo paid to settle the In re Yahoo Mail Litigation, plus 10% prejudgment interest on that interest pursuant to California Code of Civil Procedure § 3289(b) calculated from the date of payment. The parties agree that the calculation of the amount of damages under this paragraph 3.c., including prejudgment interest, is $20,613.25.

   d. $618,380 in attorney fees incurred in this action, pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985).

4. As the prevailing party, Yahoo is entitled to recover its costs subject to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Yahoo shall submit a bill of costs within 14 days from the date of entry of this judgment.

IT IS SO ORDERED.

EDWARD J. DAVILA
United States District Judge