UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YAHOO! INC.,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>    Defendant. | Case No. 5:17-cv-00489-EJD<br><br>**ORDER DENYING DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, A LIMITED NEW TRIAL OR REMITTITUR**<br><br>Re: Dkt. No. 191 |

## I. INTRODUCTION

Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") renews it motion for judgment as a matter of law on Plaintiff Yahoo! Inc.'s ("Yahoo") bad faith claim and on Yahoo's claim for attorney fees under *Brandt v. Superior Court*, 37 Cal.3d 813, 817 (1985). In the alternative, National Union requests a limited new trial on *Brandt* fees or remittitur of the jury's $618,380.00 award. For the reasons set forth below, National Union's motion will be denied.

## II. STANDARDS

Federal Rule of Civil Procedure 50(b) authorizes any party to renew a Rule 50(a) motion after trial and include an alternative or joint request for a new trial under Rule 59. In ruling on a renewed motion, the court may: (1) allow the judgment on the verdict; (2) order a new trial; or (3) direct entry of judgment as a matter of law. Fed.R.Civ.P. 50(b). A motion under Rule 50(b) should be granted if the evidence permits only one reasonable conclusion and it is contrary to the

jury's verdict. *Gilbrook v. City of Westminster*, 177 F.3d 839, 864 (9th Cir. 1999). "A jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008) (quoting *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002)). "In making this determination, the court must not weigh the evidence, but should simply ask whether the plaintiff has presented sufficient evidence to support the jury's conclusion. *Id*. (citing *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227–28 (9th Cir. 2001)).

On a motion for new trial, the Court has the power to determine that the verdict is "against the weight of the evidence" and the duty to grant a new trial if it so finds. *S. Pac. Co. v. Guthrie*, 186 F.2d 926, 932-33 & nn.10-11 (9th Cir. 1951). The Court also has the power to grant a motion for new trial or remittitur if the damages are excessive. *Fenner v. Dependable Trucking Co.*, 716 F.2d 598, 603 (9th Cir. 1983). "When the court, after viewing the evidence concerning damages in a light most favorable to the prevailing party, determines that the damages award is excessive, it has two alternatives. It may grant defendant's motion for a new trial or deny the motion conditional upon the prevailing party accepting a remittitur." *Id*.

### III. DISCUSSION

#### A. Bad Faith

"To breach the implied obligation of good faith and fair dealing, an insurance company must unreasonably act or fail to act in a manner that deprives the insured of the benefits of the policy. To act unreasonably is not a mere failure to exercise reasonable care. It means that the insurer must act or fail to act without proper cause. However, it is not necessary for the insurer to intend to deprive the insured of the benefits of the policy." CACI No. 2330.

In the context of National Union's original motion for judgment as a matter of law, the Court reviewed the evidence and concluded there was a legally sufficient evidentiary basis for a jury to find that National Union acted in bad faith. National Union has not presented any new evidence or new argument since then. Instead, National Union continues to assert that its

Case No.: 5:17-cv-00489-EJD
ORDER DENYING DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER
OF LAW, OR IN THE ALTERNATIVE, A LIMITED NEW TRIAL OR REMITTITUR
2

coverage decisions, if wrong, demonstrate nothing more than negligence or an honest mistake. It was well within the province of the jury to reject National Union's explanation for its conduct. The Court explicitly instructed the jury in this case that "[a] finding of a breach of the covenant of good faith and fair dealing cannot be based upon an honest mistake or negligence." Jury Instructions at 20:14-15. The jury thus considered but ultimately rejected the notion that National Union made an honest mistake or was negligent. There is substantial evidence in the record to support the jury's verdict.

### B. Proof of Bad Faith Damages

National Union contends that Yahoo has failed to meet its burden to show the amount of fees it incurred to establish its right to the contract benefits it recovered through this litigation. National Union argues, as it did before, that Mr. Tepstein did not perform a *Brandt* fee allocation and lacked the knowledge, expertise or experience to do so. National Union also argues that Mr. Tepstein was unable to explain the redactions that were made to invoices. National Union further contends that some of the invoice entries (a) describe tasks that do not qualify for fees under *Brandt* or (b) are a mixture of tasks that are qualified and not qualified for fees under *Brandt*. National Union also contends that the jury's award is excessive and that the maximum amount of *Brandt* fees Yahoo can recover is $9,500, the amount counsel charged Yahoo to write a letter requesting reconsideration of National Union's denial of coverage.

The court finds that Yahoo presented a legally sufficient evidentiary basis for its claimed *Brandt* fees. Yahoo's fee invoices, Exhibit 512, were admitted into evidence without objection. *See* May 1, 2019, Tr. at 301:18-19. Mr. Tepstein, Yahoo's in-house attorney, testified that he was responsible for managing Yahoo's litigation, both offensively and defensively. *Id*. at 228:8-10. He testified that he was familiar with the services that outside counsel provided and it was his understanding the invoices were for the *Brandt* fees Yahoo was claiming in the case. *Id*. at 334:15-17, 404:23-405:1. He also testified that he had an understanding of the *Brandt* decision and what was recoverable as *Brandt* fees. *Id*. at 403:4-8. He testified that he understood that the

Case No.: 5:17-cv-00489-EJD
ORDER DENYING DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, A LIMITED NEW TRIAL OR REMITTITUR
3

redacted portions of the invoices were for amounts or activities that Yahoo did not think were appropriately subject to a damage claim. *Id*. at 299:20-22. Mr. Tepstein further confirmed that he paid the invoices Yahoo presented as evidence. *Id*. at 301:12-301:14. The evidence summarized above is largely uncontroverted. At trial, National Union chose not to cross-examine Mr. Tepstein about the reasonableness or accuracy of the figures in Exhibit 512. National Union did not challenge any invoice entries as unwarranted or excessive. National Union cannot now contend for the first time that Yahoo is entitled to only $9,500 because National Union did not assert this argument in its Rule 50(a) motion. *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) ("a proper post-verdict Rule 50(b) motion is limited to the grounds asserted in the pre-deliberation Rule 50(a) motion.").

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Dated: November 25, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-00489-EJD
ORDER DENYING DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, A LIMITED NEW TRIAL OR REMITTITUR
4